# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

| | | |
|---|---|---|
| 1330 OLD RIVER, LLC<br>d/b/a RocBar<br>1330 Old River Road<br>Cleveland, Ohio 44113 | : | Case No. 1-08-MC-00019 |
| | : | Judge S. Arthur Spiegel |
| Applicant, | : | |
| v. | : | |
| AMERICAN SOCIETY OF<br>COMPOSERS, AUTHORS<br>AND PUBLISHERS,<br>2675 Paces Ferry Road, S.E., Suite 350<br>Atlanta, Georgia 30339 | : | |
| Respondent. | | |

*related to*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civ. Action No. 41-1395 (WCC) |
| Plaintiff, | : | |
| v. | : | |
| AMERICAN SOCIETY OF<br>COMPOSERS, AUTHORS AND<br>PUBLISHERS, | : | |
| Defendant. | : | |

### STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced, or exhibited by and between the parties to the above proceeding ("Proceeding") that relate to the

COPIES MAILED TO COUNSEL OF RECORD 9/3/08

parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party making the production deems confidential; and

WHEREAS, it has been agreed by and among the parties in the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Southern District of New York; and

WHEREAS, the parties agree that this Protective Order shall not bear on the issue of which court, either the Southern District of New York or the Southern District of Ohio, has jurisdiction of this matter; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

IT IS HEREBY ORDERED THAT:

1.  This Protective Order shall govern all documents, the information contained in such documents, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party in this Proceeding ("Supplying Party") to any other party ("Receiving Party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Protective Order.

2.  Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions by signing a Certification, in the form

annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.

3.　　　　Any Supplying Party shall, through counsel, have the right to identify and designate as "CONFIDENTIAL" or "RESTRICTED" any document or other materials it produces or provides (whether pursuant to Federal Rules of Civil Procedure 26 and 34, pursuant to subpoena, or by agreement between the Supplying Party and the Receiving Party), or any testimony given in this Proceeding, which testimony or discovery material is believed by that Supplying Party to constitute, reflect, or disclose its confidential and proprietary information (all of which is hereafter referred to as "Designated Material").

4.　　　　"Confidential Information" means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer, or information otherwise revealed. In designating material as "CONFIDENTIAL," the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(7). Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" unless Confidential Information is contained in the particular edition of such being designated.

5.　　　　Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**CONFIDENTIAL**

6. Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

7. A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" information disclosed at a deposition taken in connection with this Proceeding by:

    a. designating testimony, given by it or its present or former employees, officers, directors, partners, representatives, or any experts, as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

    b. notifying the Receiving Party in writing, within fifteen (15) calendar days of receipt of the transcript of a deposition, given by it or its present or former employees, officers, directors, partners, representatives, or any experts, of specific pages and lines of the transcript that are designated as "CONFIDENTIAL"; or

    c. identifying testimony as "CONFIDENTIAL" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employees, officers, directors, partners, representatives, or any experts, and containing Designated Material designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody, or control.

8. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

      a.      outside counsel employed by the Receiving Party to assist in the Proceeding; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; any in-house attorney of record in the Proceeding; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

      b.      such officers and employees of the Receiving Party, as outside counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

      c.      any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

      d.      the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding; and

      e.      stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

9.      Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

10.      Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party is obligated to give immediate written notice to that original Supplying Party of such subpoena or other notice. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 may compromise and/or jeopardize the Supplying Party's business interests ("Restricted Information") such that the Supplying Party may deem such Restricted Information to require greater limitations on disclosure than are set forth in paragraph 8 above. The Supplying Party may designate such Restricted Information by marking the first page of the document and each subsequent page thereof containing Restricted Information and any answer as follows:

**RESTRICTED**

14. All the provisions set forth above in paragraphs 4, 6, 7, 10, and 11 applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be limited to the following persons:

a. outside counsel and any attorney of record in the Proceeding; the attorneys, paralegals, assistants, and stenographic and clerical employees in the respective firms engaged as outside counsel or outside consultants or experts; the personnel supplied by any

independent contractor (including litigation support service personnel) with whom outside counsel may work in connection with the Proceeding;

  b. any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

  c. the Court and any members of its staff to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court with respect to the Proceeding;

  d. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

  e. Michael Tricarichi.

15. Persons having knowledge of Restricted Information by virtue of their participation in the conduct of the Proceeding shall use that Restricted Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Restricted Information for any other purpose nor disclose such Restricted Information to any person who is not listed in paragraph 14 of this Protective Order.

16. Counsel shall take all reasonable and necessary steps to ensure the security of any Restricted Information and will limit access to Restricted Information to those persons listed in paragraph 14 of this Protective Order. Restricted Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 14 above.

17. Prior to the disclosure of any Designated Material to any person identified in paragraphs 8 or 14 above (other than the Court and its staff, any counsel of record, or

-7-

stenographic employees and court reporters recording or transcribing testimony), such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain a file of them and shall make the file available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

18.     Any Supplying Party may redesignate under paragraphs 5, 7 or 13 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall (a) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order, (b) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order, and (c) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8 or 14 above.

19.     Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 8 or 14 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to

- 8 -

disclose, to whom it wishes to make disclosure, and the reasons and purposes for the disclosure. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or facsimile transmission) within fifteen (15) calendar days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. Failure so to respond within such fifteen-day period shall constitute consent to the request. If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL" or "RESTRICTED" unless and until differing treatment is directed pursuant to order of the Court.

20.   Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL" or "RESTRICTED" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, or facsimile transmission) to such objection in writing by either: (a) agreeing to remove the designation, or (b) stating the reasons why it made the designation. If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the materials in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. The materials in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

21.   Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying

upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material, except as provided in this Protective Order.

22. Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the Supplying Party from redesignating said document or information as "CONFIDENTIAL" or "RESTRICTED" at a later date. Disclosure of said document or information by any party prior to such later redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8 or 14 above.

23. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Such redesignation shall be effective only as of the date of such redesignation (and subject to all the other provisions hereof); provided, however, that the Receiving Party shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8 or 14 above. Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendency of any

motion challenging the redesignation so long as the motion is made within five (5) business days of receipt of notice of redesignation.

24.  Except as agreed in writing by counsel of record, to the extent that any Designated Material is, in whole or in part, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix, or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition, which reflects or contains Designated Material shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Designated Material, shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in sealed envelopes and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified on the outside of the sealed envelope with the caption of this action, a general description of the sealed contents, and the following statement:

> **CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
> Contents are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

25.  If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

26.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

27.     Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; alternatively, the Receiving Party may elect to destroy the Designated Material. Notwithstanding the foregoing, outside counsel of record may retain one copy of any document produced, deposition transcript and exhibit, discovery response, attorney work product memorandum or other material, and court-filed document, that constitutes, contains, or incorporates Designated Material. Such retained material shall remain subject to the terms of this Protective Order. At the written request of the Supplying Party, any person or entity having custody or control of Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof (except for the copies that outside counsel of record may retain as stated above) have been delivered or destroyed in accordance with the terms of this Protective Order.

28.     If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure, and make every effort to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

29.     In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 8 or 14 hereof, all parties acknowledge

- 12 -

that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

30. The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties or order of the Court. The parties shall be free to use any Designated Material at trial and any appeals related to this Proceeding, but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

31. Data produced in electronic form may be designated as Confidential Information or Restricted Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5 or 13. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If the Receiving Party prints out electronic data that is Designated Material but that does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

32. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

33. Pursuant to Section IX(I) of the Second Amended Final Judgment entered in the above-captioned action:

a. The Department of Justice ("Department") may make a written request for copies of any documents, deposition transcripts or other products of discovery ("products of

discovery") produced in the proceeding. If the Department makes such a request to a party other than the party who produced materials in the proceeding or to a deponent ("the producing party"), the Department and the party to whom it directed the request shall provide a copy of the request to the producing party. The producing party must file any objection to the request with the Court within thirty (30) days of receiving the request; if the producing party does not file such an objection, the person to whom the Department directed its request shall provide the materials to the Department promptly;

    b. Any party to the proceeding may provide the Department with copies of any products of discovery produced in the proceeding. Any party who provides the Department with copies of any product of discovery shall inform the other parties to the proceeding within fifteen (15) days of providing such materials to the Department. The producing party must file any objection to the production within fifteen (15) days of receiving such notice; and

    c. The Department shall not disclose any products of discovery that it obtains under this order that have been designated as "CONFIDENTIAL" or "RESTRICTED" in good faith or as otherwise protectable under Federal Rule of Civil Procedure 26(c)(7) to any third party without the consent of the producing party, except as provided in the Antitrust Civil Process Act, 15 U.S.C.§ 1313(c)-(d), or as otherwise required by law.

  34. The terms of this Protective Order may be amended or modified by written agreement of the parties, or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

  35. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c).

The parties, by their counsel, hereby consent to entry of the foregoing Order:

Dated: Cleveland, Ohio
      July ___, 2008

HAHN LOESER + PARKS, LLP

By: *Randy J. Hart (n t/r)*
Randy J. Hart (#0046793)
rjhart@hahnlaw.com
200 Public Square, Suite 3300
Cleveland, Ohio 44114
Phone: 216-621-0150
Fax: 216-241-2824

*Attorneys for Applicant 1330 Old River, LLC*

Dated: Cleveland, Ohio
      July ___, 2008

THE GRIFFIN LAW FIRM

By: *[signature]*
Mark D. Griffin (#0064141)
Mark.D.Griffin@gmail.com
175 Honeybelle Oval
Orange, Ohio 44022
Phone: 216-346-7376
Fax: 216-861-6677

*Attorneys for Applicant 1330 Old River, LLC*

Dated: New York, New York
      July _10_, 2008

RICHARD H. REIMER, ESQ. (RR 7878)

*[signature]*
ASCAP
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
rreimer@ascap.com

*Attorneys for Respondent American Society of Composers, Authors and Publishers*

SO ORDERED.

Dated: White Plains, New York
      ~~July ___, 2008~~
      ~~August~~ September 3, 2008

*William C. Conner*
Sr. United States District Judge

-15-

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## CINCINNATI DIVISION

| | |
|---|---|
| 1330 OLD RIVER, LLC<br>d/b/a RocBar<br>1330 Old River Road<br>Cleveland, Ohio 44113<br><br>Applicant,<br><br>v.<br><br>AMERICAN SOCIETY OF COMPOSERS,<br>AUTHORS<br>AND PUBLISHERS,<br>2675 Paces Ferry Road, S.E., Suite 350<br>Atlanta, Georgia 30339<br><br>Respondent. | : Case No. 1-08-MC-00019<br><br>: Judge S. Arthur Spiegel<br>:<br>:<br>:<br> |

*related to*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY OF COMPOSERS,<br>AUTHORS AND PUBLISHERS,<br><br>Defendant. | : Civ. Action No. 41-1395 (WCC)<br>:<br>:<br>:<br>: |

## CERTIFICATION

The undersigned hereby acknowledges that, he or she has read the Stipulated Protective Order filed in the above-captioned action on _____, 2008, understands the terms thereof and agrees

- 16 -

to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Stipulated Protective Order.

_____
Date

_____
Name (typed or printed)

_____