ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>AMERICAN SOCIETY OF COMPOSERS,<br>AUTHORS AND PUBLISHERS,<br><br>　　　　　　　　Defendant. | Civil Action No. 41-1395 (WCC)<br><br><br>**JUDGMENT ORDER** |
| In the matter of the Application of<br><br>REALNETWORKS, INC.,<br><br>　　　　　　　　Applicant,<br><br>for the Determination of Reasonable License Fees. | REDACTED VERSION |

WHEREAS, applicant RealNetworks, Inc. ("RealNetworks") applied to defendant American Society of Composers, Authors and Publishers ("ASCAP") for a blanket license authorizing the public performance of musical works in the ASCAP repertory by means of the following sites and services: Rhapsody, Rhapsody.com, RhapsodyDirect.com, Rhapsody Radio on Comcast, RadioPass, SuperPass, RealNetworks.com, Real.com (including affiliated sites such as RealGuide.com, Rollingstone.com, and Film.com), Listen.com, and Real rTV (collectively, the "Licensed Services");

WHEREAS, ASCAP granted RealNetworks a blanket license for the public performance of musical works in the ASCAP repertory by means of the Licensed Services in accordance with Section VI of the Second Amended Final Judgment ("AFJ2") entered herein;

COPIES MAILED TO COUNSEL OF RECORD

WHEREAS, the parties were unable to reach agreement on the reasonable fees for the license requested, and ASCAP applied to this Court, in accordance with Section IX(A) of AFJ2, for the determination of reasonable license fees; and

WHEREAS, the Court held a trial on these matters between October 25 and November 15, 2007, and, upon due consideration of all the evidence and argument submitted by the parties, issued its Opinion and Order on April 14, 2008 (the "Opinion and Order") determining the reasonable blanket license fees payable for the Licensed Services for the period January 1, 2004 through December 31, 2009 (the "License Term"), and the Court having made subsequent rulings at conferences held on July 16, 2008, September, 10, 2008, December 8, 2008, and December 12, 2008, after having ordered the parties to cooperate in computing the royalties due to ASCAP from RealNetworks for the License Term and in the preparation of a proposed final judgment order effectuating the Opinion and Order;

It is hereby ORDERED, ADJUDGED, AND DECREED that:

**License Fees and Payments**

1.  RealNetworks shall pay ASCAP, as reasonable final blanket license fees for the Licensed Services ("License Fees") for the License Term, amounts determined by multiplying:

    a.  For the Rhapsody subscription service,

        i.  The total domestic United States subscription revenue of Rhapsody plus "Download Partner" revenue attributable to RealNetworks' Music Group, less associated customary deductions for advertising sales commission and/or traffic acquisition costs; by

        ii. a fraction (the "Rhapsody Adjustment"), the numerator of which is the total number of plays of audio music streams and music video

                streams to users by means of the Rhapsody subscription service ("Rhapsody Music Streams"), and the denominator of which is the total number of Rhapsody Music Streams plus the total number of conditional downloads transmitted to users by means of the Rhapsody subscription service; by

        iii.    the rate of 2.5%; and

b.    For the SuperPass subscription service for the period January 1, 2006 through December 31, 2009, and calculated on a month-by-month basis,

        i.    The total domestic United States revenue of SuperPass, less associated customary deductions for advertising sales commission and/or traffic acquisition costs; by

        ii.    a fraction (the "SuperPass Adjustment"), the numerator of which is the total number of hours of content streamed to users in each month by means of the music radio portion of the SuperPass subscription service ("SuperPass Music Hours"), and the denominator of which is the total number of SuperPass Music Hours plus the total number of hours all other content is streamed to users by means of the SuperPass subscription service; by

        iii.    the rate of 2.5%; and

c.    For the SuperPass subscription service for the period January 1, 2004 through December 31, 2005, and calculated on a month-by-month basis,

        i.    The total domestic United States revenue of SuperPass; by

    ii.  a fraction that is equal to the SuperPass Adjustment fraction for the period January 1, 2006 through December 31, 2006; by

    iii.  the rate of 2.5%; and

  d. For what has been deemed by the Court to be advertising revenue of RealNetworks's Music Group and Media Software and Services Group,

    i.  The domestic United States "Download Partner" revenue of the Media Software and Services Group derived from the downloads of the RealPlayer software from RealNetworks's websites, plus the total domestic United States advertising revenue of the Music Group and Media Software Services Group, including "Third Party Products" revenue, excluding revenue contained in the preceding subparagraphs, and less associated customary deductions for advertising sales commissions and/or traffic acquisition costs; by

    ii.  a fraction (the "MSS and Music Group Advertising Music Use Adjustment Factor"), the numerator of which is the total number of hours that non-subscription, on-demand, and radio music is streamed to users from RealNetworks's web pages on the Licensed Services ("Music Hours"), and the denominator of which is the total number of hours users spend with RealNetworks's web pages on the Licensed Services, based on data reported by comScore Media Metrix ("comScore"); by

    iii.  the rate of 2.5%; and

4

      e.    For other revenue of RealNetworks's Music Group and Media Software and Services Group,

           i.    The total domestic United States revenue of RealNetworks, excluding revenue contained in the preceding subparagraphs, excluding revenue of the Technology Products and Solutions and Games business units, and excluding revenues from software/hardware sales and permanent song downloads and less associated customary deductions for advertising sales commissions and/or traffic acquisition costs; by

           ii.    the rate of 2.5%.

