ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,                :
                        Plaintiff,       :   Civil Action
                                             No. 41-1395 (WCC)
           - against -                   :

AMERICAN SOCIETY OF COMPOSERS, AUTHORS   :
AND PUBLISHERS, et al.,
                                         :   **MEMORANDUM**
                        Defendants.          **AND ORDER**
- - - - - - - - - - - - - - - - - - - X
In the Matter of the Application of      :
YAHOO! INC.,
                                         :
                        Applicant,
                                         :
for the Determination of Reasonable
License Fees.                            :
- - - - - - - - - - - - - - - - - - - X

**CONNER, Sr. D.J.**:

Yahoo! Inc. ("Yahoo!") moves, pursuant to Local Rule 6.3, for reconsideration of this Court's Opinion (the "Opinion"), dated April 14, 2008[1] and corresponding Judgment Order, dated January 14, 2009.[2] For the reasons set forth below, Yahoo!'s motion is denied.

The facts of the underlying rate court proceeding are laid out at length in the Opinion, familiarity with which is presumed. A motion for reconsideration may be granted only if the

---

[1] The Opinion was filed under seal; a redacted version was subsequently issued on April 30, 2008. *See United States v. ASCAP*, 562 F. Supp. 2d 413 (S.D.N.Y. 2008) (Conner, J.).

[2] The Judgment Order was also filed under seal; a redacted version was subsequently entered on January 23, 2009.

-1-

COPIES MAILED TO COUNSEL OF RECORD 3/11/09

court has overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Greenwald v. Orb Commc'ns & Mktg., Inc.*, 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) (internal quotation marks and citation omitted); *see also* S.D.N.Y. LOCAL CIV. R. 6.3. Controlling decisions include decisions from the Supreme Court of the United States and the United States Court of Appeals for the Second Circuit. *See Ades v. Deloitte & Touche*, 843 F. Supp. 888, 892 (S.D.N.Y. 1994); *Gordon v. Volt Info. Servs.*, 2000 WL 1358646, at *1 (S.D.N.Y. Sept. 20, 2000). Local Rule 6.3 should "be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments it offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Yahoo! bases its motion on the following arguments: (1) the Order is not economically viable for Yahoo! and is therefore manifestly unjust; (2) the structure adopted by the Court results in an unreasonable fee; and (3) Yahoo's agreement with Broadcast

Music, Inc. ("BMI") presents "the best" structure for determining a reasonable fee in this case. (*See* Yahoo! Mem. Supp. Mot. Recons.) After due consideration of Yahoo!'s motion, it appears that Yahoo! has not shown that the Court overlooked any relevant evidence before it or any controlling decisions which might have altered the result reached by the Court in the Opinion and Judgment Order. Rather, Yahoo!'s motion is based on evidence and arguments that were, or could have been, presented before. Accordingly, Yahoo!'s motion for reconsideration (Doc. #256) is denied.

SO ORDERED.

Dated:  White Plains, New York
        March 11, 2009

*William C. Conner*
WILLIAM C. CONNER, Senior U.S.D.J.