UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, et al.,<br><br>　　　　　　　　Defendants,<br><br>In the Matter of the Application of POST-NEWSWEEK STATIONS, INC., et al.,<br><br>　　　　　　　　Applicants,<br><br>For the Determination of Reasonable License Fees. | 41 CV 1395 (DLC)(MHD) |

**MEMORANDUM IN SUPPORT OF
ASCAP'S MOTION TO ENFORCE THE COURT'S
NOVEMBER 17, 2004 ORDER AGAINST WEIGEL
BROADCASTING CO., WCIU-TV LIMITED PARTNERSHIP,
<u>WDJT-TV LIMITED PARTNERSHIP AND MADISON HALSTED LLC</u>**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064

and

Richard H. Reimer, Esq.
Christine A. Pepe, Esq.
One Lincoln Plaza
New York, New York 10024

*Attorneys for the American Society of Composers, Authors and Publishers*

The American Society of Composers, Authors and Publishers ("ASCAP") submits this memorandum in support of its motion to enforce the November 17, 2004 Order of this Court against Weigel Broadcasting Company, WCIU-TV Limited Partnership, WDJT-TV Limited Partnership, and Madison Halsted LLC (collectively, "Weigel").

## Preliminary Statement

This motion seeks enforcement of this Court's Order entered in *In the Matter of the Application of Post-Newsweek Stations, Inc., et al.*, dated November 17, 2004 (the "2004 Order"), approving the ASCAP Local Station Blanket Television License (the "ASCAP Blanket License") and the Local Station Per Program Television License (the "ASCAP Per Program License"), covering the period April 1, 1998 through December 31, 2009 ("License Period") and directing each "Bound Station" to pay license fees to ASCAP in an amount calculated by the Television Music License Committee ("TMLC") in accordance with a fee allocation formula approved by this Court. As shown below, WCIU-TV and WDJT-TV are "Bound Station[s]" pursuant to the Court's Order, and therefore, are bound by the terms and conditions of the Order and the ASCAP Blanket License.

Nevertheless, Weigel has refused to pay ASCAP the fees owed under that license pursuant to the TMLC allocation formula, making only woefully deficient, sporadic payments. From 1998 until now, Weigel has consistently argued—without any legitimate basis—that it should be treated differently than all of the other commercial television stations licensed by ASCAP pursuant to this Court's Order. In a rate proceeding initiated by Broadcast Music Inc. ("BMI"), Weigel attempted to make this

very same argument, and Judge Stanton rejected Weigel's argument. *See Broadcast Music, Inc. v. Weigel Broadcasting Co.*, 488 F.Supp.2d 411 (S.D.N.Y. 2007), *aff'd*, No. 07-4998-CV, 2009 WL 2448191 (2d Cir. Aug. 11, 2009). On August 11, 2009, a panel of the Second Circuit summarily affirmed Judge Stanton's ruling that Weigel's stations were similarly situated to all other local stations subject to the TMLC's formula, and thus required to pay BMI the fees allocated to the Weigel stations under the BMI/TMLC license agreement. *See Broadcast Music, Inc. v. Weigel Broadcasting Co.*, No. 07-4998-CV, 2009 WL 2448191 (2d Cir. Aug. 11, 2009).

Accordingly, ASCAP respectfully requests that this Court enforce its Order and enter judgment against Weigel in the amount of $1,514,177.85, the total amount owed to ASCAP for the Weigel television stations under the ASCAP Blanket and Per Program Licenses through July 31, 2009.

