UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF HICKS
BROADCASTING OF INDIANA, LLC., ET AL.
(MAINSTREET BROADCASTING COMPANY,
INC.)

09 Civ. 7759 (DLC)

Related to

UNITED STATES OF AMERICA,
                                    Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,
                                    Defendant.

41 Civ. 1395(DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/09

## CONSENT JUDGMENT

WHEREAS, the parties to the above-captioned proceeding having consented to have this Court hear and determine the application of applicants Hicks Broadcasting of Indiana, LLC, et al., for reasonable license fees for licenses from the American Society of Composers, Authors and Publishers ("ASCAP") for periods commencing January 1, 2001; and this Court having issued its Final Order on October 15, 2004, approving the ASCAP 2004 Radio Station License Agreement ("ASCAP License Agreement"), covering the period January 1, 2001 through December 31, 2009 ("the License Period"); and

WHEREAS, pursuant to Paragraph 7 of the Final Order this Court retains continuing jurisdiction for the purpose of enforcing the Final Order, as well as "the terms, conditions and obligations of the ASCAP License Agreement"; and

WHEREAS, Mainstreet Broadcasting Company, Inc. ("Mainstreet") is the F.C.C. licensee of radio station KSPK-FM-Walensburg, Colorado (referred to as "the Station"); and

WHEREAS, Paul Bossert is the President and principal stockholder of Mainstreet; and

WHEREAS, the Station was listed among the "Bound Stations" referred to in Paragraph 2 of the Final Order; and

WHEREAS, pursuant to Paragraph 2 of the Final Order, Mainstreet executed an ASCAP License Agreement for the Station covering the License Period; and

WHEREAS, Mainstreet owes ASCAP $44,754.60 for the Station, representing unpaid license fees and late payment charges for periods through July 31, 2009; and

WHEREAS, ASCAP and Mainstreet have agreed to the entry of this Consent Judgment;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the terms and conditions of the ASCAP License Agreement for the Station, Mainstreet owes ASCAP a total of $44,754.60 ("Judgment Amount") for the Station, representing unpaid license fees and late payment charges for periods through July 31, 2009, and judgment is hereby entered against Mainstreet Broadcasting Company, Inc. in favor of ASCAP in such amount;

2. Mainstreet shall pay to ASCAP the Judgment Amount as follows:

    a. A monthly installment of One Thousand Five Hundred Dollars ($1,500.00) ("Monthly Installment") on or before September 10, 2009, and thereafter, on or before the 10th day of each month, October 10, 2009 through August

       10, 2010, from which the current monthly license fee owed to ASCAP, as determined pursuant to the Station's ASCAP License Agreement in effect at that time, whether a final, interim or extension license, will first be paid; and the remainder of the Monthly Installment will be applied to the Judgment Amount.

   b. The balance of the Judgment Amount plus accrued interest on or before September 10, 2010, provided, however, that if, on that date, Mainstreet is in compliance with the terms and conditions of this Consent Judgment, ASCAP and Mainstreet will negotiate in good faith the terms for payment in reasonable installments of the remainder of the Judgment Amount and any other remaining sums owed to ASCAP, but in amounts not less than the Monthly Installment.

3. If Mainstreet violates the terms and conditions of this Consent Judgment, ASCAP will give Mainstreet written notice of such default. If Mainstreet fails to cure such default within ten business days from the date of ASCAP's notice, ASCAP shall be entitled to have execution issue immediately on this Judgment and without further notice to collect any balance then due pursuant to this Judgment.

4. Failure of a check made payable to ASCAP by Mainstreet to clear for payment constitutes default pursuant to the terms and conditions of this Consent Judgment. Mainstreet will be responsible for all costs incurred by ASCAP in bank fees and penalties that result from the failure of a check made payable to ASCAP by Mainstreet to clear for payment.

5. If pursuant to Paragraph 2(b) above, ASCAP and Mainstreet cannot, despite good faith efforts, reach agreement on the terms for payment in reasonable installments of the remainder of the Judgment Amount and any other remaining sums owed to ASCAP, either party may apply to the court for a determination of reasonable terms for payment.

6. Interest on the Judgment Amount shall accrue at the rate of four percent (4%) per annum (compounded) from the date of entry and shall be calculated in accordance with 17 U.S.C. § 1961; provided, however, that if (i) the Judgment Amount is paid in full by September 10, 2010, and (ii) all monthly payments are made pursuant to Paragraph 2(a), interest on the Judgment Amount shall be waived. *The Clerk of Court shall close the case.*

Dated: Sept. 15, 2009
New York, New York

_____
United States District Judge

We consent to the entry of the foregoing consent judgment:

Dated: 8-26-09

Dated: 8/24/09

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS**

By: _____
Richard H. Reimer
Christine A. Pepe
Attorneys for ASCAP
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6261
Fax: (212) 787-1381

**MAINSTREET BROADCASTING COMPANY, INC.**

By: _____
Paul Bossert, President
516 Main Street
Walsenburg, CO 81089
Phone: (719) 738-3636
Fax: (719) 738-3636

4