```
╔══════════════════════════╗
║ USDC SDNY                ║
║ DOCUMENT                 ║
║ ELECTRONICALLY FILED     ║
║ DOC #: _____ ║
║ DATE FILED: 9/23/09      ║
╚══════════════════════════╝
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF CELLCO
PARTNERSHIP D/B/A VERIZON WIRELESS

Related to

UNITED STATES OF AMERICA,
        Plaintiff

v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,
        Defendant.

09 Civ. 7074 (DLC) (MHD)

**AGREED INTERIM FEE ORDER**

41 Civ. 1395 (DLC)

---

  Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") having applied to the American Society of Composers, Authors and Publishers ("ASCAP") for licenses for the right to perform publicly the musical compositions in ASCAP's repertory via: (i) its ringback tones service; (ii) its ringtones service; (iii) its V CAST Video service; (iv) certain channels of its V CAST Mobile TV service[1]; and (v) its V CAST Music service[2] ("the Verizon Wireless Services"), pursuant to Section IX(A) of the Second Amended Final Judgment herein ("AFJ2"); and Verizon Wireless having applied to this Court for a determination of license fees for the licenses sought by Verizon Wireless; and ASCAP having applied to this Court for a

---

[1] It is ASCAP's position that Verizon Wireless' application for the V CAST Music service includes all of the "V CAST Music with Rhapsody" service, which provides streaming performances over the Internet. It is Verizon Wireless' position that it has not applied for a license for the Rhapsody subscription service, that service is licensed through-to-the-audience by Rhapsody, and the only Internet streaming involved in any of its applications is the streaming of certain previews. Each party reserves its positions.

[2] It is ASCAP's position that Verizon Wireless' application for V CAST Mobile TV includes all channels of the service. It is Verizon Wireless' position that it includes only those channels identified in its March 26, 2008, application letter and not the channels for which MediaFLO has sought a through-to-the-audience license. Each party reserves its positions.

determination of interim license fees for said licenses; and ASCAP and Verizon Wireless having agreed that this Court may fix interim license fees in accordance with Section IX(F) of AFJ2; it is

ORDERED:

1.  a.  Interim license fees for the Verizon Wireless Services shall be as follows: $4,990,000.00 for the period November 11, 2004 through August 31, 2009, and $270,000.00 per calendar month thereafter until otherwise ordered by the Court following a determination of final fees, or as agreed upon by the parties.

    b.  The interim license fees provided for above shall be payable as follows: Verizon Wireless shall pay to ASCAP $4,990,000.00, due fifteen (15) days following entry of this Order; and payment for each calendar month thereafter shall be made no later than fifteen (15) days following the last day of the calendar month to which the payment applies (e.g., payment for the month of September 2009 would be due on October 15, 2009); provided that if the due date falls on a weekend or Federal holiday, the due date shall be the next business day.

2.  The interim license fees provided for by this Order shall be subject to retroactive adjustment at the conclusion of this proceeding to give effect to the final license fees fixed by the Court or agreed upon by the parties for any final licenses issued to Verizon Wireless.

3.  This Order shall not be considered or construed to constitute any expression of opinion by the Court with respect to the contentions of the respective parties and shall in no way influence or affect the determination of (i) the scope, nature or extent of the licenses to be granted herein; (ii) the extent to which a license is necessary for any of the Verizon Wireless Services, (iii) what constitutes reasonable license fees, or (iv) any future interim or final license fees or terms upon the termination of this Order. Similarly, the fact that the parties have consented to the entry of this Order and the payment of interim fees pursuant hereto shall in no

way constitute an admission by any party or influence or affect the determination of any of the foregoing. This Order shall not be admissible for any purpose in any proceeding except in a proceeding to enforce the terms of the Order itself.

4. In directing the aforesaid payments, the Court has not weighed the arguments and contentions of any party as to the nature or extent of the licenses to be granted herein or as to what should constitute reasonable license fees herein. This Order is without prejudice to any position that any party has taken or may seek to take in this proceeding or in the future with respect to determination of final fees.

5. Nothing herein contained shall be construed to require ASCAP to offer licenses to any other users of music at fees equal to the payments that ASCAP and Verizon Wireless have agreed shall be made under the terms of this Order.

SO ORDERED.

Dated: New York, New York
September 23, 2009

_____
United States District Judge

We consent to the entry of the foregoing:

Dated: New York, New York
       September 18, 2009

LOVELLS LLP

By: _____
David Leichtman (DL 7233)
Hillel I. Parness (HP 1638)
590 Madison Avenue
New York, New York 10022
T: (212) 909-0600
david.leichtman@lovells.com
hillel.parness@lovells.com

-and-

Richard H. Reimer, Esq. (RR 7878)
Christine A. Pepe, Esq. (CP 5688)
One Lincoln Plaza
New York, New York 10023
T: (212) 621-6200
rreimer@ascap.com

*Attorneys for American Society of Composers, Authors and Publishers*

Dated: Washington, D.C.
       September 18, 2009

WILEY REIN LLP

By: _____
Bruce G. Joseph (BJ 8345)
Andrew G. McBride (AM 1966)
Michael L. Sturm (MS 3939)
1776 K Street NW
Washington, DC 20006
Tel: (202) 719-7000
Fax: (202) 719-7207
bjoseph@wileyrein.com
amcbride@wileyrein.com
msturm@wileyrein.com
tmccarthy@wileyrein.com

*Attorneys for Cellco Partnership d/b/a Verizon Wireless*