PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000
FACSIMILE (212) 757-3990

LLOYD K. GARRISON   (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS      (1927-1950)
JOHN F. WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3163

WRITER'S DIRECT FACSIMILE
(212) 492-0163

WRITER'S DIRECT E-MAIL ADDRESS
jaycohen@paulweiss.com

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO. 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300
FACSIMILE (86-10) 6530-9070/9080

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300
FACSIMILE (852) 2840-4300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600
FACSIMILE (44 20) 7367 1650

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101
FACSIMILE (81-3) 3597-8120

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300
FACSIMILE (202) 223-7420

MATTHEW W. ABBOTT
ALLAN J. ARFFA
ROBERT A. ATKINS
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON*
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
HENK BRANDS
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHARLES E. DAVIDOW
DOUGLAS R. DAVIS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
JAMES M. DUBIN
ALICE BELISLE EATON
ANDREW J. EHRLICH
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C. FINCH
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
KENNETH A. GALLO
MICHAEL E. GERTZMAN
PAUL D. GINSBERG
ROBERT D. GOLDBAUM
ERIC S. GOLDSTEIN
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
ROBERT M. HIRSH
MICHELE HIRSHMAN
JOYCE S. HUANG
DAVID S. HUNTINGTON
MEREDITH J. KANE
ROBERTA A. KAPLAN
BRAD S. KARP
JOHN C. KENNEDY
ALAN W. KORNBERG

DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
JULIA TARVER MASON
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
TOBY S. MYERSON
JOHN E. NATHAN
CATHERINE NYARADY
ALEX YOUNG K. OH
JOHN J. O'NEIL
KELLEY D. PARKER
ROBERT P. PARKER*
MARC E. PERLMUTTER
MARK F. POMERANTZ
VALERIE E. RADWANER
CAREY R. RAMOS
CARL L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
PETER J. ROTHENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JAMES H. SCHWAB
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
MARILYN SOBEL
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
JUDITH R. THOYER
DANIEL J. TOAL
MARK A. UNDERBERG
LIZA M. VELAZQUEZ
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
T. ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

**MEMO ENDORSED**

April 6, 2010

**By Hand Delivery**

Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street, Courtroom 11B
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/10

*In re Application of the Cromwell Group, Inc., et al.*, 10 Civ. 167(DLC)
related to *U.S.* v. *Am. Soc'y of Composers, Authors and Publishers*, 41 Civ. 1395 (DLC)

Dear Judge Cote:

      On behalf of ASCAP, I write to set forth ASCAP's opposition to the RMLC's April 5, 2010 letter requesting leave to file a supplemental brief.

      First, it is simply inaccurate to state that ASCAP's briefing is inconsistent with any statements that I made at the February 18, 2010 conference. I expressed the view then that, given the complicated issues separating the parties in this proceeding, and the truncated nature of an interim fee proceeding that does not allow for full development of expert and other testimony that will inform the determination of reasonable final fees, the Court should apply the presumption concerning interim fees set forth in AFJ2. That continues to be ASCAP's view.

      Second, although the RMLC now claims to be surprised by ASCAP's expert declarations, we advised the RMLC in connection with our discussions leading up to the conference that we would be submitting declarations on music use and the changes in the radio industry. The RMLC cannot, therefore, fairly claim that it did not anticipate declarations from either Dr. Mourdoukoutas or Ms. Flynn. It is true that we did not initially intend to submit a declaration from our expert economist at this stage of the proceeding. However, the short

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Denise L. Cote                                        2

description of the RMLC's position shared with ASCAP in advance of the briefing did not lead us to anticipate that the RMLC would be submitting a 20 page economist's declaration purporting to recast the parties' 2004 License Agreement as a matter of "economics" and opining not only on interim fees, but on what fees should be through 2013. (Bigelow Dec. at ¶¶ 11, 44-45). ASCAP never intended to forfeit the right to respond directly and appropriately to the RMLC's submission of economic testimony in the reply papers to which the parties stipulated. Given the $100 million cut in interim fees sought by the RMLC, it would be patently unfair to deny ASCAP the opportunity to respond.

Third, Professor Kevin Murphy's declaration is entirely and properly a reply submission. It directly responds to the submissions of the RMLC's economist Dr. John Bigelow, and Messrs. Christian and Cummings. Through their testimony, the RMLC asserts that: (a) the radio industry has suffered an unprecedented decline in revenue; (Bigelow Dec. at ¶¶ 14-23) (b) new media applications are not generating substantial revenues; (Id. at ¶ 35; Christian Dec. at ¶ 12; Cummings Aff. at ¶ 14) and (c) the recent drop in industry revenue alone warrants a $100 million cut in interim fee payments to ASCAP. (Bigelow Dec. at ¶¶ 44-45.) In rebuttal, Professor Murphy states that: (a) the claim that the decline in revenue warrants a $100 million cut in interim fees does not make economic sense; (Murphy Dec. at ¶¶ 14-16); (b) none of the evidence put forth by the RMLC shows any connection between the decrease in revenue and the RMLC Stations' music use or the value of the ASCAP public performance license; (Id. at ¶¶ 17-20); and (c) revenue is a particularly poor proxy for the value of new media applications. (Id. at ¶¶ 21-23.) Professor Murphy did not say anything about the valuation of the ASCAP license or anything else that is not in direct response to the RMLC's initial papers.

To the extent that the RMLC is asserting that ASCAP was somehow obligated to put in all of its evidence in its initial submission, the assertion not only makes no sense in the context of the two rounds of briefing to which the parties agreed, but is also inconsistent with the RMLC's own approach to reply papers. Although ASCAP advised the RMLC long before the first round of briefing that it would support its interim fee position with evidence of the growth of new media encompassed by the expanded scope of the RMLC license request, the RMLC chose to offer the declaration of Clear Channel's Mr. Meier on reply, presumably because Mr. Meier, like Professor Murphy, replies to arguments specifically raised in the initial briefs.

In sum, because Professor Murphy speaks only to the issues raised in the RMLC's opening papers—issues on which the RMLC has already presented its position to the Court—the RMLC has failed to demonstrate why it should be permitted to file a supplemental brief.

Respectfully submitted,

Jay Cohen

cc:   All Counsel (via email)

*[Handwritten note:]* Applicant may file a five page supplementary brief.

Denise Cote
April 9, 2010