```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/25/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application for the
Determination of Interim License Fees for

THE CROMWELL GROUP, INC. AND
AFFILIATES, ET AL.

Related to

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

        Defendant.

No. 10 CV 0167 (DLC) (MHD)

ECF Case

[PROPOSED]
**INTERIM FEE ORDER**

No. 41 CV 1395 (DLC) (MHD)

---

WHEREAS Applicants The Cromwell Group, Inc. and Affiliates, et al. ("Applicants") and defendant American Society of Composers, Authors and Publishers ("ASCAP") (collectively, the "Parties"), jointly applied to this Court for a determination of interim license fees pursuant to Section IX of the Second Amended Final Judgment herein for the period commencing as of the date of such determination and continuing until such time as final fees are determined for Applicants; and

WHEREAS the Court, following oral argument on May 13, 2010, issued a Memorandum and Order of that date prescribing the amount of such interim fees; it is hereby

ORDERED:

1.     For the period commencing May 13, 2010, Applicants and the other "Bound Stations" (defined in Paragraph 3 of this Order) shall pay interim fees to ASCAP

in the aggregate amount of $192,413,111 per annum for the uses of music in the ASCAP repertory set forth in Applicants' December 11, 2009 written license request. Such interim fees shall remain in effect until superseded either by negotiated agreement of the Parties or by subsequent determination by this Court of reasonable final fees. Such interim fees shall further be subject to retroactive adjustment to January 1, 2010, on the basis of such final terms and conditions.

2. The terms of the ASCAP 2004 Radio Station License Agreement (and its annexed exhibits), attached hereto as Exhibit A (herein the "ASCAP 2004 Radio Station License Agreement" or the "License"), covering the period January 1, 2001 through December 31, 2009 (the "License Period"), shall otherwise continue in force on an interim basis pending a negotiated agreement of the Parties or subsequent determination by the Court of reasonable final fees for the period commencing January 1, 2010.

3. In connection with this proceeding and the administration of the License, the Radio Music License Committee ("RMLC") directly represents approximately 6,200 radio stations, comprising the Applicants herein. An additional approximately 3,300 stations have agreed with ASCAP to be bound by the outcome of this proceeding or negotiations on behalf of Applicants by the RMLC, including the terms of any interim license (the latter stations and Applicants are referred to collectively herein as the "Bound Stations"). Attached hereto as Exhibit B is a list of all Bound Stations. ASCAP and Applicants may, by agreement, amend or supplement the list attached as Exhibit B. Each Bound Station shall be deemed licensed and bound by the terms of this Order and the terms and conditions of the License.

4.  Under the terms of the License, the RMLC is responsible for the allocation of industry-wide fees among individual stations pursuant to a methodology developed and administered by the RMLC. Each Bound Station's interim license fee shall be determined in accordance with the provisions of the license fee allocation formula attached as Exhibit B to the License. Each Bound Station is directed to pay such fees pursuant to the allocation formula.

5.  The RMLC has incurred and will continue to incur costs in connection with the administration of the License and with the RMLC's ongoing representation of radio stations in regard to music performance licenses. To fairly and equitably distribute among all radio stations operating under and benefiting from the License the costs of administration of the License and of the RMLC's ongoing representation of the radio industry in regard to music performance licenses, each Bound Station has, pursuant to Paragraph 6 of the Final Order dated October 15, 2004 that accompanied implementation of the License (Exhibit C hereto, without exhibits), been ordered to pay to the RMLC the sums set forth therein. This Order continues that direction to pay the RMLC. Beginning with calendar year 2010 and within 60 days of a Bound Station's receipt of a statement from the RMLC in conformity with this Order, such station shall remit to the RMLC:

(i) $12 per year if the station's annual broadcast license fees due to ASCAP are less than $6,500;

(ii) $120 per year if the station's annual broadcast license fees due to ASCAP are at least $6,500 and less than $20,000; or

    (iii) $510 per year if the station's annual broadcast license fees due to ASCAP are $20,000 or more.

The RMLC may impose a late payment charge of 1% per month from the date the payment was due on any payment that is received by the RMLC after the date payment was due, and the RMLC may further assess stations for the full amount of costs incurred by the RMLC in connection with collecting such amounts.

  6.  ASCAP shall mail a copy of this Order to each Bound Station no later than June 15, 2010.

  7.  Entry of this Order is without prejudice to any arguments or positions Applicants, or any other local commercial radio station, or ASCAP, may assert in any further, final fee proceeding to determine (i) what constitutes reasonable blanket license or per-program license fees for local commercial radio stations; (ii) terms for such licenses for local commercial radio stations; (iii) the methodology for calculating such license fees for local commercial radio stations; or (iv) the reasonableness of the structure of such licenses or license fees for commercial radio stations.

  8.  This Order shall not be considered or construed to constitute a determination by the Court of what constitutes a reasonable final license fee.

  9.  Nothing herein contained shall be construed to require ASCAP to offer licenses to any other users of music at fees equal to the payments that Bound Stations have been directed to make on account of the terms of this Order.

10. The Court retains continuing jurisdiction over this proceeding for the purpose of enforcing this Order and the terms, conditions, and obligations of the ASCAP 2004 Radio Station License Agreement.

SO ORDERED.

New York, New York
May 25, 2010

_____
Denise L. Cote
United States District Judge