UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF THE CROMWELL
GROUP, INC. AND AFFILIATES, ET AL.

Related to

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

        Defendant.

Related to
In the Matter of the Application for the
Determination of Interim License Fees for

THE CROMWELL GROUP, INC. AND
AFFILIATES, ET AL.

No. 10 CV 5210 (DLC) (MHD)

[PROPOSED] STIPULATED
PROTECTIVE ORDER

No. 41 CV 1395 (DLC) (MHD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/10

No. 10 CV 0167 (DLC) (MHD)

      **WHEREAS**, certain documents and information have been and may be sought, produced, or exhibited by and between the parties to the above proceeding (the "Proceeding") that relate to the parties' financial information, competitive information, personnel information, or other kinds of commercially sensitive information that the party making the production deems confidential; and

      **WHEREAS**, it has been agreed by and among the parties in the Proceeding, through their respective counsel, that a Stipulated Protective Order ("Protective Order") preserving the confidentiality of certain documents and information

should be entered by the United States District Court for the Southern District of New York; and

**WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties;

**IT IS HEREBY ORDERED THAT**:

1. This Protective Order shall govern all documents, the information contained in such documents, and all other information produced or disclosed during the Proceeding, whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when same is designated in accordance with the procedures set forth herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries, and affiliates, and their respective attorneys, agents, representatives, officers, employees, and others as set forth in this Protective Order.

2. Subpoenaed third parties who so elect may avail themselves of the protections of this Protective Order and thereby become Supplying Parties for purposes of this Protective Order if they agree to be bound by its terms and conditions by signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.

3. Any Supplying Party shall, through counsel, have the right, subject to the terms of this Protective Order, to identify and designate as "CONFIDENTIAL", "RESTRICTED", or "CONFIDENTIAL ASCAP" any document or other materials it produces or provides (whether pursuant to Federal Rules of Civil Procedure 26, 33, or 34,

pursuant to subpoena or by agreement between the Supplying Party(ies) and the Receiving Party(ies)) or any testimony given in this Proceeding, which testimony or discovery material is believed by that Supplying Party to constitute, reflect or disclose its confidential and proprietary information (all of which is hereafter referred to as "Designated Material").

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "CONFIDENTIAL" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "CONFIDENTIAL", the Supplying Party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(7). Material that is available to the public, including advertising or promotional materials and the like, shall not be designated as "CONFIDENTIAL" unless Confidential Information is contained in the particular edition of such being designated.

5. Specific documents and interrogatory answers produced by a Supplying Party shall, if appropriate, be designated as "CONFIDENTIAL" by marking the first page of the document and each subsequent page thereof containing Confidential Information and any answer as follows:

**CONFIDENTIAL**

6. Any material produced or provided in the Proceeding for inspection is to be treated by the Receiving Party as Confidential Information pending the

3

copying and delivery of any copies of same by the Supplying Party to the Receiving Party.

 7. A Supplying Party (or its counsel) may designate as "CONFIDENTIAL" information disclosed at a deposition taken in connection with this Proceeding by:

 a. designating testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), as "CONFIDENTIAL" on the record during the taking of the deposition, in which case the court reporter shall mark each page as provided in paragraph 5, above; or

 b. notifying all other parties in writing, within fifteen (15) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s), of specific pages and lines of the transcript that are designated as "CONFIDENTIAL"; or

 c. identifying testimony as "CONFIDENTIAL" in the fashion specified in either subparagraph (a) or subparagraph (b) above, which testimony was given by a Receiving Party or its present or former employee(s), officer(s), director(s), partner(s), representative(s) or any expert(s) and containing Designated Material designated by the Supplying Party.

Whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control.

 8. Confidential Information shall be disclosed by the Receiving Party only to the following persons:

4

    a. outside counsel and any in-house attorney for the Receiving Party or other parties to the proceeding providing legal advice in connection with the Proceeding; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

    b. such officers and employees of the Receiving Party or other parties to the Proceeding as outside counsel for that party deems necessary for the sole purpose of assisting in this Proceeding;

    c. any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

    d. the Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding; and

    e. stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

    9. Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Confidential Information for any other purpose nor disclose such

Confidential Information to any person who is not listed in paragraph 8 of this Protective Order.

10. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material as "CONFIDENTIAL" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

11. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party is obligated to give immediate written notice to that original Supplying Party of such subpoena or other notice. Upon receiving such notice, the original Supplying Party shall bear the burden of opposing the subpoena on grounds of confidentiality.

12. Counsel shall take all reasonable and necessary steps to ensure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraph 8 of this Protective Order.

13. The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 8 above, may compromise and/or jeopardize the Supplying Party's business interests ("Restricted Information") such that the Supplying Party may deem such Restricted Information to require greater limitations on disclosure than are set forth in paragraph 8 above. The Supplying Party may designate such Restricted Information by marking the first page of the document and each subsequent page thereof containing Restricted Information and any answer as follows:

**RESTRICTED**

14.  All the provisions set forth above in paragraphs 4, 6, 7, 10, and 11 applicable to Confidential Information shall apply equally to Restricted Information, except that disclosure of Restricted Information by the Receiving Party shall be limited to the following persons:

a.  outside counsel employed by the Receiving Party or other parties to the Proceeding; in-house counsel who are also attorneys of record in the Proceeding; the attorneys, paralegals, and stenographic and clerical employees of such outside counsel; independent contractors who are working on the Proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the Proceeding;

b.  any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Restricted Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

c.  the Court and any members of its staff to whom it is necessary to disclose Restricted Information for the purpose of assisting the Court with respect to the Proceeding; and

d.  stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

15.  Persons having knowledge of Restricted Information by virtue of their participation in the conduct of the Proceeding shall use that Restricted Information only in connection with the prosecution or appeal of the Proceeding and shall neither use

such Restricted Information for any other purpose nor disclose such Restricted Information to any person who is not listed in paragraph 14 of this Protective Order.

16. Counsel shall take all reasonable and necessary steps to assure the security of any Restricted Information and will limit access to Restricted Information to those persons listed in paragraph 14 of this Protective Order. Restricted Information produced or provided by any Supplying Party will be kept in the Receiving Party's outside counsel's possession (or qualified in-house counsel's possession) and/or in the possession of the Receiving Party's outside consultants, experts, or other persons entitled to receive copies of the documents pursuant to paragraph 14 above.

17. The parties recognize that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information of an applicant, which, if disclosed to officers and employees of other applicants, including in-house counsel, may compromise and/or jeopardize the Supplying Party's business interests ("Confidential ASCAP Information"), such that the Supplying Party may deem such Confidential ASCAP Information to require greater limitations on disclosure than are set forth in paragraph 8 of the Protective Order. The supplying party may designate such Confidential ASCAP Information in the manner provided in paragraphs 5 or 7, except that the legend applied to Confidential ASCAP Information shall be:

**CONFIDENTIAL ASCAP**

18. All the provisions set forth in the Protective Order applicable to Confidential Information shall apply equally to Confidential ASCAP Information, except that disclosure of Confidential ASCAP Information by the Receiving Party shall be limited to the following persons:

8

   a.  outside counsel employed by the Receiving Party or other parties to the Proceeding; the attorneys, paralegals, and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

   b.  such officers and employees of ASCAP, including ASCAP's in-house counsel, as outside counsel for ASCAP deems necessary for the sole purpose of assisting in this Proceeding;

   c.  any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential ASCAP Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding, and the assistants, clerical employees, or staff of such consultant or expert;

   d.  the Court and any members of its staff to whom it is necessary to disclose Confidential ASCAP Information for the purpose of assisting the Court in this Proceeding; and

   e.  stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

   19.  Persons having knowledge of Confidential ASCAP Information by virtue of their participation in the conduct of the Proceeding shall use that Confidential ASCAP Information only in connection with the prosecution or appeal of the Proceeding and shall neither use such Confidential ASCAP Information for any other purpose nor disclose such Confidential ASCAP Information to any person who is not listed in paragraph 18 of this Protective Order.

