```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  1/10/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF THP CAPSTAR
ACQUISITION CORP. (now known as DMX).

09 Civ. 7069 (DLC)

---

Related to

UNITED STATES OF AMERICA,

         Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

         Defendant.

41 Civ. 1395 (DLC)

**SUPERSEDEAS BOND**
**Bond No.: 019035191**

---

KNOW ALL BY THESE PRESENTS:

That defendant American Society of Composers, Authors and Publishers ("ASCAP"), as Principal, and Liberty Mutual Insurance Company, a corporation authorized to transact surety business in the State of New York, as Surety, are held and firmly bound unto United States District Court Southern District of New York, as Obligee, in the penal sum of $17,085,609.50, lawful money of the United States of America, for the payment of which, well and truly to be made, we bind ourselves, our heirs, legal representatives, successors, and assigns, jointly and severally, firmly by these presents.

WHEREAS, a Judgment Order was entered in the above-captioned action on December 20, 2010, in the United States District Court for the Southern District of New York;

WHEREAS, Paragraph 12 of the Judgment Order obligates ASCAP to pay to DMX, no later than January 15, 2011, the amount of **$15,392,441.00, for the period June 3, 2005 through October 31, 2010**; and

WHEREAS, ASCAP has filed a timely notice of appeal of this Judgment Order in the above-captioned action to the **United States Court of Appeals for the Second Circuit** and desires to stay enforcement of the Judgment Order pending determination of the appeal.

NOW, THEREFORE, the undersigned Surety, does hereby obligate itself, jointly and severally, to DMX under said statutory obligations in the sum of **$17,085,609.50**, which is 111% of the amount due to DMX under the Judgment Order.

IN TESTIMONY WHEREOF, the condition of this obligation is such that if the Principal shall diligently prosecute its appeal to a decision and shall promptly perform and satisfy the judgment, then this obligation will be void; otherwise to remain in full, force and effect. PROVIDED, HOWEVER, that the aggregate liability of the Surety hereunder for any and all claims presented shall not exceed the penal sum of this bond.

IN WITNESS THEREOF, the said Surety has caused its corporate name and seal to be hereunto affixed by its duly authorized officer.

Signed, Sealed and Dated January 7, 2011.

**Principal:**

AMERICAN SOCIETY OF COMPOSERS, PUBLISHERS AND AUTHORS

Signed: _[signature]_

Print Name: John A. LoFrumento

Title:     Chief Executive Officer

**Surety**:

LIBERTY MUTUAL INSURANCE COMPANY

Signed: _____

Print Name: William Jungreis

Title:     Attorney-in-fact

**Filed and approved**:

_____1/10/11_____
Date

_____Ruby S. Krajick_____
District Court Clerk

By _____
    Dep/Clerk

## SURETY NOTARY ACKNOWLEGEMENT

State of <u>Pennsylvania</u>

} ss.

County of <u>Delaware</u>

On this <u>7th</u> day of <u>January</u>, 20<u>11</u>, before me personally came <u>William Jungreis</u> to me known, who, being by me duly sworn, did depose and say that he is attorney-in-fact of <u>Liberty Mutual Insurance Company</u> the corporation described in and which executed the above instrument; that he knows the corporate seal of said corporation; that the seal affixed to the within instrument is such corporate seal, and that <u>he</u>/she signed the said instrument and affixed the said seal as Attorney-In-Fact by authority of the Board of Directors of said corporation and by authority of this office under the Standing Resolutions thereof.

My commission expires  3-27-13

Julianne R. DeVita, Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Julianne R. DeVita, Notary Public
Upper Chichester Twp., Delaware County
My Commission Expires March 27, 2013
Member, Pennsylvania Association of Notaries

3059789

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.
This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

## LIBERTY MUTUAL INSURANCE COMPANY
## BOSTON, MASSACHUSETTS
## POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That Liberty Mutual Insurance Company (the "Company"), a Massachusetts stock insurance company, pursuant to and by authority of the By-law and Authorization hereinafter set forth, does hereby name, constitute and appoint

**WILLIAM JUNGREIS, OF THE CITY OF PHILADELPHIA, STATE OF PENNSYLVANIA**......................................................

.......................................................................................................................................................................................................................
.......................................................................................................................................................................................................................

