UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REALNETWORKS, INC., YAHOO! INC. | 09 Civ. 7760 (DLC) |
| Related to | |
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>　　　　　　　　　　　　Defendant. | ASCAP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REVIEW AND VACATE THE BILL OF COSTS<br><br>41 Civ. 1395 (DLC) |

　　　　　The American Society of Composers, Authors and Publishers ("ASCAP") respectfully submits, pursuant to Federal Rule of Civil Procedure 54(d)(1), this motion to review and vacate the Clerk's taxation of costs as set forth in Yahoo! Inc.'s ("Yahoo") Bill of Costs ("Bill of Costs"). Because the costs sought by Yahoo may only be awarded if the Second Circuit so orders, and because the Second Circuit did not direct costs in its mandate and has yet to decide ASCAP's pending objections regarding Yahoo's entitlement to costs, the Clerk's entry of judgment taxing costs as set forth in Yahoo's Bill of Costs was premature.[1]  Accordingly, we respectfully ask that this Court vacate the Clerk's judgment.

## Background

　　　　　On September 28, 2010, the Second Circuit affirmed the district court's ruling that downloads of musical works do not constitute public performances of those works; vacated the district court's assessment of reasonable fees for the blanket ASCAP

licenses sought by RealNetworks and Yahoo; and remanded the case to this Court for further proceedings in light of the Second Circuit's guidance. *See In re RealNetworks/Yahoo*, 2010 WL 3749292 (2d Cir. Sept. 28, 2010). The Court did not order costs taxed to RealNetworks, Yahoo or ASCAP.

On October 12, 2010, Yahoo filed a Bill of Costs in the Second Circuit. (Ex. 1.)[2] On October 28, 2010, ASCAP filed its objections to Yahoo's Bill of Costs, arguing that Federal Rule of Appellate Procedure 39(a)(4) applied and that the Court had not issued an order taxing any party for costs. (Ex. 2.) On November 4, 2010, Yahoo filed its opposition to ASCAP's objections. (Ex. 3.) On November 12, 2010, ASCAP filed its reply. (Ex. 4.) ASCAP's objections are still pending before the Second Circuit.

On December 9, 2010, the Second Circuit issued its mandate without reference to an award of costs. (Ex. 5.)

On January 6, 2011, pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, Yahoo served ASCAP with a Notice of Settlement of Bill of Costs to be taxed by this Court. (Ex. 6.) The notice contains a Bill of Costs requesting fees under Federal Rule of Appellate Procedure 39(e). Specifically, Yahoo asks that the Clerk of this Court tax ASCAP for: (1) the fees for filing the notice of appeal; and (2) the premiums for the supersedeas bonds. The notice set January 24, 2011 as the date of submission of the Bill of Costs for taxation by the Clerk.

---

[1] Should the Second Circuit ultimately direct costs in this matter, ASCAP reserves the right, at the appropriate time, to object to certain costs sought by Yahoo.

[2] References to "Ex. __" refer to exhibits annexed to the accompanying Declaration of Jay Cohen.

On January 20, 2011, pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1(b), ASCAP filed an Objection to Yahoo's Bill of Costs.[3] (Ex. 7.) Specifically, ASCAP argued that the Second Circuit did not direct costs in its mandate and has yet to decide ASCAP's pending objections regarding Yahoo's entitlement to costs, and thus any taxation by this Court would be premature.

On January 24, 2011, the Clerk entered judgment taxing costs in the amount of $189,910. (Ex. 8.)

## Standard of Review

Federal Rule of Civil Procedure 54(d)(1) provides that when the Clerk of Court enters a Bill of Costs, the district court may, upon motion, review the Clerk's action. The district court reviews the Clerk's award of costs *de novo*. *See Whitfield* v. *Scully*, 241 F.3d 264, 269 (2d Cir. 2001) ("A district court reviews the clerk's taxation of costs by exercising it own discretion to decide the cost question [itself].") (internal citations and quotations omitted); *see also Karmel* v. *City of New York*, No. 00 Civ. 9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008).

## Argument

This Court should vacate the Clerk's judgment awarding Yahoo's Bill of Costs, as it is premature because an award of costs has not yet been directed by the Second Circuit as required under the Federal Rules.

---

[3] On January 20, 2011, we contacted the Judgment Clerk to confirm the appropriate process for lodging our objection to Yahoo's Bill of Costs. We were instructed, in the first instance, to file an objection directly to the Judgment Clerk. We were further informed that should the Judgment Clerk enter a judgment in favor of Yahoo, we could bring our objection to the Court's attention for review pursuant to Rule 54(d)(1).

Where, as here, the Second Circuit affirmed in part and vacated in part, and remanded the case to the district court, appellate costs may only be awarded if the Second Circuit so orders. *See* Fed. R. App. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed *only as the court orders*" (emphasis added)); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) ("We read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed."). Federal Rule of Appellate Procedure 41(a) requires that the Court of Appeals' mandate provide "any direction about costs" in conjunction with an appeal. As noted above, the mandate issued by the Second Circuit on December 10, 2010 contains no reference to an award of appellate costs. (Ex. 5.) Yahoo has filed an initial Bill of Costs in the Second Circuit. (Ex. 1.) ASCAP has objected to that Bill of Costs and sought clarification from the Second Circuit as to whether Yahoo is entitled to any costs under Rule 39(a)(4). (Exs. 2 & 4.) That objection is still pending.

Because the Second Circuit has not issued an opinion regarding ASCAP's objections to Yahoo's initial Bill of Costs or issued an order entitling Yahoo to seek costs, the Clerk's judgment should be vacated.

## Conclusion

For the foregoing reasons, ASCAP respectfully requests that this Court vacate the Clerk's judgment awarding Yahoo its Bill of Costs.

Dated: New York, New York
January 28, 2011

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By _____
Jay Cohen
Lynn B. Bayard
Jacqueline P. Rubin
Darren W. Johnson
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3163
Email: jaycohen@paulweiss.com;
lbayard@paulweiss.com; jrubin@paulweiss.com;
djohnson@paulweiss.com

Richard H. Reimer
Sam Mosenkis
Christine A. Pepe
American Society of Composers, Authors and Publishers
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com; smosenkis@ascap.com;
cpepe@ascap.com

*Attorneys for the American Society of Composers, Authors and Publishers*

5