UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REALNETWORKS, INC., YAHOO! INC. | 09 Civ. 7760 (DLC) |
| Related to | |
| UNITED STATES OF AMERICA,<br>                                    Plaintiff,<br><br>                        v.<br><br>AMERICAN SOCIETY OF COMPOSERS,<br>AUTHORS AND PUBLISHERS,<br>                                    Defendant. | 41 Civ. 1395 (DLC) |

## DECLARATION OF JAY COHEN IN SUPPORT OF
## ASCAP'S MOTION TO REVIEW AND VACATE THE BILL OF COSTS

JAY COHEN, pursuant to 28 U.S.C. § 1746, declares:

1.      I am a member of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for American Society of Composers, Authors and Publishers ("ASCAP") in the above-captioned case.  I am admitted to the Bar of the State of New York and of this Court.

2.      I submit this declaration in support of ASCAP's Motion to Review and Vacate the Bill of Costs.

3.      Exhibit 1 is a true and correct copy of Yahoo!'s Verified Itemized Bill of Costs, filed in the Second Circuit on October 12, 2010.

4.      Exhibit 2 is a true and correct copy of the Objections of Defendant-Appellant-Cross-Appellee American Society of Composers, Authors and Publishers to

Applicants-Appellees-Cross-Appellants' Bill of Costs, filed in the Second Circuit on October 28, 2010.

5.      Exhibit 3 is a true and correct copy of the Opposition of Applicant-Appellee-Cross-Appellant Yahoo! Inc. to the American Society of Composers, Authors and Publishers' Objections to Yahoo!'s Bill of Costs, filed in the Second Circuit on November 4, 2010.

6.      Exhibit 4 is a true and correct copy of ASCAP's Reply to Applicants' Oppositions to ASCAP's Objections to Bill of Costs, filed in the Second Circuit on November 12, 2010.

7.      Exhibit 5 is a true and correct copy of the Second Circuit's mandate, issued on December 9, 2010.

8.      Exhibit 6 is a true and correct copy of Yahoo!'s Notice of Settlement of Bill of Costs to be taxed by the United States District Court for the Southern District of New York, served upon ASCAP on January 6, 2011.

9.      Exhibit 7 is a true and correct copy of ASCAP's Objection to Bill of Costs, filed on January 20, 2011.

10.      Exhibit 8 is a true and correct copy of Yahoo's Bill of Costs, entered by the United States District Court for the Southern District of New York on January 24, 2011.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   January 28, 2011
        New York, New York

JAY COHEN

# EXHIBIT 1

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

DENNIS JACOBS
CHIEF JUDGE

CATHERINE O'HAGAN WOLFE
CLERK OF COURT

Date: October 12, 2010
Docket Number: 09-0539-cv
Short Title: U.S.A. v. A.S.C.A.P.

DC Docket Number: 41-cv-1395
DC: SDNY (NEW YORK CITY)
DC Judge: Honorable William Conner

## VERIFIED ITEMIZED BILL OF COSTS

Counsel for
Applicant-Appellee-Cross-Appellant Yahoo! Inc.,

respectfully submits, pursuant to FRAP 39 (c) the within bill of costs and requests the Clerk to prepare an itemized statement of costs taxed against the
Defendant-Appellant-Cross-Appellee A.S.C.A.P.

and in favor of
Applicant-Appellee-Cross-Appellant Yahoo! Inc.

for insertion in the mandate.

Docketing Fee

Costs of printing appendix (necessary copies 17 )          $6,734.78 (see attached Rider)

Costs of printing brief (necessary copies 30 )          $ 575.00

Costs of printing reply brief (necessary copies 35 )          $ 301.00

$7,610.78

Pursuant to 28 U.S.C. § 1924, I hereby certify this item of costs is correct and has been necessarily incurred in this case, and that the services for which fees have been charged were actually and necessarily performed. I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this ___ day of October, 2010

Thomas Patrick Lane
Signature

## RIDER

APPENDIX

4066 x 17 = 69,122 pages x .20¢ =   $13,824.40

Color 107 x 16 = 1712 pages x .20¢ = $   342.40

Covers                               $ 1,040.00

SPECIAL APPENDIX

176 x 17 = 2992 pages x .20¢ =   $   598.40

Covers                           $   230.00

TOTAL                            $ 16,035.20

*TOTAL CLAIMED BY APPLICANT
-APPELLEE-CROSS-APPELLANT YAHOO! INC. -16,035.20 x .42 =        $ 6,734.78

*Applicant-Appellee-Cross-Appellant Yahoo! Inc.'s responsibility for the Confidential Joint
Appendix/Confidential Special Appendix is 42% pursuant to agreement of the parties

NY:1309039.1

```
* A P N Y 1 4 5 8 7 2 *
```

# Invoice

**Counsel Press LLC**
SDS-12-2802
PO Box 86
Minneapolis, MN 55486-2802

| | |
|---|---|
| Invoice Number: | 0009003858 |
| Date: | 6/12/2009 |
| Fed. Tax ID: | 43-2070509 |

**PLEASE NOTE NEW REMITTANCE ADDRESS**

Terms:   ON RECEIPT

**Sold To:**

Hogan & Hartson, LLP
875 Third Avenue
New York, NY 10022   USA

Attention: Ira M. Feinberg, Esq.

File No.:   223156
Court:   USCOA - 2ND
Case Name:   USA v. A.S.C.A.P.

For Reproduction of:

| | | | | Amount |
|---|---|---|---|---|
| | JOINT APPENDIX | | | |
| | CONFIDENTIAL - (17 copies) | | | |
| 7.00 | Cover(s) - 1st Side | @ | $135.00 | $945.00 |
| 1.00 | Additional Cover(s) | @ | $95.00 | $95.00 |
| 10.00 | Page(s) Table of Contents | @ | $50.00 | $500.00 |
| 4066.00 | Page(s) | @ | $4.60 | $18,703.60 |
| 4112.00 | Numbered Make Ready | @ | $0.25 | $1,028.00 |
| 1712.00 | Color Photos (16 x 107) | @ | $2.00 | $3,424.00 |
| 1.00 | Filing & 2 Service(s) | @ | $135.00 | $135.00 |
| 1.00 | Messenger Service | @ | $107.00 | $107.00 |
| 1.00 | Federal Express | @ | $74.00 | $74.00 |
| | SPECIAL APPENDIX | | | |
| | CONFIDENTIAL - (17 copies) | | | |
| 1.00 | Cover(s) - 1st Side | @ | $135.00 | $135.00 |
| 1.00 | Additional Cover(s) | @ | $95.00 | $95.00 |
| 1.00 | Page(s) Table of Contents | @ | $50.00 | $50.00 |
| 176.00 | Page(s) | @ | $4.60 | $809.60 |
| 176.00 | Numbered Make Ready | @ | $0.25 | $44.00 |

00-DR

| This Invoice is Due Upon Receipt. Please Show Invoice Number on Check When Submitting Payment. |
|---|

| | |
|---|---|
| Subtotal | $26,145.20 |
| Sales Tax | $2,189.66 |
| | $0.00 |
| Payment/Credit Amount | $0.00 |
| **Balance** | $28,334.86 |

NEW YORK, NY - WASHINGTON, DC - PHILADELPHIA, PA - LOS ANGELES, CA, CHICAGO, IL
BUFFALO, NY - RICHMOND, VA - BOSTON, MA - ISELIN, NJ - SYRACUSE, NY - ROCHESTER, NY

# Invoice

**Counsel Press LLC**
SDS-12-2802
PO Box 86
Minneapolis, MN 55486-2802

Invoice Number: 0009005345
Date: 8/13/2009
Fed. Tax ID: 43-2070509

### PLEASE NOTE NEW
### REMITTANCE ADDRESS

Terms: ON RECEIPT

**Sold To:**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166  USA

Attention: Ms. Sophia Tzannes

*Yahoo. Inc. 250140-30*

File No.: 224338
Court: USCOA - 2ND
Case Name: USA v. ASCAP

For Reproduction of:

