UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

IN RE APPLICATION OF REALNETWORKS,
INC., YAHOO! INC.

09 Civ. 7760 (DLC) (MHD)

_____

Related to

UNITED STATES OF AMERICA,

                        Plaintiff,

41 Civ. 1395 (DLC) (MHD)

    v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,

                     Defendant.

----------------------------------------------------------------------X

## OPPOSITION OF APPLICANT YAHOO! INC. TO THE AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS' MOTION TO REVIEW AND VACATE THE BILL OF COSTS

      Applicant Yahoo! Inc. ("Yahoo!") respectfully submits the following memorandum of

law in opposition to Defendant American Society of Composers, Authors and Publishers'

("ASCAP") Motion to Review and Vacate the Bill of Costs.

### RELEVANT FACTS

      Yahoo! is simply requesting that a very limited set of costs be taxed against ASCAP – the

lion's share of which ASCAP itself vociferously argued should be imposed upon Yahoo!.  In

addition to de minimis costs associated with the appeal filings from Judge Conner's prior

decisions, Yahoo! has requested a repayment of two years of premium payments on a

supersedeas bond taken out as a result of Judge Conner's April 30, 2008 license fee decision.

The premium payments required to cover the costs of Judge Conner's (ultimately erroneous)

license fee decision amount to nearly $200,000.  A significant sum for which Yahoo!, as the

prevailing party on appeal, now seeks to recover.

Following Judge Conner's license fee decision, the parties engaged in post-trial argument

before the Court regarding the total amount of the Applicants' revenue that should be included in

the license fee rate base.  (*See* Declaration of Robert C. Turner in Opp. to ASCAP's Mot. to

Vacate ("Turner Decl."), Ex. A at 3).   In addition to properly excluding certain separately

charged products and services not delivered through the Internet portal and certain business-to-

business revenue, on July 16, 2008, Judge Conner addressed ASCAP's request that the parties

take out a supersedeas bond pending appeal before the Second Circuit.  (*Id.* at 110-13).  ASCAP

argued that, due to uncertain economic conditions, a supersedeas bond was necessary to protect

ASCAP's District Court judgment.  (*Id.* at 111).  Judge Conner wholly disagreed with ASCAP

and, in fact, noted that there was little risk of Yahoo! becoming unable to pay a judgment

following appeal and the imposition of a supersedeas bond would constitute nothing more than

"an unnecessary nuisance" for Yahoo!.  (*Id.*).

Despite Judge Conner's clear indication that a supersedeas bond was unnecessary,

following the July 18, 2008 hearing, on December 8, 2008, Judge Conner reversed himself, and

ordered that a supersedeas bond was necessary.  (*Id.*, Ex. B at 9).  Judge Conner's sole basis for

this abrupt change in position was a finding that "there [had] been a precipitous drop in the

economy."  (*Id.*).  No evidence was submitted as to Yahoo!'s solid financial position, which in

July 2008 had weighed against the institution of a supersedeas bond.  Rather, at ASCAP's

insistence, the Court reversed its prior position and ordered Yahoo! to post a supersedeas bond,

despite a lack of compelling need.  Pursuant to the Court's altered position, Yahoo! negotiated a

supersedeas bond with ASCAP covering the full license fee award from Judge Conner's decision

as well as an excess amount of nearly 22%, far exceeding any interest accrued on the judgment to that point. (*Id.* Ex. C at 4).

It is from this bond, which was originally deemed "an unnecessary nuisance" by the Court but was later, inexplicably ordered by this Court, that Yahoo! seeks to recoup its premium fees. These fees were paid to support a judgment that has been deemed erroneous, and account for a significant cost outlay by Yahoo!. As the Court is aware, on September 28, 2010, the Second Circuit upheld Judge Conner's opinion related to whether digital downloads constitute a public performance, and vacated Judge Conner's opinion regarding the proper license fee structure for Yahoo!. On both of the appeals Yahoo! was the clear prevailing party. Of particular relevance to the issue of the supersedes bond, the multi-million dollar judgment rendered against Yahoo! by Judge Conner has been effectively nullified, making the supersedeas bond of no moment. Because the supersedeas bond was unnecessary in the first place, and was put into place by this Court, at its discretion, it is within this Court's discretion to find that the premium payments on Yahoo!'s supersedes bond are a properly recoverable cost following Yahoo!'s victory at the appellate level.

## I.   THE DISTRICT CLERK PROPERLY TAXED COSTS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 39(e)

While a "'district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself,' . . . [t]he Second Circuit has made clear that "because 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception."' *Karmel v. City of New York*, No. 00 Civ. 9063, 2008 WL 216929, at *1 (S.D.N.Y. Jan. 9, 2008) (citations omitted). "In light of this general rule, the losing party bears the burden of convincing the district court to exercise its discretion to vacate the Clerk of Court's award of costs." *Id.* at 2. Here, ASCAP, as the losing

party, has not met its burden of demonstrating that this Court should vacate the Clerk's award of costs to Yahoo! because, first, it is within this Court's discretion to grant Yahoo! its Bill of Costs, second, Yahoo! was the prevailing party on appeal, and, third, it would be inequitable not to award Yahoo! its reasonable costs at this time.