2.    Pursuant to AFJ2 § IX, the Court determines that the following amounts derived from the formula set forth in Paragraph 1 above are reasonable final blanket license fees for the Licensed Services, and, accordingly, RealNetworks shall pay ASCAP the following amounts:

      a.    $1,865,604 for the period January 1, 2004 through December 31, 2004;

      b.    $1,923,487 for the period January 1, 2005 through December 31, 2005;

      c.    $2,070,908 for the period January 1, 2006 through December 31, 2006;

      d.    $2,552,684 for the period January 1, 2007 through December 31, 2007;

and

      e.    $ 562,071 for the period January 1, 2008 through March 31, 2008.

For the avoidance of doubt, a chart setting forth the basis for these license fee amounts is attached hereto as Exhibit A. The amounts payable under this Paragraph shall be adjusted to reflect interim license fees previously paid by RealNetworks to ASCAP for the Licensed Services for this period.

3.    For the period April 1, 2008 through December 31, 2009, RealNetworks shall pay ASCAP the amounts determined in accordance with the formula set forth in Paragraph 1 above, as reasonable final blanket license fees for the Licensed Services. The amounts payable under this Paragraph 3 shall be adjusted to reflect interim license fees previously paid by RealNetworks to ASCAP for the Licensed Services for this period.

4.    RealNetworks shall pay ASCAP all amounts accruing under Paragraph 2 above within 30 days after entry of this Judgment Order by the clerk of this Court. RealNetworks shall pay ASCAP the amounts accruing under Paragraph 3 above on a quarterly basis, on or before thirty (30) calendar days after the end of each calendar quarter (i.e., January 30, April 30, July 30, October 30) associated with the amount.

5.    RealNetworks shall pay ASCAP interest on the License Fees accruing under Paragraphs 2 and 3 above on a 4% per annum compound interest basis from the dates the License Fees accrued until the dates they are fully paid. For the avoidance of doubt, the License Fees set forth in Paragraph 2(a), (b), (c), (d), and (e) shall be deemed to have accrued on December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and March 31, 2008, respectively. For the further avoidance of doubt, the License Fees under Paragraph 3 shall be deemed to accrue thirty (30) calendar days after the end of each of their respective calendar quarters (i.e., January 30, April 30, July 30, October 30).

6.    Notwithstanding any of the provisions set forth in this Judgment Order, execution of the Judgment Order shall be stayed pending determination of any appeal taken from Judgment Order, and upon RealNetworks taking of a supersedes bond in the full amount of the license fees set forth in Paragraphs 1, 2, and 3, in accordance with Federal Rule of Civil Procedure 61(d).

**License Fee Reports**

7.     Together with its License Fee payments in accordance with Paragraph 3 above, RealNetworks shall simultaneously provide ASCAP with statements setting forth RealNetworks's revenues and data necessary to calculate the License Fees (the "License Fee Reports").

8.     The data contained in RealNetworks's License Fee Reports shall be derived from documents kept by RealNetworks in the ordinary course of its regularly conducted business, and an officer of RealNetworks shall certify RealNetworks's License Fee Reports.

**Music Use Reports**

9.     Upon ASCAP's written request, RealNetworks shall provide ASCAP with music use reports regarding the musical works contained in RealNetworks's audio-only and audiovisual streams in a calendar quarter (the "Music Use Reports") that contain data and that are in a format sufficient for ASCAP to make distributions to its members. The Music Use Reports shall be in a format agreed upon by the parties or ordered by the Court.

10.     RealNetworks shall make good faith efforts to furnish the information requested in electronic form, employing such commercially practicable technology as may be available for monitoring music use on RealNetworks, or such other means or methods upon which RealNetworks and ASCAP agree.

**Audits**

11.     ASCAP and its authorized representatives may, at any time during customary business hours and upon thirty (30) days prior written notice, examine the books, records, and electronic files of accounts in the custody or control of RealNetworks necessary to verify the License Fees, License Fee Reports, Music Use Reports, and any other statements rendered and

accountings made by RealNetworks. Any information ASCAP may obtain from such audits shall be treated as confidential. ASCAP shall have the right to conduct one complete audit of RealNetworks per year. ASCAP may initiate more than one audit in a year if ASCAP was unable to complete an earlier audit at the request of or due to the actions of RealNetworks.

12. In the event that an audit reveals that RealNetworks underpaid ASCAP by ten percent (10%) or more, then RealNetworks shall pay a late payment charge on the additional fees due as a result of the audit of one-and-one-half percent (1 1/2%) per month, from the dates the fees should have been paid. In the event that an audit reveals that RealNetworks underpaid ASCAP by less than ten percent (10%), then RealNetworks shall pay a late payment charge on the additional fees due as a result of the audit of one-and-a-half percent (1 1/2%) per month from the date ASCAP bills RealNetworks for such additional fees.

**Miscellaneous**

13. RealNetworks shall pay a late payment charge of one-and-one-half percent (1 1/2%) per month from the due date on any required payment that is not made within thirty (30) days of its due date.

14. The Licensed Services do not include RealNetworks's operations currently booked to the Technology Products and Solutions and Games business units, for which RealNetworks has not applied to ASCAP for a license and as to which ASCAP reserves all of its rights and remedies.

15. RealNetworks shall notify ASCAP in writing of any new RealNetworks sites or services that publicly perform music that are not Licensed Services.

16.  This Court retains continuing jurisdiction over the above-captioned proceeding for the purpose of hearing applications and making orders necessary or appropriate for this Judgment Order.

SO ORDERED.

Dated: White Plains, New York
       January 21, 2009

*William C. Conner*
Sr. United States District Judge

**RealNetworks license fees (2004 - 1Q2008)**

REDACTED