## FACTUAL BACKGROUND

A.  **The ASCAP/TMLC Negotiations and ASCAP's Compliance with this Court's November 17, 2004 Order**

On November 17, 2004, this Court entered an Order in the *Post-Newsweek Stations* proceeding, approving the ASCAP Blanket and Per Program Licenses, and ordering each Bound Station to pay the license fees as calculated in accordance with the provisions of the TMLC's license fee allocation formula.[1] (*See* Declaration of Ray Schwind ("Schwind Decl.") dated August 14, 2009, ¶ 2-3; *see also* 2004 Order, Exhibit 1 at ¶3).[2] The 2004 Order also required that ASCAP mail both licenses to each Applicant

---

[1] On October 27, 2005, upon the TMLC's showing of good cause, the Court issued an Order revising the allocation formula governing the industry-wide license fees to be paid to ASCAP pursuant to the ASCAP local television station licenses. (*See* Schwind Decl. ¶4; Ex. 2).

[2] The exhibits relied upon and cited in this Memorandum are submitted as exhibits to the accompanying Declaration of Ray Schwind and are referred to herein as "Ex. ___."

or "other local television station owner that has agreed to be bound by the outcome of this proceeding or negotiation on behalf of Applicants by the Television Music License Committee (the 'TMLC') (collectively, 'Bound Stations')". (Schwind Decl. ¶ 5; Exhibit 1, ¶2). The 2004 Order also provided that "if any Bound Station fails to return either of such agreements to ASCAP, said Applicant shall be deemed to have elected to be licensed under the form of License it operated under as of the date of this Order." (Schwind Decl. ¶6; Ex. 1 at ¶2).

Under Paragraph 4 of the Order, the Court retained jurisdiction for the purpose of "entering money judgments, on ASCAP's application, against designated Applicants on account of license fees due and owing under the terms of the Licenses." (Schwind Decl. ¶7; Ex. 1 at ¶4). Paragraph 5 of the Order also provides that the Court retains continuing jurisdiction "for the purpose of enforcing this Order and the terms, conditions and obligations of the Licenses." (Schwind Decl. ¶7, Ex. 1 at ¶5).

The Court's Order marked the conclusion of negotiations between ASCAP and the TMLC. (*See* Schwind Decl. ¶9). At the time of the Order, ASCAP provided the TMLC with a list of local television stations that were paying fees pursuant to the then-effective ASCAP blanket licenses. (See Schwind Decl. ¶9; Ex. 5, October 4, 2004 email from ASCAP's Ray Schwind to the TMLC's Alix Steier, attaching a list of stations, including WCIU-TV and WDJT-TV, to be included in the TMLC's initial fee allocation formula provided for in the 2004 Order). Shortly after the Court entered its 2004 Order, the TMLC provided ASCAP with the stations' allocated monthly license fee for December 1, 2004 to December 31, 2005. (*See* Schwind Decl. ¶10; Ex. 6, November 29, 2004 email from A. Steier to R. Schwind, attaching a list of stations, including WCIU-TV

4

and WDJT-TV, and their corresponding license fees under the 2004 ASCAP Blanket License).

On December 17, 2004, ASCAP mailed to all stations on the TMLC's list, including WCIU-TV and WDJT-TV, the new ASCAP Blanket and Per Program Licenses, but, as discussed in more detail below, Weigel refused to execute either license. (*See* Schwind Decl. ¶11; Ex. 7, letter sent to the Stations, including copies of the ASCAP Local Blanket and Per Program Licenses).

**B.    Weigel's Television Stations and Its Dealings with ASCAP**

According to F.C.C. records, WCIU-TV Limited Partnership is the F.C.C. licensee of television station WCIU-TV in Chicago, Illinois. WDJT-TV Limited Partnership is the F.C.C. licensee of television station WDJT-TV, in Milwaukee, Wisconsin. Also according to F.C.C. records, Madison Halsted LLC is the owner of the Stations. Howard Shapiro is the Chairman and Director of Madison Halsted LLC; his son, Norman Shapiro is the President.[3]  (Schwind Decl. ¶12).