20. Nothing shall prevent disclosure beyond the terms of this Protective Order if the Supplying Party designating the material as "CONFIDENTIAL ASCAP" (or its counsel) consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

21. Prior to the disclosure of any Designated Material to any person identified in paragraphs 8, 14, or 18 above (other than the Court and its staff, any counsel of record, or stenographic employees and court reporters recording or transcribing testimony), such person shall be provided with a copy of this Protective Order, which he or she shall read before signing a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. Outside counsel for the party obtaining such signed Certifications shall maintain a file of them and shall make the file available, upon request, for inspection by the Court *in camera*. Persons who come into contact with Designated Material for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

22. Any Supplying Party may redesignate under paragraphs 5, 7, 13, or 17 above (or withdraw a designation regarding) any material ("Redesignated Material") that it has produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal). Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons

known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8, 14, or 18 above.

23.     Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 8, 14, or 18 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure, and the reason(s) and purpose(s) for the disclosure. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier, or facsimile transmission) within fifteen (15) calendar days of its receipt of such request. If consent is withheld, the Supplying Party or its counsel shall state the reasons why it is withholding such consent. Failure to so respond within such fifteen-day period shall constitute consent to the request. If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the Supplying Party's designation of the material as "CONFIDENTIAL", "CONFIDENTIAL ASCAP", or "RESTRICTED" unless and until differing treatment is directed pursuant to order of the Court.

24.     Any party may object to the propriety of the designation (or redesignation) of specific material as "CONFIDENTIAL", "CONFIDENTIAL ASCAP",

11

or "RESTRICTED" by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days, respond (by hand delivery, courier, or facsimile transmission) to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons why it made the designation. If the objecting party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the objecting party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion, it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. The material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

25.  Nothing in this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Designated Material, provided that in rendering such advice, counsel shall not disclose any other party's Designated Material, other than in a manner provided for in this Protective Order.

26.  Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the Supplying Party from redesignating said document or information as "CONFIDENTIAL", "CONFIDENTIAL ASCAP", or "RESTRICTED" at a later date. Disclosure of said document or information by any party prior to such later redesignation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that the party that disclosed the Redesignated Material shall promptly

endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8, 14, or 18 above.

27. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work-product doctrine) concerning any such materials or the subject matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produces or has already produced. Such redesignation shall be effective only as of the date of such redesignation (and subject to all the other provisions hereof); provided, however, that the Receiving Party shall promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraphs 8, 14, and 18 above. Notwithstanding the above, a party may retain its copies of such Redesignated Materials during the pendancy of any motion challenging the redesignation so long as the motion is made within five (5) business days of receipt of notice of redesignation.

28. If Designated Material is used during depositions or in preparing a witness for testimony, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

29. Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

30. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the Supplying Party, all Designated Material and any and all copies thereof shall be returned within sixty (60) calendar days to the Supplying Party; provided, however, that counsel may retain their attorney work product, one copy of any deposition transcript and exhibits, discovery responses, and all court-filed documents even though they contain Designated Material. Such retained documents and court-filed documents shall remain subject to the terms of this Protective Order. In the alternative, either the Supplying Party or the person receiving the Designated Material may elect to have the same destroyed. At the written request of the Supplying Party, any person or entity having custody or control of recordings, notes, memoranda, summaries, or other written materials, and all copies thereof, relating to or containing Designated Material shall deliver to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the Designated Material (except for attorney work product, and other retained documents identified as stated above and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order.

31. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Supplying Party of all pertinent facts relating to such disclosure and make every effort to recover all copies of the Designated Material and prevent further disclosure or dissemination by each unauthorized person who received such Designated Material.

32. In the event of a proven willful violation of this Protective Order by any of the parties in this action or others designated in paragraphs 8, 14, or 18 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of the Court.

33. The foregoing provisions concerning confidentiality of Designated Material shall continue through the trial and any appeals related to this Proceeding, unless otherwise modified by agreement of the parties or order of the Court. The parties shall be free to use any Designated Material at trial and any appeals related to this Proceeding but shall work together to fashion appropriate measures to limit the disclosure of such Designated Materials. The Court shall issue any relief, if necessary, prior to trial or to the hearing in open court upon motion or agreement of the parties.