, each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations in the penal sum not exceeding **FIFTY MILLION AND 00/100**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DOLLARS ($ **50,000,000.00**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* ) each, and the execution of such undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents, shall be as binding upon the Company as if they had been duly signed by the president and attested by the secretary of the Company in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to Article XIII, Section 5 of the By-Laws, Garnet W. Elliott, Assistant Secretary of Liberty Mutual Insurance Company, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Company and the corporate seal of Liberty Mutual Insurance Company has been affixed thereto in Plymouth Meeting, Pennsylvania this __17th__ day of __August__, __2010__.

LIBERTY MUTUAL INSURANCE COMPANY

By _____
Garnet W. Elliott, Assistant Secretary

COMMONWEALTH OF PENNSYLVANIA   ss
COUNTY OF MONTGOMERY

On this __17th__ day of __August__, __2010__, before me, a Notary Public, personally came Garnet W. Elliott, to me known, and acknowledged that he is an Assistant Secretary of Liberty Mutual Insurance Company; that he knows the seal of said corporation; and that he executed the above Power of Attorney and affixed the corporate seal of Liberty Mutual Insurance Company thereto with the authority and at the direction of said corporation.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at Plymouth Meeting, Pennsylvania, on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Plymouth Twp., Montgomery County
My Commission Expires March 28, 2013
Member, Pennsylvania Association of Notaries

By _____
Teresa Pastella, Notary Public

**CERTIFICATE**

I, the undersigned, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy, is in full force and effect on the date of this certificate; and I do further certify that the officer or official who executed the said power of attorney is an Assistant Secretary specially authorized by the chairman or the president to appoint attorneys-in-fact as provided in Article XIII, Section 5 of the By-laws of Liberty Mutual Insurance Company.

This certificate and the above power of attorney may be signed by facsimile or mechanically reproduced signatures under and by authority of the following vote of the board of directors of Liberty Mutual Insurance Company at a meeting duly called and held on the 12th day of March, 1980.

VOTED that the facsimile or mechanically reproduced signature of any assistant secretary of the company, wherever appearing upon a certified copy of any power of attorney issued by the company in connection with surety bonds, shall be valid and binding upon the company with the same force and effect as though manually affixed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said company, this __7th__ day of __January__, __2011__.

By _____
David M. Carey, Assistant Secretary

*Not valid for mortgage, note, loan, letter of credit, bank deposit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*

## CERTIFICATE OF SOLVENCY UNDER SECTION 1111 OF THE NEW YORK INSURANCE LAW

### STATE OF NEW YORK

### INSURANCE DEPARTMENT

It is hereby certified that

### Liberty Mutual Insurance Company
### Of Boston, Massachusetts

a corporation organized under the laws of the State of Massachusetts and duly authorized to transact the business of insurance in this State, is qualified to become surety or guarantor on all bonds, undertakings, recognizances, guaranties and other obligations required or permitted by law; and that the said corporation is possessed of a capital and surplus including gross paid-in and contributed surplus and unassigned funds (surplus) aggregating the sum of $12,491,552,915 (Capital $10,000,000) as is shown by its sworn financial statement for the year ended December 31, 2009 on file in this Department, prior to audit.

The said corporation cannot lawfully expose itself to loss on any one risk or hazard to an amount exceeding 10% of its surplus to policyholders, unless it shall be protected in excess of that amount in the manner provided in Section 4118 of the Insurance Law of this State.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, this 23rd day of April, 2010.

**James J. Wrynn**
**Superintendent of Insurance**

By *Clark J. Williams*

**Clark J. Williams**
**Special Deputy Superintendent**

## State of New York

## INSURANCE DEPARTMENT

### WHEREAS IT APPEARS THAT

Liberty Mutual Insurance Company

**Home Office Address**          Boston, Massachusetts

**Organized under the Laws of**  Massachusetts

has complied with the necessary requirements of or pursuant to law, it is hereby

licensed to do within this State the business of

accident and health, fire, miscellaneous property, water damage, burglary and theft, glass, boiler and machinery, elevator, animal, collision, personal injury liability, property damage liability, workers' compensation and employers' liability, fidelity and surety, credit, motor vehicle and aircraft physical damage, marine and inland marine and marine protection and indemnity insurance, as specified in paragraph (s) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20 and 21 of Section 1113(a) of the New York Insurance Law and also such workers' compensation insurance as may be incident to coverages contemplated under paragraphs 20 and 21 of Section 1113(a), including insurances described in the Longshoremen's and Harbor Workers' Compensation Act (Public Law No. 803, 69 Cong. as amended; 33 USC Section 901 et seq. as amended), and as authorized by Section 4102(c), insurance of every kind or description outside of the United States and reinsurance of every kind or description to the extent permitted by certified copy of its charter document on file in this Department until July 1, 2011.