APPELLEE'S BRIEF
- (23 copies, 80 pages)

| Qty | Description | | Rate | Amount |
|---|---|---|---|---|
| 1.00 | Preparation of Brief | @ | $615.00 | $615.00 |
| 1.00 | Additional Cover(s) | @ | $95.00 | $95.00 |
| 3.00 | Additional Copies Over 20 | @ | $17.10 | $51.30 |
| 1.00 | Digital Certification | @ | $25.00 | $25.00 |
| 5.00 | E-Service(s) | @ | $25.00 | $125.00 |
| 1.00 | E-Filing | @ | $35.00 | $35.00 |
| 1.00 | Filing & 5 Service(s) | @ | $225.00 | $225.00 |
| 2.00 | Express Mail - Service(s) | @ | $23.00 | $46.00 |

*APNY139967*

01-TAF

This Invoice is Due Upon Receipt. Please Show Invoice Number on Check When Submitting Payment.

| | |
|---|---|
| Subtotal | $1,217.30 |
| Sales Tax | $108.04 |
| | $0.00 |
| Payment/Credit Amount | $0.00 |
| **Balance** | $1,325.34 |

# Invoice

Counsel Press LLC
SDS-12-2802
PO Box 86
Minneapolis, MN 55486-2802

| | |
|---|---|
| Invoice Number: | 0009005611 |
| Date: | 8/24/2009 |
| Fed. Tax ID: | 43-2070509 |

PLEASE NOTE NEW
REMITTANCE ADDRESS

Terms:   ON RECEIPT

**Sold To:**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166   USA

Attention: Ms. Sophie Tzannes

File No.: 224600
Court:  USCOA - 2ND
Case Name:  USA v. ASCAP

*250140-30 - Yahoo, Inc.* (handwritten)

For Reproduction of:

| | | | | | Amount |
|---|---|---|---|---|---|
| | APPELLEE'S BRIEF | | | | |
| 7.00 | Additional Copies *- Amicus* | @ | $17.10 | | $119.70 |
| 7.00 | Service(s) | @ | $20.00 | | $140.00 |
| 1.00 | Postage | @ | $54.25 | | $54.25 |



| | |
|---|---|
| Subtotal | $313.95 |
| Sales Tax | $27.86 |
| | $0.00 |
| Payment/Credit Amount | $0.00 |
| **Balance** | $341.81 |

01-TAF

This Invoice is Due Upon Receipt. Please Show Invoice
Number on Check When Submitting Payment

NEW YORK, NY - WASHINGTON, DC - PHILADELPHIA, PA - LOS ANGELES, CA, CHICAGO, IL
BUFFALO, NY - RICHMOND, VA - BOSTON, MA - ISELIN, NJ - SYRACUSE, NY - ROCHESTER, NY

01/22/2010 17:16 FAX  12124817156       COUNSELPRESS                    ☒002/002

# Invoice

**Counsel Press LLC**
SDS-12-2802
PO Box 86
Minneapolis, MN 55486-2802

| | |
|---|---|
| Invoice Number: | 0009007692 |
| Date: | 11/9/2009 |
| Fed. Tax ID: | 43-2070509 |
| Terms: | ON RECEIPT |

**Sold To:**

Winston & Strawn LLP
200 Park Avenue
New York, NY 10166  USA

Attention: Ms. Sophia Tzannes

*250140-30 Yahoo! Inc.*

File No.: 226209
Court: USCOA - 2ND
Case Name: USA v. ASCAP

| | | | | **Amount** |
|---|---|---|---|---|
| For Reproduction of: | | | | |
| | REPLY BRIEF | | | |
| | - (35 copies, 43 pages) | | | |
| 1.00 | Preparation of Brief | @ | $465.00 | $465.00 |
| 15.00 | Additional Copies Over 20 | @ | $12.60 | $189.00 |
| 1.00 | Digital Certification | @ | $25.00 | $25.00 |
| 6.00 | E-Service(s) | @ | $25.00 | $150.00 |
| 1.00 | E-Filing | @ | $35.00 | $35.00 |
| 1.00 | Filing & 16 Service(s) | @ | $395.00 | $395.00 |
| 6.00 | Express Mail - Service(s) | @ | $23.00 | $138.00 |
| 1.00 | Express Mail - Client | @ | $23.00 | $23.00 |
| 1.00 | Postage | @ | $55.50 | $55.50 |

| Due Upon Receipt. Please Show Invoice ank When Submitting Payment | Subtotal | $1,475.50 |
|---|---|---|
| | Sales Tax | $130.95 |
| | | $0.00 |
| | Payment/Credit Amount | $0.00 |
| | **Balance** | $1,606.45 |

* A P N Y 1 4 0 0 8 1 *

NEW YORK, NY · WASHINGTON, DC · PHILADELPHIA, PA · LOS ANGELES, CA, CHICAGO, IL
BUFFALO, NY · RICHMOND, VA · BOSTON, MA · ISELIN, NJ · SYRACUSE, NY · ROCHESTER, NY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

        v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

        Defendant-Appellant-Cross-Appellee,

In the matter of the Applications of
REALNETWORKS, Inc, and YAHOO! INC.,

        Applicants-Appellees-Cross-Appellants.

------------------------------------------------------------------X

09-0539-cv

**CERTIFICATE OF SERVICE**

        I, Lane Lerner, an attorney duly admitted to practice law within the State of New York, with an office located at 200 Park Avenue, New York, New York 10166, hereby state that on October 12, 2010, I caused a true copy of the within Itemized and Verified Bill of Costs to be served upon counsel listed below by depositing same in a postpaid properly addressed wrapper under the exclusive care and custody of the United States Postal Service within the State of New York at the addresses indicated as follows:

Ira M. Feinberg
Chava Brandriss
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Catherine E. Stetson
Joshua D. Hawley
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004

I. Fred Koenigsberg
Christopher J. Glancy
Stefan Mentzer
White & Case LLP
1155 Avenue of the Americas
New York, New York 100336

Daniel Tenny
Scott R. McIntosh
United States Department of Justice
Civil Division, Room 7226
950 Pennsylvania Avenue, N.W.
Washington, D.C. 25030-0001

*Attorneys for Plaintiff-Appellee*
*United States*

Kenneth L. Steinthal
Greenberg Traurig, LLP
153 Townsend Street, 8th Floor
San Francisco, CA 94107

*Attorneys for Applicant-Appellee-Cross-*
*Appellant RealNetworks, Inc.*

Joan M. McGivern
Richard H. Reimer
ASCAP
One Lincoln Plaza
New York, New York 10023

*Attorneys for Defendant-Appellant-Cross-*
*Appellee*
*American Society of*
*Composers, Authors and Publishers*

I hereby certify under penalties of perjury that the foregoing is true and correct.

Executed on October 12, 2010.