## A.   It Is Within the Court's Discretion To Grant Yahoo! its Costs

In objecting to the Clerk's awarding costs to Yahoo!, ASCAP misconstrues Federal Rule of Appellate Procedure 39. ASCAP argues that costs may only be taxed upon order from the Court of Appeals; however, ASCAP fails to note that by the plain text of Rule 39, certain costs are taxable by the appellate court while other costs are taxable by the district court; the taxing of those costs is determined by the respective courts. *See Scaduto v. Orlando*, 381 F.2d 587, 596 (2d Cir. 1967) ("None of the items sought in the District Court, [which included the premium of the supersedeas bond and the notice of appeal fee], were items taxable in [the Court of Appeals], so they were properly sought in the District Court." (internal citation omitted)). While Rule 39(c) and (d) focus on costs taxable by the Court of Appeals, which are determined under Rule 39(a)(1)-(3) or by the Court of Appeals pursuant to Rule 39(a)(4), the costs listed under Rule 39(e), which includes the cost of a supersedeas bond, are taxable by the district court at its discretion. *See, e.g., Guse v. J. C. Penney Co., Inc.*, 570 F.2d 679, 681 (7th Cir. 1978) ("[T]he district court is in a better position than [the appellate court] to make th[e] determination with regard to the costs to be taxed against the losing party in that court.").

Further, the Court of Appeals should defer to the judgment of district courts to determine the costs of appeal taxable under Rule 39(e), even where on appeal the decision was affirmed in part and remanded in part. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 448-49 (7th Cir. 2007) (Despite the appellate decision "fall[ing] into the category describe in

4

Rule 39(a)(4)" and ordering that both parties bear their own appellate costs, the Court of Appeals affirmed the district court's decision to tax the costs of the supersedeas bond, stating that "discretionary language found in Rule 39(a)(4) affords district courts broad discretion to allocate costs where, as here, an appellate court modifies a district court's judgment."); *Emmenegger v. Bull Moose Tube Co.,* 324 F.3d 616, 626-27 (8th Cir. 2003) (Where on the original appeal, the appellate court had "affirmed in part," and "vacated" and "remanded the case to the District Court for further proceedings," the appellate court then directed that the request to tax the cost of the supersedeas bond be taken to the district court, "[c]iting Federal Rule of Appellate Procedure 39(e)(3)" and stating that "the District Court always retained discretion to shift the cost of the supersedeas bond.").

Here, this Court has the same discretion under Rule 39(e) to tax ASCAP, as the losing party, for the costs of the supersedeas bond and the fees paid for the notice of appeal. *See Scaduto,* 381 F.2d at 596 (stating that "[b]y longstanding custom in this Circuit . . . the cost of obtaining a supersedeas bond is allowed to a prevailing appellant, and the District Court should not have denied it" even where other costs, including the cost of printing the appendix, were separately sought in, and taxed by, the Court of Appeals); *Berner v. British Commonwealth Pac. Airlines, Ltd.,* 362 F.2d 799, 800-01 (2d Cir. 1966) (affirming the district court's decision to tax costs against the losing party pursuant to Rule 39(e), as a matter reserved to the discretion of the district court). The District Court Clerk properly exercised that discretion by awarding Yahoo! its reasonable costs in relation to the action before *this* Court.

**B.   Yahoo! Is the Prevailing Party for Purposes of Fed. R. Civ. P. 54**

As Yahoo! was the prevailing party for purposes of this action, the Clerk correctly awarded Yahoo! its reasonable costs, including two years of premium payments on a supersedeas

bond.  Federal Rule of Civil Procedure 54(d)(1), which guides district courts in determining costs, states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); *Furman v. Cirrito*, 782 F.2d 353, 355 (2d Cir. 1986) ("The determination of costs in the federal system is controlled in district courts by Fed. R. Civ. R. 54(d)."); *see also Moore v. County of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) ("'In general, costs are awarded to the prevailing party and taxed against the losing party.'" (citation omitted)); *In re AOL Time Warner, Inc., Sec. and "Erisa" Litig.*, No. 02 Civ. 5575, 2007 WL 2741033, at *4 (S.D.N.Y. Sept. 27, 2007) (citing Fed. R. App. P. 39(e) as "listing costs taxable by district court for benefit of prevailing party on appeal").  The Court of Appeals heard appeals from two separate decisions—ASCAP's appeal from Judge Conner's April 25, 2007 opinion holding that a download does not qualify as a public performance (the "download decision"), and Yahoo! and RealNetworks' cross-appeal from an April 28, 2008 decision issued by Judge Conner, establishing a license fee arrangement (the "fee decision").  The Court issued a combined order affirming the download decision and vacating and remanding the fee decision—this order does not mean that Yahoo! is not the prevailing party for the purposes of Rule 54.  Yahoo! received the full extent of relief it requested from the Court of Appeals in regard to both of these decisions and is the prevailing party entitled to costs.  *Kerin v. U.S. Postal Service*,  218 F.3d 185, 189 n.1 (2d Cir. 2000) ("A prevailing party is one that has 'succeeded on any significant issue in litigation which achieved some of the benefit the part[y] sought in bringing suit,' such that the party is able to 'point to a resolution of the dispute which changes the legal relationship between itself and the [adversary].'" (citation omitted)).