Both WCIU-TV and WDJT-TV (collectively "the Stations") held an ASCAP Local Station Blanket Television License Agreement for the license term ending March 31, 1998. (*See* Schwind Decl. ¶13; Exs. 3 and 4, ASCAP licenses for the Stations

---

[3]  The last ASCAP licenses were signed by Weigel Broadcasting Company, and Weigel Broadcasting Company holds itself out as the "licensee" of the stations (*See* Schwind Decl. Ex. 8). We are therefore naming Weigel Broadcasting Company and its various related entities as the parties against whom we are seeking judgment because it appears that they would all be jointly and severally liable. *See, e.g., Tesoro Petroleum Corp.* v. *Holborn Oil Co.*, Ltd., 118 A.D.2d 506, 507 (N.Y. 1st Dep't 1986) (holding that parent was properly named as a defendant where the parent had treated the subsidiary as a department rather than fully independent subsidiary); *Baker* v. *Chock Full O'Nuts Corp.*, 30 A.D.2d 329, 331 (N.Y. 1st Dep't 1968) (holding that the parent and the subsidiary were equally liable on the contract sued upon because the contract had been entered into by the subsidiary for the benefit and with the full endorsement and approval of the parent).

5

executed by Weigel Broadcasting Company). Despite having executed these licenses, Weigel failed to pay ASCAP license fees for the Stations pursuant to the TMLC allocation formula.

For the interim license period beginning April 1, 1998, while ASCAP and the TMLC were engaged in negotiations, most television stations were represented by the TMLC. (Schwind Decl. ¶8). On May 12, 1998, Weigel requested an ASCAP license for the Stations, but took the position that it was not represented by the TMLC, and therefore, was not bound by any agreement negotiated by the TMLC with ASCAP. (*See* Schwind Decl. ¶14; Ex. 8, May 12, 1998 letter from Joel H. Levy, Weigel's attorney, to ASCAP's Ray Schwind).

For the period beginning April 1, 1998 and in response to Weigel's request for a license, ASCAP offered Weigel the option of continuing to be licensed under the terms of the blanket license ending March 31, 1998, and paying interim license fees calculated in accordance with those fees. (*See* Schwind Decl. ¶15; Ex. 9, June 9, 1998 letter from R. Reimer (in-house counsel for ASCAP) to Joel Levy, attorney for Weigel). Under this proposal, the interim license fees would be subject to retroactive adjustment for the period beginning April 1, 1998 under any new agreement between ASCAP and Weigel, or pursuant to court order. Weigel rejected these offers and refused to pay ASCAP according to the TMLC's industry wide fee allocation formula, arguing that the Stations should be treated differently and that the TMLC's fee allocation formula was inappropriate. (Schwind Decl. ¶15).

From 1998 until present, ASCAP has attempted—unsuccessfully—to persuade Weigel to pay the TMLC allocated license fees on a timely basis. ASCAP advised Mr.

6

Shapiro that: "WDJT-TV and WCIU-TV are local, commercial television stations that are similarly situated with other local, commercial television stations in their respective markets. As such, they should be treated in the same manner as all other licensed local commercial television stations." (Schwind Decl. ¶16; Ex. 10, April 12, 1999, Letter to Weigel Chairman Howard Shapiro from Ray Schwind; *see also* Exs. 11-14, letters from ASCAP to Weigel attempting to persuade Weigel to pay the required license fees to ASCAP). While continuing to use ASCAP's music, Weigel has maintained its position that it should be treated differently from all other similarly situated stations.

## ARGUMENT

A.  **Weigel's Position Rejected-**
    ***Broadcast Music, Inc. v. Weigel Broadcasting Co.***

Not surprisingly, Weigel took the same position *vis-à-vis* its license fees owed to Broadcast Music Inc. ("BMI") as it has with respect to ASCAP's fees. BMI sought relief under the Court's rate-setting authority under the BMI Consent Decree. (Schwind Decl. ¶9). On May 30, 2007, in a proceeding initiated by BMI against Weigel, Judge Stanton directed Weigel to pay BMI the rates established by the BMI/TMLC license agreement. *See Broadcast Music, Inc. v. Weigel Broadcasting Co.*, 488 F. Supp. 2d 411 (S.D.N.Y. 2007). Importantly, Judge Stanton rejected Weigel's claims that the TMLC allocation formula was not the proper benchmark to which Weigel's fees should be compared and concluded that Weigel's stations were similarly situated to all other local television stations, and therefore, subject to the TMLC's license fee allocation formula. *Id.*