34. Data produced in electronic form may be designated as Confidential Information, Confidential ASCAP Information, or Restricted Information by marking the data storage medium with the appropriate legend set forth in paragraphs 5, 13, or 17. In addition, the Supplying Party shall, to the extent reasonably possible, add the appropriate legend to the electronic file such that any print-out of the file contains the appropriate legend. If the Receiving Party prints out electronic data which is Designated Material but which does not contain the appropriate legend on the print-out, the Receiving Party shall affix the appropriate legend to each page of such print-out.

35. Nothing contained in this Protective Order shall preclude any party from using its own Designated Material in any manner it sees fit, without prior consent of any party or the Court.

36. Pursuant to Section IX(I) of the Second Amended Final Judgment entered in the above-captioned action:

(a) The Department of Justice (the "Department") may make a written request for copies of any documents, deposition transcripts, or other products of discovery ("products of discovery") produced in the proceeding. If the Department makes such a request to a party other than the party who produced materials in the proceeding or to a deponent ("the producing party"), the Department and the party to whom it directed the request shall provide a copy of the request to the producing party. The producing party must file any objection to the request with the Court within thirty (30) days of receiving the request; if the producing party does not file such an objection, the person to whom the Department directed its request shall provide the materials to the Department promptly;

(b) Any party to the proceeding may provide the Department with copies of any products of discovery produced in the proceeding. Any party who provides the Department with copies of any product of discovery shall inform the other parties to the proceeding within fifteen (15) days of providing such materials to the Department. The producing party must file any objection to the production within fifteen (15) days of receiving such notice; and

(c) The Department shall not disclose any products of discovery that it obtains under this order that have been designated as "CONFIDENTIAL", "CONFIDENTIAL ASCAP", or "RESTRICTED" in good faith or as otherwise protectable under Federal Rule of Civil Procedure 26(c)(7) to any third party without the

16

consent of the producing party, except as provided in the Antitrust Civil Process Act, 15 U.S.C.§ 1313(c)-(d), or as otherwise required by law.

38. The terms of this Protective Order may be amended or modified by written agreement of the parties or upon motion and order of the Court. This Protective Order shall continue in force until amended or superseded by express order of the Court and shall survive any final judgment or settlement in this action.

38. Although this Protective Order binds the parties to treat as Confidential, Restricted or Confidential ASCAP so designated, the Court has not reviewed any such documents as maybe referred to herein. Therefore, in approving this Protective Order, the Court makes no finding as to whether the documents are Confidential, Restricted or Confidential ASCAP. Such a finding, will be made, if ever, upon a document-by-document review by the Court.

39. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.


Dated:   New York, New York
         July 27, 2010

So ordered.

*[signature]*
July 29, 2010

17

The parties, by their counsel, hereby consent to entry of the foregoing Order:

WEIL, GOTSHAL & MANGES LLP

By _____
R. Bruce Rich
Jonathan Bloom
Heather R. Solow
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

Attorneys for the Radio Music License Committee
and The Cromwell Group, Inc. and Affiliates, et al.


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By _____
Jay Cohen
Lynn B. Bayard
Jacqueline P. Rubin

1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3163

-and-

RICHARD H. REIMER, ESQ.

By _____
One Lincoln Plaza
New York, New York 10023
(212) 621-6200

Attorneys for the American Society
of Composers, Authors and Publishers

So Ordered:

_____, 2010


_____
United States District Judge

## Exhibit A

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| IN RE APPLICATION OF THE CROMWELL GROUP, INC. AND AFFILIATES, ET AL. | No. 10 CV 5210 (DLC) (MHD) |
| Related to | |
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>        v.<br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>        Defendant. | No. 41 CV 1395 (DLC) (MHD) |
| Related to<br>In the Matter of the Application for the Determination of Interim License Fees for<br><br>THE CROMWELL GROUP, INC. AND AFFILIATES, ET AL. | No. 10 CV 0167 (DLC) (MHD) |

### CERTIFICATION

      The undersigned hereby acknowledges that, having read the Protective Order filed in the above-captioned action on _____, the undersigned understands the terms thereof and agrees to be bound thereby. The undersigned further agrees to submit to the jurisdiction of the Court and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
Date

                              _____
                              Name (typed or printed)

                              _____
                              Signature