In Witness Whereof, I have hereunto set my hand and affixed the official seal of this Department at the City of Albany, New York, this 1st day of July, 2010

James J. Wrynn
Superintendent

By  *Clark J. Williams*

Clark J. Williams
Special Deputy Superintendent

Original on Watermarked Paper

## ASSETS

| | Current Year | | | Prior Year |
|---|---|---|---|---|
| | 1 | 2 | 3 | 4 |
| | Assets | Nonadmitted Assets | Net Admitted Assets (Cols. 1 - 2) | Net Admitted Assets |
| 1. Bonds (Schedule D) | 11,425,766,895 | | 11,425,766,895 | 11,057,669,501 |
| 2. Stocks (Schedule D): | | | | |
|    2.1 Preferred stocks | 782,976,318 | | 782,976,318 | 757,319,706 |
|    2.2 Common stocks | 9,135,552,552 | | 9,135,552,552 | 7,570,471,320 |
| 3. Mortgage loans on real estate (Schedule B): | | | | |
|    3.1 First liens | 519,022,709 | | 519,022,709 | 548,091,252 |
|    3.2 Other than first liens | | | | |
| 4. Real estate (Schedule A): | | | | |
|    4.1 Properties occupied by the company (less $ 0 encumbrances) | 337,179,530 | | 337,179,530 | 425,989,166 |
|    4.2 Properties held for the production of income (less $ 0 encumbrances) | 978,262 | | 978,262 | 1,039,982 |
|    4.3 Properties held for sale (less $ 0 encumbrances) | | | | |
| 5. Cash ($ 389,502,555, Schedule E - Part 1), cash equivalents ($ 82,179,054, Schedule E - Part 2), and short-term investments ($ 352,650,853, Schedule DA) | 824,332,462 | | 824,332,462 | 1,349,305,516 |
| 6. Contract loans (including $ 0 premium notes) | | | | |
| 7. Other invested assets (Schedule BA) | 5,771,150,576 | 206,157 | 5,770,944,419 | 5,131,343,213 |
| 8. Receivables for securities | 12,271,548 | | 12,271,548 | 2,859,056 |
| 9. Aggregate write-ins for invested assets | | | | |
| 10. Subtotals, cash and invested assets (Lines 1 to 9) | 28,809,230,852 | 206,157 | 28,809,024,695 | 26,844,088,712 |
| 11. Title plants less $ 0 charged off (for Title insurers only) | | | | |
| 12. Investment income due and accrued | 133,129,777 | | 133,129,777 | 140,188,757 |
| 13. Premiums and considerations: | | | | |
|    13.1 Uncollected premiums and agents' balances in the course of collection | 993,264,743 | 14,732,220 | 978,532,523 | 1,071,899,224 |
|    13.2 Deferred premiums, agents' balances and installments booked but deferred and not yet due (including $ 0 earned but unbilled premiums) | 1,519,460,073 | | 1,519,460,073 | 1,594,927,150 |
|    13.3 Accrued retrospective premiums | 366,445,346 | 36,644,535 | 329,800,811 | 383,694,097 |
| 14. Reinsurance: | | | | |
|    14.1 Amounts recoverable from reinsurers | 593,195,507 | | 593,195,507 | 560,300,803 |
|    14.2 Funds held by or deposited with reinsured companies | 13,527,020 | | 13,527,020 | 17,294,633 |
|    14.3 Other amounts receivable under reinsurance contracts | | | | |
| 15. Amounts receivable relating to uninsured plans | 21,095 | 11,418 | 9,677 | 175,315 |
| 16.1 Current federal and foreign income tax recoverable and interest thereon | 313,172,066 | | 313,172,066 | |
| 16.2 Net deferred tax asset | 1,188,251,090 | 164,925,490 | 1,023,325,600 | 846,790,256 |
| 17. Guaranty funds receivable or on deposit | 33,248,467 | | 33,248,467 | 32,559,328 |
| 18. Electronic data processing equipment and software | 319,102,379 | 257,221,814 | 61,880,565 | 50,291,004 |
| 19. Furniture and equipment, including health care delivery assets ($ 0) | 126,014,225 | 126,014,225 | | |
| 20. Net adjustment in assets and liabilities due to foreign exchange rates | | | | |
| 21. Receivables from parent, subsidiaries and affiliates | 346,223,617 | 610 | 346,223,007 | 312,158,606 |
| 22. Health care ($ 0) and other amounts receivable | | | | |
| 23. Aggregate write-ins for other than invested assets | 715,856,703 | 39,949,956 | 675,906,747 | 715,420,301 |
| 24. Total assets excluding Separate Accounts, Segregated Accounts and Protected Cell Accounts (Lines 10 to 23) | 35,470,142,960 | 639,706,425 | 34,830,436,535 | 32,549,788,186 |
| 25. From Separate Accounts, Segregated Accounts and Protected Cell Accounts | | | | |