_____
Lane H. Lerner

# EXHIBIT 2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| United States of America<br><br>   Plaintiff,<br><br>   v.<br><br>American Society of Composers, Authors and Publishers,<br><br>   Defendant-Appellant-<br>   Cross-Appellee,<br><br><br>In matter of the Applications of: RealNetworks, Inc., Yahoo! Inc.,<br><br>   Applicants-Appellees-<br>   Cross-Appellants. | Docket Nos.:09-0539-cv(L)<br>   09-0542-cv(CON)<br>   09-0666-cv(XAP)<br>   09-0692-cv(XAP)<br>   09-1527-cv(XAP) |

OBJECTIONS OF DEFENDANT-APPELLANT-CROSS-APPELLEE AMERICAN SOCIETY
OF COMPOSERS, AUTHORS AND PUBLISHERS TO APPLICANTS-APPELLEES-
CROSS-APPELLANTS' BILLS OF COSTS

ASCAP
JOAN M. MCGIVERN
RICHARD H. REIMER
CHRISTINE A. PEPE
ONE LINCOLN PLAZA
NEW YORK, NEW YORK 10023
(212) 621-5671

WHITE & CASE LLP
CHRISTOPHER J. GLANCY
I. FRED KOENIGSBERG
STEFAN M. MENTZER
1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 819-8200

HOGAN LOVELLS US LLP
CATHERINE E. STETSON
JOSHUA D. HAWLEY
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5491

HOGAN LOVELLS US LLP
IRA M. FEINBERG
CHAVA BRANDRISS
875 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 918-3000

Pursuant to Rule 39(d)(2) of the Federal Rules of Appellate Procedure, defendant-appellant-cross-appellee American Society of Composers, Authors and Publishers ("ASCAP") hereby submits this memorandum in opposition to the separate Verified Itemized Bills of Costs submitted on October 12, 2010 by applicants-appellees-cross-appellants RealNetworks, Inc. ("RealNetworks") and Yahoo! Inc. ("Yahoo!").

I.   BACKGROUND

On September 28, 2010, the Court issued its opinion on this appeal, which affirmed the District Court's ruling on one legal issue but otherwise vacated the District Court's judgment and remanded this matter to the District Court for further consideration. *See United States* v. Am. *Soc'y of Composers, Authors and Publishers (Applications of RealNetworks, Inc. and Yahoo! Inc.)*, No. 09-0539-cv(L), slip op. at 2 (2d Cir. Sep. 28, 2010). Specifically, the Court affirmed the District Court's ruling that a download of a musical work does not constitute a public performance of that work, and vacated the District Court's determination of a reasonable fee for the blanket ASCAP licenses sought by Applicants to publicly perform the musical works in the ASCAP repertory. *See id*. The Court did not order costs taxed to either Applicants or ASCAP. *See* Fed. R. App. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part,

2

modified, or vacated, costs are taxed only as the court orders").

Nevertheless, on October 12, 2010, RealNetworks and Yahoo! each filed Verified Itemized Bills of Costs (the "Bills of Costs") with the Clerk. RealNetworks' Bill of Costs seeks $7,621.18 in costs. Yahoo!'s Bill of Costs seeks $7,610.78. Both submissions should be rejected.

## II. THE COURT HAS NOT ORDERED THAT APPLICANTS ARE ENTITLED TO COSTS.

When a judgment has been "affirmed in part, reversed in part, modified, or vacated, costs are taxed *only as the court orders*." Fed R. App. P. 39(a)(4) (emphasis added). The Rule is clear: where, as here, the Court has not ordered costs taxed to any party, Applicants are not entitled to costs. *See L-3 Communications Corp.* v. *OSI Systems, Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) (FRAP 39(a)(4) "require[e]s the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed").

When a party is entitled to costs under subsections (1), (2) or (3) of Rule 39(a), the approval of a bill of costs is a ministerial task delegated to the Clerk of the Court. *See* Fed. R. App. P. 39(a)(1)-(3), 39(d). But in a case governed by Rule 39(a)(4), the Clerk has no authority to approve a bill of costs and to insert costs into the mandate where the Court has not

3

ordered costs.   See *Lafaro v. New York Cardiothoracic Group, PLLC*, 576 F.3d 128, 128 (2d Cir. 2009) ("[w]here 'a judgment is affirmed in part, reversed in part, modified, or vacated,'. . . costs must be ordered before a party filing a bill of costs under Federal Rule of Appellate Procedure 39(d) is entitled to receive them") (quoting Fed. R. Civ. P. 39(a)(4)).

The Court has not ordered costs on this appeal, and Applicants are not entitled to them.

## III. THE COURT SHOULD DENY ANY MOTIONS BY APPLICANTS TO FILE BILLS OF COSTS.

To the extent that the Court may choose to consider Applicants' Bills of Costs to be motions for leave to file bills of costs, those motions should be denied.

### A. Taxing Costs to ASCAP Would Be Neither Fair Nor Equitable.

The Court did not order costs taxed to ASCAP, and it would not be fair or equitable to do so.  Applicants prevailed on the download issue, but the lion's share of the costs on appeal were incurred in compiling the joint appendices in connection with Applicants' cross-appeal of the District Court's fee determination.  On that issue, neither side prevailed.  While the Court vacated and remanded the District Court's judgment, the Court did not necessarily accept Applicants' positions and in large part simply required the District Court to explain its

determinations in greater detail.  *See Cleveland By and Through Cleveland v. Piper Aircraft Corp.*, 898 F.2d 778, 780 (10th Cir. 1990) (denying bill of costs and motion for leave to file bill of costs where judgment was vacated and "neither party . . . completely prevailed in the cross-appeals").

### B. The Parties Have Already Agreed Upon a Fair Allocation of Costs for the Appeal.

As both Yahoo! and RealNetworks noted in their Bills of Costs, the parties agreed – at the time the Appendices were compiled and filed – to a fair allocation of the costs of the Appendices, based on the number of pages of documents each party sought to include.  That allocation was as follows: ASCAP – 16%, RealNetworks – 42% and Yahoo! – 42%.

The parties' agreement in fact fairly reflects the outcome of the appeal.  The parties' agreed allocation took into account the fact that most of the costs on appeal were incurred in compiling the joint appendices in connection with Applicants' cross-appeal.  Because neither Applicants nor ASCAP prevailed on the fee determination issue, as discussed above, there is no basis for imposing the costs of the fee issue on ASCAP.  And to the extent that Applicants prevailed on the download issue, ASCAP has already incurred – per the parties' agreement – the costs fairly allocable to that issue.  The Court should not disturb the parties' reasonable allocation of appeal costs.  *See*

*L-3 Communications*, 607 F.3d at 29 ("in a situation in which Rule 39(a)(4) applies, the appellate court may award all costs to one party, . . . may award costs to no party, . . . or may award costs in whatever combination it sees fit") (internal citations and quotations omitted).

## CONCLUSION

For the reasons set forth above, ASCAP opposes the Bills of Costs filed by Applicants and respectfully requests that the Court deny any motions by Applicants for leave to file bills of costs.

New York, New York
October 28, 2010

Respectfully submitted,

JOAN M. MCGIVERN
RICHARD H. REIMER
CHRISTINE A. PEPE
ASCAP
ONE LINCOLN PLAZA
NEW YORK, NEW YORK 10023
(212) 621-5671

CHRISTOPHER J. GLANCY
I. FRED KOENIGSBERG
STEFAN M. MENTZER
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 819-8200

CATHERINE E. STETSON
JOSHUA D. HAWLEY
HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5491

IRA M. FEINBERG
CHAVA BRANDRISS
HOGAN LOVELLS US LLP
875 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 918-3000

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

                   Plaintiff-Appellee,

         v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS
AND PUBLISHERS,

                   Defendant-Appellant-
                   Cross-Appellee,

In matter of the Applications of

REALNETWORKS, INC. and YAHOO! INC.,

                   Applicants-Appellees-
                   Cross-Appellants.

Docket Nos.:   09-0539-cv (L)
09-0542-cv (CON)
09-0666-cv (XAP)
09-0692-cv (XAP)
09-1527-cv (XAP)

## DECLARATION OF SERVICE

     IRA M. FEINBERG declares and states:

     1.   I am a partner in the law firm of Hogan Lovells US LLP.  I am one of the counsel on this appeal for defendant-appellant-cross-appellee American Society of Composers, Authors and Publishers ("ASCAP").