6

By affirming Judge Conner's decision that a download does not qualify as a public performance, Yahoo! is no longer at risk of further litigation on the issue and is unquestionably the prevailing party with regard to the download decision. Further, by the Court of Appeals vacating and remanding the fee decision to this Court for a redetermination of Yahoo!'s ASCAP license fees, Yahoo! has succeeded in eliminating the license fee rate advocated by ASCAP and as a result, is the prevailing party in regard to the fee decision as well. *Furman*, 782 F.2d at 355 ("'Prevailing party' has been variously interpreted to include an appellant who has had his case remanded to district court, a party who has won a crucial jurisdictional issue on appeal, and other parties whose victories are neither clear-cut nor final." (internal citations omitted)). In appealing Judge Conner's fee decision, Yahoo! requested that the Court of Appeals remand the fee decision with instructions that the district court adopt a rate that reflects the actual music use by Yahoo!. The Court of Appeals did just that. The remand issued by the Court of Appeals orders the district court to "redetermine reasonable fees for the licenses in light of [the Court's decision]." (*United States v. American Soc'y of Composers, Authors and Publishers, (Matter of RealNetworks, Inc., and Yahoo! Inc.,)* 627 F.3d 64, 76 (2d Cir. 2010)) and openly rejects the fee structure and proposal advanced by ASCAP and largely adopted by the District Court.

In ordering a complete redetermination of the fees awarded by Judge Conner, the Court expressly adopted Yahoo!'s argument that the Music-Use Adjustment Factor implemented by the district court was fundamentally flawed because it utilized "an imprecise metric" and the court failed to "provid[e] a sufficient rationale for that decision." (*Id.* at 79). The Court of Appeals agreed with Yahoo! that the district court "unreasonably arrived at its decision to apply a uniform 2.5% royalty rate," and that "a reasonable royalty rate should reflect the varying values of Yahoo!'s differing music uses." ((*Id.* at 81, 83). It is impossible to argue that such a

7

decision—a decision that granted Yahoo! its full request for relief by vacating and remanding the issue to the district court with instructions that accord with those urged on appeal by Yahoo!—is not, for all practical purposes, a reversal, entitling Yahoo! to be considered the prevailing party. *See e.g., Saunders v. Washington Metro. Area Transit Autho.*, 505 F.2d 331, 333 (D.C. Cir. 1974) (finding that the "disposition of appellants' appeals, though in form a remand for further proceedings, was a reversal in every sense of the word, [and] [c]onsequently, appellants, as the prevailing parties, became entitled to an award of costs as a matter of course, save only to the extent that the court might direct otherwise").

### C.  It Would Be Inequitable Not To Award Yahoo! its Reasonable Costs

ASCAP's request that costs should not be taxed until an order is issued by the Court of Appeals lacks a reasonable basis.  The purpose for which the costs at issue here were incurred, the supersedeas bond and the notice of appeal fees, has long expired.  A supersedeas bond provides security to an appellee that should the appellee prevail, an appellant will remain capable of paying the judgment and interest accrued pending appeal. *Morgan Guar. Trust Co. of New York v. Republic of Palau*, 702 F. Supp. 60, 65 (S.D.N.Y. 1988) ("A supersedeas bond . . . protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after appeal; and . . . provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal.").  ASCAP vociferously argued for that bond, but the appeal was determined months ago, the judgment on the fee decision was vacated, and as demonstrated above, Yahoo! was the prevailing party on the fee decision for which it obtained the supersedeas bond.  The Clerk correctly granted Yahoo! its Bill of Costs pursuant to Rule 39(e), and this Court, in its discretion, should affirm the decision.

8

## CONCLUSION

For the foregoing reasons, Yahoo! respectfully requests that the Court deny ASCAP's

Motion to Review and Vacate the Bill of Costs and affirm the judgment awarding Yahoo! its Bill

of Costs entered on January 24, 2010.


Dated: February 11, 2010
      New York, New York

 

Michael S. Elkin
Thomas Patrick Lane
Robert C. Turner
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700

*Attorneys for Applicant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of February, 2011, I caused a copy of YAHOO! INC.'S MEMORANDUM IN OPPOSITION TO ASCAP'S MOTION TO VACATE and DECLARATION OF ROBERT C. TURNER IN OPPOSITION TO ASCAP'S MOTION TO VACATE to be served via operation of the ECF system and hand delivery, upon:

Jay Cohen
Lynn B. Bayard
PAUL WEISS RIFKIND WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019

*Attorneys for American Society of Composers,*
*Authors and Publishers*

_____
Robert C. Turner