Weigel appealed Judge Stanton's decision to the Second Circuit. (Appeal No. 07-4998-CV, *Broadcast Music, Inc. v. Weigel Broadcasting Co.*). Just recently, on August

7

11, 2009, a panel for the Second Circuit summarily affirmed Judge Stanton's decision. *Broadcast Music, Inc. v. Weigel Broadcasting Co.*, No. 07-4998-CV, 2009 WL 2448191 (2d Cir. Aug. 11, 2009). There can be no question that ASCAP is entitled to be paid license fees by Weigel in the same manner as BMI is to be paid. Accordingly, ASCAP respectfully requests that the Court enter judgment in favor of ASCAP for fees owed pursuant to the TMLC fee allocation formula as set forth in the 2004 ASCAP Blanket License.

**B.    License Fees Owed by Weigel
       Under the 2004 ASCAP Blanket License**

Under the 2004 ASCAP Blanket License and TMLC's fee allocation formulae, the total license fees posted to the Stations' ASCAP accounts from April 1, 1998 through July 31, 2009 are $3,015,976.00 ($2,395,588.00 for WCIU-TV and $620,388.00 for WDJT-TV[4]); Weigel has paid a total of $1,649.147.60. (*See* Schwind Decl. ¶17, and Ex. 15, summary of amounts owed by Weigel through July 31, 2009 and accompanying accounting statements for the Stations). In addition, the Stations owe ASCAP $124,781.45 in late payment charges ($121,966.85 for WCIU-TV and $2,814.60 for WDJT-TV) and $22,568.00 for the TMLC allocation adjustment ($20,365.00 for WCIU-TV and $2,203.00 for WDJT-TV). (*See* Schwind Decl. ¶17 and Ex. 15). As a result, Weigel owes ASCAP a total of $1,514,177.85 for the Stations ($1,456,569.85 for WCIU-TV and $57,608.00 for WDJT-TV). (*See* Schwind Decl. ¶17 and Ex. 15).

Weigel's failure to pay ASCAP the license fees owed for the Stations is a clear violation of the Court's 2004 Order and the terms and conditions of Weigel's ASCAP

---

[4]  Beginning May 1, 2008, WDJT-TV has been operating under the 2004 ASCAP Per Program License. Nonetheless, Weigel still owes license fees for WDJT-TV pursuant to the 2004 ASCAP Blanket License, under which it was operating until May 1, 2008. (*See* Schwind Decl. ¶ 18; Ex. 16).

8

Licenses—plain and simple. Accordingly, this Court should enforce its Final Order by entering judgment against Weigel.

## Conclusion

For the reasons set forth above and in the accompanying Declaration of Ray Schwind, ASCAP requests that this Court enforce the November 17, 2004 Order and enter judgment against Weigel Broadcasting, Inc., WCIU-TV Limited Partnership, WDJT-TV Limited Partnership and Madison Halsted LLC in the amount owed to ASCAP to date.[5]

Dated: New York, New York
August 20, 2009

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By _____
Jay Cohen
Lynn B. Bayard
Kristy M. Tillman
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3054
Fax: (212) 492-0054
Email: jcohen@paulweiss.com;
lbayard@paulweiss.com; ktillman@paulweiss.com

Richard H. Reimer
Christine A. Pepe
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com; cpepe@ascap.com

*Attorneys for the American Society of Composers, Authors and Publishers*

---

[5] As set forth above, the amount owed to ASCAP to date is $1,514,177.85, which reflects delinquent license fees and assessed late payment charges through July 31, 2009. Should additional amounts become due before ASCAP's proposed order is entered, ASCAP will so advise the Court.

9