| 26. Total (Lines 24 and 25) | 35,470,142,960 | 639,706,425 | 34,830,436,535 | 32,549,788,186 |

| DETAILS OF WRITE-IN LINES | | | | |
|---|---|---|---|---|
| 0901. | | | | |
| 0902. | | | | |
| 0903. | | | | |
| 0998. Summary of remaining write-ins for Line 09 from overflow page | | | | |
| 0999. Totals (Lines 0901 through 0903 plus 0998) (Line 9 above) | | | | |
| 2301. Cash Surrender Value Life Insurance | 383,284,396 | | 383,284,396 | 348,631,523 |
| 2302. Amounts receivable under high deductible policies | 172,319,200 | 115,054 | 172,204,146 | 165,149,487 |
| 2303. Other assets | 132,718,497 | 39,834,902 | 92,883,595 | 165,597,198 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | 27,534,610 | | 27,534,610 | 36,042,093 |
| 2399. Totals (Lines 2301 through 2303 plus 2398) (Line 23 above) | 715,856,703 | 39,949,956 | 675,906,747 | 715,420,301 |

## LIABILITIES, SURPLUS AND OTHER FUNDS

| | 1<br>Current Year | 2<br>Prior Year |
|---|---:|---:|
| 1. Losses (Part 2A, Line 35, Column 8) | 12,580,897,955 | 12,604,675,356 |
| 2. Reinsurance payable on paid losses and loss adjustment expenses (Schedule F, Part 1, Column 6) | 76,374,442 | 92,048,425 |
| 3. Loss adjustment expenses (Part 2A, Line 35, Column 9) | 2,545,216,983 | 2,466,475,556 |
| 4. Commissions payable, contingent commissions and other similar charges | 119,922,389 | 96,083,883 |
| 5. Other expenses (excluding taxes, licenses and fees) | 234,522,784 | 390,923,555 |
| 6. Taxes, licenses and fees (excluding federal and foreign income taxes) | 168,208,453 | 256,823,744 |
| 7.1 Current federal and foreign income taxes (including $ 0 on realized capital gains (losses)) | | 36,105,135 |
| 7.2 Net deferred tax liability | | |
| 8. Borrowed money $ 0 and interest thereon $ 0 | | 905,212 |
| 9. Unearned premiums (Part 1A, Line 38, Column 5) (after deducting unearned premiums for ceded reinsurance of $ 2,135,447,190 and including warranty reserves of $ 0) | 3,293,042,806 | 3,320,119,872 |
| 10. Advance premium | 43,887,917 | 60,012,654 |
| 11. Dividends declared and unpaid: | | |
| 11.1 Stockholders | | |
| 11.2 Policyholders | 1,800,778 | 1,136,856 |
| 12. Ceded reinsurance premiums payable (net of ceding commissions) | 717,199,249 | 550,465,345 |
| 13. Funds held by company under reinsurance treaties (Schedule F, Part 3, Column 19) | 1,746,563,156 | 1,807,274,064 |
| 14. Amounts withheld or retained by company for account of others | 555,657,197 | 455,703,129 |
| 15. Remittances and items not allocated | | |
| 16. Provision for reinsurance (Schedule F, Part 7) | 69,875,186 | 73,987,801 |
| 17. Net adjustments in assets and liabilities due to foreign exchange rates | | |
| 18. Drafts outstanding | 294,010,956 | 292,965,747 |
| 19. Payable to parent, subsidiaries and affiliates | 35,080,380 | 72,875,012 |
| 20. Payable for securities | 59,521,615 | 15,457,572 |
| 21. Liability for amounts held under uninsured plans | | |
| 22. Capital notes $ 0 and interest thereon $ 0 | | |
| 23. Aggregate write-ins for liabilities | (202,691,586) | (478,583,930) |
| 24. Total liabilities excluding protected cell liabilities (Lines 1 through 23) | 22,338,863,620 | 22,215,055,788 |
| 25. Protected cell liabilities | | |
| 26. Total liabilities (Lines 24 and 25) | 22,338,863,620 | 22,215,055,788 |
| 27. Aggregate write-ins for special surplus funds | 1,209,068,460 | 957,921,671 |
| 28. Common capital stock | 10,000,000 | 10,000,000 |
| 29. Preferred capital stock | | |
| 30. Aggregate write-ins for other than special surplus funds | 1,250,000 | 1,250,000 |
| 31. Surplus notes | 795,347,694 | 892,074,990 |
| 32. Gross paid in and contributed surplus | 6,435,272,283 | 6,335,272,283 |
| 33. Unassigned funds (surplus) | 4,040,614,478 | 2,138,213,474 |
| 34. Less treasury stock, at cost: | | |
| 34.1 0 shares common (value included in Line 28 $ 0) | | |
| 34.2 0 shares preferred (value included in Line 29 $ 0) | | |
| 35. Surplus as regards policyholders (Lines 27 to 33, less 34) (Page 4, Line 39) | 12,491,552,915 | 10,334,732,418 |