     2.   On October 28, 2010, I served a true and correct copy of the Objections of Defendant-Appellant-Cross-Appelle ASCAP to Applicants-Appellees-Cross-Appellants' Bills of Costs by first class U.S. mail, postage pre-paid, on counsel for applicants-appellees-cross-appellants and plaintiff, addressed as follows:

Thomas P. Lane
Winston & Strawn, L.L.P.
200 Park Avenue
New York, NY 10166
*Attorneys for Applicant-Appellee-Cross
Appellant Yahoo! Inc.*

Kenneth L. Steinthal
Greenberg Traurig, LLP
153 Townsend Street, 8th Floor
San Francisco, CA 94107
*Attorneys for Applicant-Appellee-Cross
Appellant RealNetworks, Inc.*

Daniel Tenny
Scott R. McIntosh
Civil Division, Room 7226
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001
*Attorneys for Plaintiff United States*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of October, 2010 in New York, New York.

Ira M. Feinberg

2

# EXHIBIT 3

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

                    v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

              Defendant-Appellant-Cross-Appellee,

In the matter of the Applications of

REALNETWORKS, INC., and YAHOO! INC.,

             Applicants-Appellees-Cross-Appellants.

-------------------------------------------------------------------X

Docket Nos.: 09-0539-cv (L)
09-0542-cv (CON)
09-0666-cv (XAP)
09-0692-cv (XAP)
09-1527-cv (XAP)

## OPPOSITION OF APPLICANT-APPELLEE-CROSS-APPELLANT YAHOO! INC. TO THE AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS' OBJECTIONS TO YAHOO!'S BILL OF COSTS

        Applicant-Appellee-Cross-Appellant Yahoo! Inc. ("Yahoo!") respectfully submits the following memorandum of law in opposition to Defendant-Appellant-Cross-Appellee American Society of Composers, Authors and Publishers ("ASCAP") objections to Yahoo!'s Bill of Costs, filed on October 28, 2010.

I.      **YAHOO! IS THE PREVAILING PARTY FOR PURPOSES OF RULE 39**

        In its objections to Yahoo!'s Bill of Costs, ASCAP inappropriately focuses on the language of Fed. R. App. P. 39(a)(4), for the proposition that the Court merely "affirmed in part" the decision in this appeal.  The decision rendered by this Court on September 28, 2010, in actuality affirmed the district court decision that a download is not a public performance (contrary to ASCAP's arguments), while vacating and remanding the appeals taken by Yahoo!

1

and co-Applicant-Appellee-Cross-Appellant RealNetworks, Inc. ("RealNetworks").[1]  With respect to an appeal of Judge Conner's April 25, 2007 opinion (the "download decision"), Fed. R. App. P. 39(a)(2) is the applicable rule because, on the sole issue of ASCAP's appeal, the Court determined that a download does not qualify as a public performance, thus affirming, *in total*, Judge Conner's download decision.  This Court properly affirmed the lower court decision related to ASCAP's appeal.

The fact that any cross-appeal taken by Yahoo! or RealNetworks may have been consolidated with ASCAP's appeal is of no moment.  Judge Conner ruled on the download issue nearly six months before trial on the measure of license fees began.  Yahoo! and RealNetworks' cross-appeals arise from a wholly separate decision by Judge Conner, issued on April 28, 2008 (the "fee decision").  As is clear from the caption in this case, each appeal is separately docketed with the Court.  Indeed, the Court's language in the September 28 opinion is clear: "we affirm the district court's ruling that a download of a musical work does not constitute a public performance of that work . . . ." (Sept. 28, 2010 Op. at 5).  The Court does not expressly state that it has "affirmed in part," but rather separately states that the fee decision is vacated.  ASCAP's objections that Fed. R. App. P. 39(a)(4) is the proper rule to apply in this case is simply mistaken.  The download decision was affirmed, and costs are taxable against ASCAP, the unsuccessful appellant.

## II.   YAHOO! IS ALSO ENTITLED TO COSTS ARISING FROM ITS APPEAL OF THE FEE DECISION

ASCAP is incorrect in its contention (a) that Yahoo! and RealNetworks have improperly submitted their Bills of Costs; and (b) that awarding costs to Yahoo! and RealNetworks would be unfair and inequitable.  As the clear prevailing party on ASCAP's appeal, Yahoo! is entitled to

---

[1] To the extent they are not duplicative, Yahoo! joins in the opposition memorandum filed by RealNetworks, Inc. to ASCAP's objections to the Bills of Costs.

costs pursuant to Fed. R. App. P. 39(a)(2), as discussed above. In addition, the Court may, in its discretion, award costs pursuant to Fed. R. App. P. 39(a)(4). An application for costs may be made even where Fed. R. App. P. 34(a)(4) governs the awarding of costs to a prevailing party, and granted at the discretion of the Court. This Court has construed such a bill of costs as an application for costs. *Lafaro v. N.Y. Cardiothoracic Group*, 576 F.3d 128, 128 (2d Cir. 2009).

Yahoo! is, without question, the prevailing party on its cross-appeal of the fee decision. The remand issued by this Court orders the district court to "redetermine reasonable fees for the licenses in light of [the Court's decision]." (Op. at 23). In ordering a complete redetermination of the fees awarded by Judge Conner, the Court expressly adopted Yahoo!'s argument that the Music-Use Adjustment Factor implemented by the district court was fundamentally flawed because it utilized "an imprecise metric" and the court failed to "provid[e] a sufficient rationale for that decision." (Op. at 31). Further, the district court "unreasonably arrived at its decision to apply a uniform 2.5% royalty rate." (Op. at 36). ASCAP's position on appeal was, and always has been, that the 2.5% royalty rate was reasonable and properly based on applicable benchmark agreements. This Court disagreed. Although Yahoo!'s cross-appeal was remanded for a determination of a reasonable fee for the public performance of the ASCAP repertory, Yahoo! was successful in all respects.

III. **ANY COST-SHARING AGREEMENT ENTERED INTO BY THE PARTIES IS IRRELEVANT**

As discussed in RealNetworks' opposition memorandum, and as is clear from Exhibit A to the Declaration of Harris Cohen, the parties simply agreed to split the initial costs of the joint appendix. This agreement was made pursuant to Fed. R. App. P. 30(b)(2), as ASCAP deemed portions of the joint appendix to be unnecessary to the appeal. Yahoo! at no point waived its right to tax such costs upon a successful appeal.

3

## CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court grant its Bill of

Costs in full.


Dated: November 4, 2010
      New York, New York

                                                   Thomas Patrick Lane
                                                 WINSTON & STRAWN LLP
                                                 200 Park Avenue
                                                 New York, New York 10166
                                                 tlane@winston.com
                                                 (212) 294-6700

                                                 *Attorneys for Applicant-Appellee-*
                                                 *Cross-Appellant Yahoo! Inc.*

4

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-------------------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

        v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

        Defendant-Appellant-Cross-Appellee,

In the matter of the Applications of
REALNETWORKS, Inc, and YAHOO! INC.,

        Applicants-Appellees-Cross-Appellants.

-------------------------------------------------------------------X

Docket Nos.: 09-0539-cv (L)
             09-0542-cv (CON)
             09-0666-cv (XAP)
             09-0692-cv (XAP)
             09-1527-cv (XAP)

**CERTIFICATE OF SERVICE**

I, Robert C. Turner, an attorney duly admitted to practice law within the State of New York, with an office located at 200 Park Avenue, New York, New York 10166, hereby state that on November 4, 2010, I caused a true copy of the within Opposition of Applicant-Appellee-Cross-Appellant Yahoo! Inc. to the American Society of Composers, Authors and Publishers' Objections to Yahoo!'s Bill of Costs to be served upon counsel listed below by depositing same in a postpaid properly addressed wrapper under the exclusive care and custody of the United States Postal Service within the State of New York at the addresses indicated as follows:

Ira M. Feinberg
Chava Brandriss
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Catherine E. Stetson
Joshua D. Hawley
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004

I. Fred Koenigsberg
Christopher J. Glancy
Stefan Mentzer
White & Case LLP
1155 Avenue of the Americas
New York, New York 100336

Daniel Tenny
Scott R. McIntosh
United States Department of Justice
Civil Division, Room 7226
950 Pennsylvania Avenue, N.W.
Washington, D.C. 25030-0001

*Attorneys for Plaintiff-Appellee*
*United States*

Kenneth L. Steinthal
Greenberg Traurig, LLP
153 Townsend Street, 8th Floor
San Francisco, CA 94107

*Attorneys for Applicant-Appellee-Cross-*
*Appellant RealNetworks, Inc.*

Joan M. McGivern
Richard H. Reimer
ASCAP
One Lincoln Plaza
New York, New York 10023

*Attorneys for Defendant-Appellant-Cross-*
*Appellee*
*American Society of*
*Composers, Authors and Publishers*

I hereby certify under penalties of perjury that the foregoing is true and correct.