| 36. Totals (Page 2, Line 26, Col. 3) | 34,830,436,535 | 32,549,788,186 |

| DETAILS OF WRITE-IN LINES | | |
|---|---:|---:|
| 2301. Amounts held under uninsured plans | 851,534,174 | 591,997,198 |
| 2302. Other liabilities | 410,675,366 | 424,947,878 |
| 2303. Collateral held for securities loaned | 279,831,199 | 110,828,706 |
| 2398. Summary of remaining write-ins for Line 23 from overflow page | (1,545,032,349) | (1,596,357,800) |
| 2399. Totals (Lines 2301 through 2303 plus 2398) (Line 23 above) | (202,691,586) | (478,583,930) |
| 2701. Special surplus from retroactive reinsurance | 967,721,654 | 957,921,671 |
| 2702. SSAP10R incremental change | 241,346,806 | |
| 2703. | | |
| 2798. Summary of remaining write-ins for Line 27 from overflow page | | |
| 2799. Totals (Lines 2701 through 2703 plus 2798) (Line 27 above) | 1,209,068,460 | 957,921,671 |
| 3001. Guaranty funds | 1,250,000 | 1,250,000 |
| 3002. | | |
| 3003. | | |
| 3098. Summary of remaining write-ins for Line 30 from overflow page | | |
| 3099. Totals (Lines 3001 through 3003 plus 3098) (Line 30 above) | 1,250,000 | 1,250,000 |

State of Massachusetts
County of Suffolk ss

The officers of this reporting entity being duly sworn, each depose and say that they are the described officers of said reporting entity, and that on the reporting period stated above, all of the herein described assets were the absolute property of the said reporting entity, free and clear from any liens or claims thereon, except as herein stated, and that this statement, together with related exhibits, schedules and explanations therein contained, annexed or referred to, is a full and true statement of all the assets and liabilities and of the condition and affairs of the said reporting entity as of the reporting period stated above, and of its income and deductions therefrom for the period ended, and have been completed in accordance with the NAIC Annual Statement Instructions and Accounting Practices and Procedures manual except to the extent that: (1) state law may differ; or, (2) that state rules or regulations require differences in reporting not related to accounting practices and procedures, according to the best of their information, knowledge and belief, respectively. Furthermore, the scope of this attestation by the described officers also includes the related corresponding electronic filing with the NAIC, when required, that is an exact copy (except for formatting differences due to electronic filing) of the enclosed statement. The electronic filing may be requested by various regulators in lieu of or in addition to the enclosed statement.

(Signature) Edmund Francis Kelly
(Printed Name)
Chairman of the Board, President & CEO
(Title)

(Signature) Dexter Russell Legg
(Printed Name)
Vice President & Secretary
(Title)

(Signature) Laurance Henry Soyer Yahia
(Printed Name)
Senior Vice President & Treasurer
(Title)

Subscribed and sworn to (or affirmed) before me on this
1st day of February, 2010, by

a. Is this an original filing? [X] Yes [ ] No
b. If no: 1. State the amendment number
2. Date filed
3. Number of pages attached

2

# PRINCIPAL NOTARY ACKNOWLEDGMENT

State of **New York**

County of New York ss:

On this 7th day of January, 2011, before me personally came John A. LoFrumento to me known, who being by me duly sworn, deposed and says that he is the Chief Executive Officer of American Society of Composers, Authors and Composers, the Principal described in and which executed the foregoing Agreement; that he knows the seal of the said Principal; that the seal affixed to the said Agreement is such seal; that it was so affixed by the order of the Board of Directors of said Principal, and that he signed his name thereto by like order.

(Signature of Notary Public)

My commission expires 9/30/2014

SUSAN HAUGH
Notary Public, State of New York
No. 01HA4722612
Qualified in Queens County
Certificate Filed in New York County
Commission Expires 9/30/2014