Executed on November 4, 2010

_____
Robert C. Turner

NY:1308888.2

# EXHIBIT 4

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| United States of America<br><br>            Plaintiff,<br><br>      v.<br><br>American Society of Composers, Authors and Publishers,<br><br>      Defendant-Appellant-<br>      Cross-Appellee,<br><br><br>In matter of the Applications of: RealNetworks, Inc., Yahoo! Inc.,<br><br>      Applicants-Appellees-<br>      Cross-Appellants. | Docket Nos.:09-0539-cv(L)<br>            09-0542-cv(CON)<br>            09-0666-cv(XAP)<br>            09-0692-cv(XAP)<br>            09-1527-cv(XAP) |

ASCAP'S REPLY TO APPLICANTS' OPPOSITIONS TO
ASCAP'S OBJECTIONS TO BILLS OF COSTS

ASCAP
JOAN M. MCGIVERN
RICHARD H. REIMER
CHRISTINE A. PEPE
ONE LINCOLN PLAZA
NEW YORK, NEW YORK 10023
(212) 621-5671

WHITE & CASE LLP
CHRISTOPHER J. GLANCY
I. FRED KOENIGSBERG
STEFAN M. MENTZER
1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 819-8200

HOGAN LOVELLS US LLP
CATHERINE E. STETSON
JOSHUA D. HAWLEY
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5491

HOGAN LOVELLS US LLP
IRA M. FEINBERG
CHAVA BRANDRISS
875 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 918-3000

Defendant-Appellant-Cross-Appellee American Society of Composers, Authors and Publishers ("ASCAP") respectfully submits this memorandum in reply to the Oppositions filed by Applicant-Appellee-Cross-Appellant Yahoo! Inc. ("Yahoo!") and Applicant-Appellee-Cross-Appellant RealNetworks, Inc. ("RealNetworks") to the Objections filed by ASCAP to their Bills of Costs, filed November 4, 2010 (together, the "Oppositions" or "Opps.").[1]

## I.   COSTS ON THESE APPEALS MAY ONLY BE TAXED AS THE COURT ORDERS, AND THE COURT HAS NOT ORDERED COSTS.

### A.   Rule 39(a)(4) Governs Costs on These Appeals.

On page two of its September 28, 2010 decision, the Court explicitly "AFFIRMED in part, VACATED in part, and REMANDED" the District Court's judgments on appeal. Slip op. at 2; *see also id.* at 5 ("we affirm the district court's ruling . . . but we vacate the district court's assessment . . ."), and 49 (same). Under FRAP Rule 39(a)(4), this is therefore a case in which "costs [may be] taxed only as the court orders." *See* Fed R. App. P. 39(a)(4) (where judgment has been "affirmed in part,

---

[1]    As explained in ASCAP'S November 5, 2010 letter to the Clerk, Federal Rule of Appellate Procedure 39 makes no provision for the filing of "oppositions" to an objection to bills of costs. By their Oppositions, RealNetworks and Yahoo! (together, "Applicants") have in effect treated ASCAP's Objections as a motion to strike their Bills of Costs, and have submitted responses as they would to a motion filed under Rule 27. ASCAP therefore files this memorandum in reply to Applicants' Oppositions, as provided under Rule 27(a)(4).

1

reversed in part, modified, or vacated, costs are taxed *only as the court orders*") (emphasis added).

Despite the Court's explicit statement of its holding, Yahoo! asserts that "the Court does not expressly state that it has 'affirmed in part.'" Yahoo! Opp. at 2. And despite ASCAP's explicit reference to the Court's language, RealNetworks asserts that ASCAP was improperly "characterizing the Court's opinion as 'affirm[ing] in part [and] revers[ing] in part.'" RealNetworks Opp. at 2 (text alterations in RealNetworks' submission). Both assertions are flat-out wrong. As to Yahoo!'s assertion, the Court's decision says "AFFIRMED in part," slip op. at 2; and as to RealNetworks' assertion, nowhere in our earlier memorandum did we state or even suggest that the Court "reversed in part."

The Court should disregard Applicants' inaccurate statements regarding the Court's disposition of the appeal. It is plain that Rule 39(a)(4) applies here, and requires that the Court order costs before they may be awarded.[2] But the Court has not ordered costs, and Applicants are not entitled to them.

_____

[2] Applicants relatedly argue that because the appeal and cross-appeal bore separate docket numbers, the Court could not have affirmed and vacated *in part* within the meaning of Rule 39(a)(4). Yahoo! Opp. at 2; RealNetworks Opp. at 2. To the contrary, that is exactly how Rule 39(a)(4) is applied when a court addresses consolidated appeals. *See, e.g., Brands* v. *First Transit, Inc.*, 278 Fed. Appx. 722, 726, 2008 WL 2019638, at *3 (9th Cir. 2008) ("[b]ecause this was a consolidated appeal, in which we affirmed No. 06-55219 and reversed and

2

B.   Because the Court Affirmed Only in Part, Rule 39(a)(2) Does Not Apply.

Despite the Court's clear statement that it affirmed the District Court's judgments only in part, Applicants argue that they are entitled to costs under Rule 39(a)(2) because the Court "undoubtedly *affirmed*" the District Court's determination on the download issue "*in total.*"   RealNetworks Opp. at 1; Yahoo! Opp. at 2 (emphases in originals).   Applicants contend that the issue whether a download constitutes a public performance of ASCAP music was "the sole issue of ASCAP's appeal," and that the Court's determination on that issue was thus a "total" affirmance. Yahoo! Opp. at 2; *see also* RealNetworks Opp. at 1. But the Court did not view its affirmance of the District Court's download ruling as an affirmance "in total."   *See* slip op. at 2.   And contrary to Applicants' contentions, the issue of whether a download constitutes a public performance was *not* the only issue presented on ASCAP's appeal.   *See* ASCAP Br. at 2 and 48-60.   ASCAP's appeal also argued that download revenue should be included in the revenue base even if the Court determined that downloads were not public performances (because streaming previews generate download sales).   On that issue, the Court did

vacated No. 06-56761, we order that each party shall bear its own costs on appeal.").

3

*not* affirm; rather, the Court left the question open for the District Court to determine on remand.  Slip op. at 48.

Applicants thus are not entitled to costs under Rule 39(a)(2).

## II. APPLICANTS HAVE OFFERED NO COMPELLING REASON FOR THE COURT TO ORDER COSTS.

Although they have made no formal motion, Applicants suggest that the Court view their Bills of Costs as applications for costs.  Yahoo! Opp. at 3; RealNetworks Opp. at 2.  Even if construed as applications, Applicants' submissions should be denied.  Applicants have offered no compelling basis to impose the costs of these appeals on ASCAP.

### A. Neither Applicant Prevailed on Cross-Appeal.

Applicants claim that "[t]he Court's decision was . . . unquestionably . . . a 'win' for Applicants" on their cross-appeals, and that "Yahoo! is, without question, the prevailing party on its cross-appeal of the fee decision."  RealNetworks Opp. at 3; Yahoo! Opp. at 3.  But this is not so.  The Court did not reverse the District Court's fee decision, as Applicants requested.  Instead, the Court vacated the District Court's fee decision and remanded to the District Court for further proceedings in accordance with the Court's opinion.  *See* *slip*

4

op. at 23, 49.  This outcome presents, at the very least, a substantial "question" as to who prevailed on cross-appeal.

Applicants support their claim that they prevailed with citations to various instances in which the Court either approved of Applicants' positions below or criticized ASCAP's positions.  *See* RealNetworks Opp. at 3; Yahoo! Opp. at 3.  But ASCAP can similarly point to instances in which the Court *approved* of ASCAP's positions below or *criticized* Applicants' positions.  *See, e.g.*, slip op. at 25 ("We have no quarrel with the use of a MUAF here"); 25-26 (same, and finding Applicants' argument against using total revenue as a revenue base "unavailing"); 30-31 n.14 ("Streaming time likely bears some relation to the importance of music on Yahoo!"); 44-45 ("the setting of different rates for the Internet Companies' various services would be in some tension with prior case law regarding blanket licenses"); 46 (district court need not accept royalty rates from the BMI-Yahoo! agreement, "nor do we suggest that a bucket system is the only method").

In light of these examples, it is clear that neither party prevailed on the fee determination issue.

    B.   **The Parties' Agreement to a Fair Allocation of Costs for the Appeal Should Not Be Disturbed.**

The parties' agreed-upon allocation of appendix costs fairly reflects the outcome of the appeal.  *See* Objections at 5-

6.   The Court therefore need not revisit its decision to forgo ordering costs.

ASCAP does not suggest that the parties' agreement "implied a waiver of their right to seek the return of such costs if successful." RealNetworks Opp. at 4. *See* Yahoo! Opp. at 3. Rather, because the Court's result is mixed and Applicants were *not* totally "successful," and because ASCAP has already incurred appellate costs fairly allocable to the download issue, it is fair and equitable to allow the parties' agreement as to the costs relating to the cross-appeals to remain undisturbed.

Accordingly, treating Applicants' Bills of Costs as applications for leave to file Bills of Costs, Applicants' applications should be denied. *See Cleveland By and Through Cleveland* v. *Piper Aircraft Corp.*, 898 F.2d 778, 780 (10th Cir. 1990).

6

CONCLUSION

For the reasons set forth above and in ASCAP's Objections, ASCAP opposes the Bills of Costs filed by Applicants and respectfully requests that the Court deny any applications by Applicants for costs.

New York, New York
November 12, 2010

Respectfully submitted,

JOAN M. MCGIVERN
RICHARD H. REIMER
CHRISTINE A. PEPE
ASCAP
ONE LINCOLN PLAZA
NEW YORK, NEW YORK 10023
(212) 621-5671

CHRISTOPHER J. GLANCY
I. FRED KOENIGSBERG
STEFAN M. MENTZER
WHITE & CASE LLP
1155 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 819-8200

CATHERINE E. STETSON
JOSHUA D. HAWLEY
HOGAN LOVELLS US LLP
555 THIRTEENTH STREET, N.W.
WASHINGTON, D.C. 20004
(202) 637-5491

IRA M. FEINBERG
CHAVA BRANDRISS
HOGAN LOVELLS US LLP
875 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 918-3000

7

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>      v.<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS<br>AND PUBLISHERS,<br><br>        Defendant-Appellant-<br>        Cross-Appellee,<br><br>In matter of the Applications of<br><br>REALNETWORKS, INC. and YAHOO! INC.,<br><br>        Applicants-Appellees-<br>        Cross-Appellants. | Docket Nos.:   09-0539-cv (L)<br><br>     09-0542-cv (CON)<br><br>     09-0666-cv (XAP)<br><br>     09-0692-cv (XAP)<br><br>     09-1527-cv (XAP) |

## DECLARATION OF SERVICE

IRA M. FEINBERG declares and states:

1.   I am a partner in the law firm of Hogan Lovells US LLP.  I am one of the counsel on this appeal for defendant-appellant-cross-appellee American Society of Composers, Authors and Publishers ("ASCAP").

2.   On November 12, 2010, I served a true and correct copy of Defendant-Appellant-Cross-Appelle ASCAP's Reply to Applicants-Appellees-Cross-Appellants' Oppositions to ASCAP's Objections to Bills of Costs by first class U.S. mail, postage

pre-paid, on counsel for applicants-appellees-cross-appellants
and plaintiff, addressed as follows:

> Thomas P. Lane
> Winston & Strawn, L.L.P.
> 200 Park Avenue
> New York, NY 10166
> *Attorneys for Applicant-Appellee-Cross*
> *Appellant Yahoo! Inc.*
>
> Kenneth L. Steinthal
> Greenberg Traurig, LLP
> 153 Townsend Street, 8[th] Floor
> San Francisco, CA 94107
> *Attorneys for Applicant-Appellee-Cross*
> *Appellant RealNetworks, Inc.*
>
> Daniel Tenny
> Scott R. McIntosh
> Civil Division, Room 7226
> Department of Justice
> 950 Pennsylvania Avenue, N.W.
> Washington, D.C. 20530-0001
> *Attorneys for Plaintiff United States*

I declare under penalty of perjury that the foregoing is
true and correct.

Executed this 12th day of November, 2010 in New York, New
York.

Ira M. Feinberg

2

# EXHIBIT 5

MANDATE

UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand and ten.

BEFORE:   DENNIS JACOBS,
            *Chief Judge,*
          JOHN M. WALKER, JR.,
          DEBRA ANN LIVINGSTON,
            *Circuit Judges.*



UNITED STATES OF AMERICA,

          *Plaintiff-Appellee,*

    v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS
AND PUBLISHERS,

          *Defendant-Appellant-Cross-Appellee,*

In the matter of Applications of REALNETWORKS, INC.,
YAHOO! INC.,

          *Applicants-Appellees-Cross-Appellants.*

**JUDGMENT**
Docket Nos. 09-0539-cv (L)
            09-0542-cv (con)
            09-0666-cv (xap)
            09-0692-cv (xap)
            09-1572-cv (xap)

The appeal in the above captioned case from the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED to the district court for further proceedings in accordance with the opinion of this Court.

                                    FOR THE COURT,
                                    Catherine O'Hagan Wolfe,
                                    Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

                                    Joy Fallek, Administrative Attorney

MANDATE ISSUED ON 12/09/2010

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, <br><br> Defendant. | Civil Action No. 41-1395 (DLC) (MHD) <br><br><br> NOTICE OF SETTLEMENT OF BILL OF COSTS |
| In the matter of the Application of <br><br> REALNETWORKS, INC., and YAHOO! INC., <br><br> Applicants, <br><br> for the Determination of Reasonable License Fees. | |

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 54, and Local Civil Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the within Bill of Costs will be submitted for taxation by the Clerk on January 24, 2011 at 10:00 am.

Dated: New York, New York
January 6, 2011

Respectfully submitted,

WINSTON & STRAWN LLP

By: _____
Thomas Patrick Lane

200 Park Avenue
New York, NY 10166
(T) 212-294-6869
(F) 212-294-4700
tlane@winston.com
ATTORNEYS FOR APPLICANT
YAHOO! INC.

TO:

Ira M. Feinberg
Chava Brandriss
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022

Catherine E. Stetson
Joshua D. Hawley
Hogan Lovells US LLP
555 Thirteenth Street, NW
Washington, DC 20004

Jay Cohen
Lynn B. Bayard
Jacqueline P. Rubin
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, New York 10019

Joan M. McGivern
Richard H. Reimer
ASCAP
One Lincoln Plaza
New York, New York 10023

*Attorneys for Defendants*
*American Society of*
*Composers, Authors and Publishers*

Daniel Tenny
Scott R. McIntosh
United States Department of Justice
Civil Division, Room 7226
950 Pennsylvania Avenue, N.W.
Washington, D.C. 25030-0001

*Attorneys for Plaintiff*
*United States*

Kenneth L. Steinthal
Greenberg Traurig, LLP
153 Townsend Street, 8th Floor
San Francisco, CA 94107

*Attorneys for Applicant RealNetworks,*
*Inc.*

NY:1321758.1

2

# BILL OF COSTS

AO 133   (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

Southern   District of   New York

UNITED STATES OF AMERICA,
                              Plaintiff,
             v.
AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND
PUBLISHERS,
                              Defendants.

In the matter of the Application of YAHOO! INC.,
                              Applicant,
for the determination of Reasonable License Fees

## BILL OF COSTS

Case Number: 41-1395 (DLC)(MHD)

Judgment having been entered in the above entitled action on   12/10/2010   against   American Society of Composers, Authors and Publishers

the Clerk is requested to tax the following as costs:

Date

| | |
|---|---|
| Fees of the Clerk   Notices of Appeal (2) dated 02/11/2009 and 04/10/2009 | $ 910.00 |
| Fees for service of summons and subpoena ................................................. | |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | |
| Fees and disbursements for printing ....................................................... | |
| Fees for witnesses (itemize on page two) .................................................. | |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............. | |
| Docket fees under 28 U.S.C. 1923 ........................................................ | |
| Costs as shown on Mandate of Court of Appeals ............................................ | |
| Compensation of court-appointed experts ................................................. | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| Other costs (please itemize)   Per FRAP 39(e) -See Attached Rider | 189,000.00 |
| (Supersedeas Bonds) | |
| TOTAL | $ 189,910.00 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐   Electronic service by e-mail as set forth below and/or.

☒   Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _____

Name of Attorney:   Thomas Patrick Lane

For:   Yahoo! Inc.                                                                   Date:   1/6/2011
           Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

                                        By: _____

_____        _____        _____
Clerk of Court                              Deputy Clerk                              Date

✎AO 133   (Rev 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."

# RIDER

| | | |
|---|---|---|
| Notice of Appeal filed Feb. 11, 2009 | $ | 455.00 |
| Notice of Appeal filed April, 10, 2009 | $ | 455.00 |
| | $ | 910.00 |
| | | |
| Supersedeas Bond-Feb. 18, 2009-Feb. 18, 2010 | $ | 94,500.00 |
| Supersedeas Bond-Feb. 18, 2010-Feb. 18, 2011 | $ | 94,500.00 |
| | $ | 189,000.00 |
| **TOTAL** | $ | **189,910.00** |

NY:1311115.1

Risk Services | **AON**

## Yahoo! Inc.

Invoice No. 8200000111620

Yahoo! Inc.
Attn: Corporate Treasury-Risk Management
701 First Avenue
Sunnyvale CA 94089 USA

Aon Risk Insurance Services West, Inc.
San Francisco CA Office
199 Fremont Street
Suite 1500
San Francisco CA 94105
(415) 486-7000  FAX (415) 486-7029

| Client Account No. | Invoice Date | Currency | Account Executive |
|---|---|---|---|
| 570000013459 | Feb-25-2009 | US DOLLAR | Thomas Fitzgerald Jr |

| Insurance Co. | Policy No. / Named Insured | Policy Term | Trans. Eff. Date | Description | Amount |
|---|---|---|---|---|---|
| Fidelity & Deposit Company of MD | 08930489 Yahoo! Inc. | Feb-18-2009 - Feb-18-2010 | Feb-18-2009 | New - Court Bond | |
| | | | | Premium | 94,500.00 |
| **Comments** | | | | | |
| Principal:YAHOO! Inc. Obligee: American Society of Compsers,Authors and Publishers Description:Supersedeas bond,Civil Action 41-1395 (WCC), U S Dist. Court, Southern District of New York Bond Amount: $30,000,000 Questions-Julia Mo @ 415-486-7239 | | | | | |
| Agent/Broker: Aon Risk Insurance Services West, Inc. 14,175 Commission | | | | | |
| | | | | **TOTAL INVOICE AMOUNT DUE** | **94,500.00** |

**TO AVOID POTENTIAL DISRUPTION IN COVERAGE, PLEASE PAY IMMEDIATELY.**
For Wire instructions, contact your Account Executive.

*Please see last page for statement regarding Aon compensation.*

Page 1 of 2

This is a **Reprint** of an Existing Invoice

- ✂ *Please detach here  Top portion is for your records, bottom portion to be returned with your payment.* ▽

| Client Account No. | Invoice No. | Invoice Date | Currency | Amount Due |
|---|---|---|---|---|
| 570000013459 | 8200000111620 | Feb-25-2009 | US DOLLAR | 94,500.00 |

Yahoo! Inc.
Attn: Corporate Treasury-Risk Management
701 First Avenue
Sunnyvale CA 94089 USA

Send remittance to:
Aon Risk Insurance Services West, Inc.
Aon Risk Services Inc.
Department 9832
Los Angeles CA 90084-9832

### Regarding Compensation

Affiliates of Aon Group, Inc that provide retail, wholesale and reinsurance brokerage, risk management, underwriting and/or claim management, captive management, premium financing, and consulting may receive compensation in the form of (i) commissions and/or fees paid by an insurer and/or other third party and/or fees paid by a client, and (ii) investment and/or interest income on premiums, claim payments and return premiums temporarily held as fiduciary funds subject to the principal's consent as may be required or permitted by applicable law

To the extent that any portion of Aon's compensation, as reflected on its invoices, by operation of law, agreement or otherwise, becomes adjusted or credited to you, it is your responsibility to disclose the actual net cost to you of the brokerage and insurance costs you have incurred to third party(ies) having an interest in such amounts

If you have any questions regarding the nature or amount of the compensation paid to any Aon company on your account, we encourage you to contact the head of the Aon office that services your account

Risk Services | **AON**

## Yahoo! Inc.

Invoice No. 8200000121143

Yahoo! Inc.
Attn: Corporate Treasury-Risk Management
701 First Avenue
Sunnyvale CA 94089 USA

Aon Risk Insurance Services West, Inc.
San Francisco CA Office
199 Fremont Street
Suite 1500
San Francisco CA 94105
(415) 486-7000  FAX (415) 486-7029

| Client Account No. | Invoice Date | Currency | Account Executive |
|---|---|---|---|
| 570000013459 | Feb-09-2010 | US DOLLAR | Shelley Yim |

| Insurance Co. | Policy No. / Named Insured | Policy Term | Trans. Eff. Date | Description | Amount |
|---|---|---|---|---|---|
| Fidelity & Deposit Company of MD | 08930489  Yahoo! Inc. | Feb-18-2010 - Feb-18-2011 | Feb-18-2010 | Renewal - Court Bond | |
| | | | | Premium | 94,500.00 |

**Comments**

Principal: Yahoo! Inc.
Obligee: American Society of Composers, Authors and Publishers
Description: Supersedeas Bond, Civil Action 41-1395(WCC), U.S. Dist. Court, Southern District of New York
B/A  $30,000,000.00
Ques,call KeAna Conrad @ 213-630-3266.

Agent/Broker: Aon Risk Insurance Services West, Inc.
14,175 Commission

| | TOTAL INVOICE AMOUNT DUE | 94,500.00 |
|---|---|---|

**TO AVOID POTENTIAL DISRUPTION IN COVERAGE, PLEASE PAY IMMEDIATELY.**
For Wire instructions, contact your Account Executive.

*Please see last page for statement regarding Aon compensation.*

Page 1 of 2

This is a **Reprint** of an Existing Invoice

*Please detach here. Top portion is for your records, bottom portion to be returned with your payment.*

| Client Account No. | Invoice No. | Invoice Date | Currency | Amount Due |
|---|---|---|---|---|
| 570000013459 | 8200000121143 | Feb-09-2010 | US DOLLAR | 94,500.00 |

Yahoo! Inc.
Attn: Corporate Treasury-Risk Management
701 First Avenue
Sunnyvale CA 94089 USA

Send remittance to:

Aon Risk Insurance Services West, Inc.
Aon Risk Services Inc.
Department 9832
Los Angeles CA 90084-9832

### Regarding Compensation

Affiliates of Aon Group, Inc that provide retail, wholesale and reinsurance brokerage, risk management, underwriting and/or claim management, captive management, premium financing, and consulting may receive compensation in the form of (i) commissions and/or fees paid by an insurer and/or other third party and/or fees paid by a client and (ii) investment and/or interest income on premiums, claim payments and return premiums temporarily held as fiduciary funds subject to the principal's consent as may be required or permitted by applicable law

To the extent that any portion of Aon's compensation, as reflected on its invoices, by operation of law, agreement or otherwise, becomes adjusted or credited to you, it is your responsibility to disclose the actual net cost to you of the brokerage and insurance costs you have incurred to third party(ies) having an interest in such amounts

If you have any questions regarding the nature or amount of the compensation paid to any Aon company on your account, we encourage you to contact the head of the Aon office that services your account

# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REALNETWORKS, INC., YAHOO! INC. | 09 Civ. 7760 (DLC) |
| Related to | |
| UNITED STATES OF AMERICA, Plaintiff, | **ASCAP'S OBJECTION TO YAHOO! INC.'S BILL OF COSTS** |
| v. | |
| AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Defendant. | 41 Civ. 1395 (DLC) |

The American Society of Composers, Authors and Publishers ("ASCAP") respectfully submits this objection to Yahoo! Inc.'s ("Yahoo") Bill of Costs ("Bill of Costs"). Because the costs sought by Yahoo may only be awarded if the Second Circuit so orders, and because the Second Circuit did not direct costs in its mandate and has yet to decide ASCAP's pending objections regarding Yahoo's entitlement to costs, any taxation by this Court in response to Yahoo's application would be premature. Accordingly, we respectfully submit this Court should hold Yahoo's Bill of Costs in abeyance until ASCAP's pending objections are decided by the Second Circuit.

### Introduction

On September 28, 2010, the Second Circuit affirmed the district court's ruling that downloads of musical works do not constitute public performances of those works, vacated the district court's assessment of reasonable fees for the blanket ASCAP licenses sought by RealNetworks and Yahoo, and remanded the case to this Court for further proceedings in light of the Second Circuit's guidance. *See In re*

*RealNetworks/Yahoo,* 2010 WL 3749292 (2d Cir. Sept. 28, 2010).  The Court did not order costs taxed to RealNetworks, Yahoo or ASCAP.

On October 12, 2010, Yahoo filed a Bill of Costs in the Second Circuit. (Ex. 1.)[1]  On October 28, 2010, ASCAP filed its objections to Yahoo's Bill of Costs, arguing that Federal Rule of Appellate Procedure 39(a)(4) applied and that the Court had not issued an order taxing any party for costs.  (Ex. 2.)  On November 4, 2010, Yahoo filed its opposition to ASCAP's objections.  (Ex. 3.)  On November 12, 2010, ASCAP filed its reply.  (Ex. 4.)  ASCAP's objections are still pending before the Second Circuit.

On December 9, 2010, the Second Circuit issued its mandate without reference to an award of costs.  (Ex. 5.)

On January 6, 2011, pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, Yahoo served ASCAP with a Notice of Settlement of Bill of Costs to be taxed by this Court.  (Ex. 6.)  The notice contains a Bill of Costs requesting fees under Federal Rule of Appellate Procedure 39(e).  Specifically, Yahoo asks that the Clerk of this Court tax ASCAP for: (1) the fees for filing the notice of appeal; and (2) the premiums for the supersedeas bonds.  The notice sets January 24, 2011 as the date of submission of the Bill of Costs for taxation by the Clerk.

---

[1] References to "Ex. __" refer to exhibits annexed to the accompanying Declaration of Lynn B. Bayard.

**Argument**

  This Court should hold Yahoo's Bill of Costs in abeyance until ASCAP's pending objections are decided by the Second Circuit.

  Where, as here, the Second Circuit affirmed in part and vacated in part, and remanded the case to the district court, appellate costs may only be awarded if the Second Circuit so orders. *See* Fed. R. App. P. 39(a)(4) ("if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed *only as the court orders*" (emphasis added)); *L-3 Commc'ns Corp.* v. *OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010) ("We read subsection (a)(4) as requiring the appellate court to make a determination about which party, if any, should bear costs before costs may be taxed."). Federal Rule of Appellate Procedure 41(a) requires that the Court of Appeals' mandate provide "any direction about costs" in conjunction with an appeal. As noted above, the mandate issued by the Second Circuit on December 10, 2010 contains no reference to an award of appellate costs. (Ex. 5.) Plaintiff has filed an initial Bill of Costs in the Second Circuit. (Ex. 1.) ASCAP has objected to that Bill of Costs and sought clarification from the Second Circuit as to whether Plaintiff is entitled to costs under Rule 39(a)(4). (Exs. 2 & 4.) That objection is still pending.

  Because the Second Circuit has not issued an opinion regarding ASCAP's objections to Yahoo's initial Bill of Costs or issued an order entitling Yahoo to seek costs, any taxation by this Court as sought by Yahoo's Bill of Costs would be premature.

3

<u>Conclusion</u>

For the foregoing reasons, ASCAP respectfully requests that this Court hold Yahoo's Bill of Costs in abeyance until the Second Circuit decides the objections pending before it.

Dated: New York, New York
       January 20, 2011

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By _____
       Jay Cohen
       Lynn B. Bayard
       Jacqueline P. Rubin
       Darren W. Johnson
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3163
Email: jaycohen@paulweiss.com;
lbayard@paulweiss.com; jrubin@paulweiss.com;
djohnson@paulweiss.com

Richard H. Reimer
Sam Mosenkis
American Society of Composers, Authors and Publishers
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com; smosenkis@ascap.com

*Attorneys for the American Society of Composers, Authors and Publishers*

4

# EXHIBIT 8

Case 1:41-cv-01395-DLC -MHD   Document 618   Filed 01/07/11   Page 1 of 1

℁AO 133   (Rev. 8/06) Bill of Costs

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/11

## UNITED STATES DISTRICT COURT

Southern   District of   New York

UNITED STATES OF AMERICA,
                        Plaintiff,
            v.
AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND
PUBLISHERS,
                        Defendants.

In the matter of the Application of YAHOO! INC.,
                        Applicant,
for the determination of Reasonable License Fees

## BILL OF COSTS

Case Number: 41-1395 (DLC)(MHD)

Judgment having been entered in the above entitled action on     12/10/2010     against American Society of Composers, Authors and Publishers
                                                                  Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk   Notices of Appeal (2) dated 02/11/2009 and 04/10/2009 . | $ _____910.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | _____ |
| Fees and disbursements for printing . . . . . . . . | _____ |
| Fees for witnesses (itemize on page two) . . . . . . . . | _____ |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . | _____ |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . | _____ |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . | _____189,000.00 |
| Other costs (please itemize)   Per FRAP 39(e)-See Attached Rider . . . . . . . . . . | _____189,910.00 |
| (Supersedeas Bonds)                                TOTAL | $ _____189,910.00 |

DOCKETED AS
A JUDGMENT #11, 0124
ON 1/24/11

— No Appearances —
— Objections Filed —

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

☐   Electronic service by e-mail as set forth below and/or.

☒   Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _____

Name of Attorney:   Thomas Patrick Lane

For:   Yahoo! Inc.                                              Date:   1/6/2011
       Name of Claiming Party

Costs are taxed in the amount of   $189,910.00   _____   and included in the judgment.

_Ruby J. Krajick_                    By: _____        1/24/11
Clerk of Court                           Deputy Clerk                   Date