# EXHIBIT C

01-16-09   03:51pm   From-Winston & Strawn                +12122941713        T-059   P 004/013   F-112

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, <br><br> Defendant. | Civil Action No. 41-1395 (WCC) <br><br><br> JUDGMENT ORDER |
| In the matter of the Application of <br><br> YAHOO! INC., <br><br> Applicant, <br><br> for the Determination of Reasonable License Fees. | REDACTED VERSION |

WHEREAS, applicant Yahoo! Inc. ("Yahoo!") applied to defendant American Society of Composers, Authors and Publishers ("ASCAP") for a blanket license effective July 1, 2002 authorizing the public performance in the United States of musical works in the ASCAP repertory for its business units that publicly perform music, including by means of Yahoo!'s Internet services located at www.yahoo.com, including all its sub-domains, and by means of Yahoo!'s now-defunct Musicmatch service (the "Licensed Services"). For the avoidance of doubt, Yahoo! has not applied for a license for the following parts of its business: the Yahoo! Music Unlimited subscription business offering to the extent it is powered by MusicNet, Inc. (operated by Yahoo! from April 2005 - the present, which is scheduled to be discontinued by December 2008); Yahoo!'s sales of games downloads, music track downloads and software; and

COPIES MAILED TO COUNSEL OF RECORD

Yahoo!'s off-portal business operations (consisting primarily of business-to-business solutions and services and technical operations and services) (collectively, the "Business Units Not Covered By This License"), as identified on the attached Exhibit I.

WHEREAS, ASCAP has granted Yahoo! a blanket license for the public performance in the United States of musical works in the ASCAP repertory by means of the Licensed Services in accordance with Section VI of the Second Amended Final Judgment ("AFJ2") entered herein;

WHEREAS, the parties were unable to reach agreement on the reasonable fees for the license requested, and ASCAP applied to this Court, in accordance with Section IX(A) of AFJ2, for the determination of reasonable license fees; and

WHEREAS, the Court held a trial on these matters between October 25 and November 15, 2007, and, upon due consideration of all the evidence and argument submitted by the parties, issued its Opinion and Order on April 14, 2008 (the "Opinion and Order") determining the reasonable blanket license fees payable for the Licensed Services for the period July 1, 2002 through December 31, 2009 (the "License Term"), and ordering the parties to cooperate in computing the royalties due to ASCAP from Yahoo! for the License Term and in the preparation of a proposed final judgment order effectuating the Opinion and Order;

It is hereby ORDERED, ADJUDGED, AND DECREED that:

**License Fees and Payments**

1. Yahoo! shall pay ASCAP, as reasonable final blanket license fees for the Licensed Services ("License Fees") for the License Term, amounts determined by multiplying:

2

  a. The total domestic United States revenue of the Licensed Services, less customary deductions for advertising sales commissions and traffic acquisition costs, ("Gross Revenue"); by

  b. a fraction, the numerator of which is the total number of hours music is streamed to users by means of the Licensed Services ("Music Hours") ("music programming" consisting of audio-only music programming, whether of an on-demand or internet radio format, plus record label music video programming), and the denominator of which is the total number of hours of use of the Licensed Services for the period July 1, 2002 through December 31, 2009 based on data reported by comScore Media Metrix ("comScore") provided however that for the period July 1, 2002 to December 31, 2002 the denominator shall be calculated by multiplying the Nielsen/NetRatings ("Nielsen") data available for 2002 by the ratio of comScore site hours to Nielsen site hours for 2003) ("Site Hours"), unless any other data for said fraction is ordered by the Court to be used; by

  c. the rate of 2.5%.

2. Pursuant to AFJ2 § IX, the Court determines that the following amounts derived from the formula set forth in Paragraph 1 above are reasonable final blanket license fees for the Licensed Services, and, accordingly, Yahoo! shall pay ASCAP the following amounts:

  a. $ 174,205.34 for the period July 1, 2002 through December 31, 2002;

  b. $ 871,837.06 for the period January 1, 2003 through December 31, 2003;

  c. $ 2,874,932.71 for the period January 1, 2004 through December 31, 2004;

  d. $ 6,004,902.81 for the period January 1, 2005 through December 31, 2005;

  e. $ 4,983,399.97 for the period January 1, 2006 through December 31, 2006;

  f. $ 5,029,527.69 for the period January 1, 2007 through December 31, 2007; and

  g. $ 1,273,585.02 for the period January 1, 2008 through March 31, 2008.

For the avoidance of doubt, a chart setting forth Yahoo!'s Gross Revenue, Music Hours, Site Hours, License Fees, and exclusions for the July 1, 2002 through March 31, 2008 period is attached hereto as Exhibit 1. The amounts payable under this Paragraph shall be adjusted to reflect interim license fees previously paid by Yahoo! to ASCAP for the Licensed Services for this period.

  3. For the period April 1, 2008 through December 31, 2009, Yahoo! shall pay ASCAP the amounts determined in accordance with the formula set forth in Paragraph 1 above, as reasonable final blanket license fees for the Licensed Services. The amounts payable under this Paragraph shall be adjusted to reflect interim license fees previously paid by Yahoo! to ASCAP for the Licensed Services for this period and exclusions consistent with those allowed for earlier periods.

  4. Yahoo! shall pay ASCAP all amounts accruing under Paragraph 2 above within 30 days after entry of this Judgment Order by the clerk of this Court, or post a bond consistent with paragraph 6 herein. Yahoo! shall pay ASCAP the amounts accruing under Paragraph 3 above on a quarterly basis, on or before thirty (30) calendar days after the end of each calendar quarter (i.e., January 30, April 30, July 30, October 30) associated with the amount.

4

5. Yahoo! shall pay ASCAP interest on the License Fees accruing under Paragraphs 2 and 3 above on a 4% per annum compound interest basis from the dates the License Fees accrued until the dates they are fully paid. For the avoidance of doubt, the License Fees set forth in Paragraphs 2(a), (b), (c), (d), (e), (f), and (g) shall be deemed to have accrued on December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, and March 31, 2008, respectively. For the further avoidance of doubt, the License Fees under Paragraph 3 shall be deemed to accrue thirty (30) calendar days after the end of each of their respective calendar quarters (i.e., January 30, April 30, July 30 and October 30).

6. Notwithstanding any of the provisions set forth in this Judgment Order, execution of the Judgment Order shall be stayed pending determination of any appeal taken from the Judgment Order, and upon Yahoo!'s taking of a supersedeas bond in the full amount of the license fees set forth in Paragraphs 1, 2, and 3, in accordance with Federal Rule of Civil Procedure 61(d).

License Fee Reports

7. Together with its License Fee payments in accordance with Paragraph 3 above, Yahoo! shall simultaneously provide ASCAP with statements setting forth Yahoo!'s Gross Revenue, Music Hours, and Site Hours necessary to calculate the License Fees (the "License Fee Reports").

8. The data contained in Yahoo!'s License Fee Reports shall be derived, to the extent practicable, from documents kept by Yahoo! in the ordinary course of its regularly conducted business or from Yahoo!'s database, and an officer of Yahoo! shall certify Yahoo!'s License Fee Reports.

#### Music Use Reports

9. Upon ASCAP's written request, Yahoo! shall provide ASCAP with music use reports regarding the musical works contained in Yahoo!'s audio-only and audiovisual streams in a calendar quarter (the "Music Use Reports") that contain data and that are in a format sufficient for ASCAP to make distributions to its members. The Music Use Reports shall be in a format agreed upon by the parties or ordered by the Court.

10. Yahoo! shall make good faith efforts to furnish the information requested in electronic form, employing such commercially practicable technology as may be available for monitoring music use on Yahoo!, or such other means or methods upon which Yahoo! and ASCAP agree.

#### Audits

11. ASCAP and its authorized representatives may, at any time during customary business hours and upon thirty (30) days prior written notice, examine the books, records, and electronic files of accounts in the custody or control of Yahoo! necessary to verify the License Fees, License Fee Reports, and Music Use Reports, and any other statements rendered and accountings made by Yahoo!. Any information ASCAP may obtain from such audits shall be treated as confidential. ASCAP shall have the right to conduct one complete audit of Yahoo! per year. ASCAP may initiate more than one audit in a year if ASCAP was unable to complete an earlier audit at the request of or due to the actions of Yahoo!.

12. In the event that an audit as described in the preceding paragraph reveals that Yahoo! underpaid ASCAP by ten percent (10%) or more, then Yahoo! shall pay a late payment charge on the additional fees due as a result of the audit of one-and-one-half percent (1 1/2%) per month, from the dates that the fees should have been paid. In the event that an audit reveals that Yahoo! underpaid ASCAP by less than ten percent (10%), then Yahoo! shall pay a late payment

charge on the additional fees due as a result of the audit of one-and-a-half percent (1 1/2%) per month from the date that ASCAP bills Yahoo! for such additional fees.

### Miscellaneous

13. Yahoo! shall pay a late payment charge of one-and-one-half percent (1 1/2%) per month from the due date on any required payment that is not made within thirty (30) days of its due date, beginning with payments due after the execution of this Order.

14. Yahoo! shall notify ASCAP in writing of any new Yahoo! sites or services that publicly perform music for which Yahoo! desires an ASCAP license that are not Licensed Services.

15. This Court retains continuing jurisdiction over the above-captioned proceeding for the purpose of hearing applications and making orders necessary or appropriate for this Judgment Order.

SO ORDERED.

Dated: White Plains, New York
January 20, 2009

*William C. Conner*
Sr. United States District Judge

01-16-09   03:52pm   From-Winston & Strawn             +12122941713           T-059   P.011/013   F-112

# EXHIBIT 1

## CALCULATION OF YAHOO! REVENUES SUBJECT TO FEE

| | 2H2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 1H2008 |
|---|---|---|---|---|---|---|---|
| Proposed Revenues Pre-Exclusions | 345,612,434 | 1,016,561,404 | 1,351,500,230 | 2,146,870,302 | 3,127,807,160 | 3,144,761,446 | 818,672,580 |

**Exclusions:**

*[REDACTED list of exclusions including: Revenues from Off-Portal Business-to-Business Services; fees for tools and mail services provided to other companies (Zimbra); Customized Life mailing fees; fees from provision of search functionality in off-network sites (Global Advertising Marketplace); fees paid by other companies for use of the Overture search platform used to deliver Yahoo.com; fees for advertising impressions provided to third parties (Right Media); fees for provision of hosting, storage, other services to small businesses (Yahoo! Small Business); revenues from sale of advertisements as a part of other companies (like Lycos); revenues associated with acquisition of Rollover for use with internal data and analytics; revenues allotted to licensing of "Where on Earth" geotargeting technology to other companies]*

Less Entertainment Revenues Not Subject to License Fee:

*[REDACTED list including: permanent games downloads; song track downloads from MusicMatch; premium software sales from MusicMatch; Yahoo! Music Unlimited song track downloads (licensed by MusicNet); less Yahoo! Music Jukebox premium software sales]*

Less Revenues Attributable to Separately Licensed MusicNet Services:

Total Adjustments:

**Yahoo! Revenues Subject to Fee**

**SOURCE/NOTES:**
[1] ASCAP's Proposed Revenues July 1, 2008
[2] Total adjustments for 1st-half 2002 divided in half.

YAHOO! LICENSE FEES (July 2002 - Q1 2008)

| | 2H2002 | 2003 | 2004 | 2005 | 2006 | 2007 | 1Q2008 |
|---|---|---|---|---|---|---|---|
| Domestic Revenues Less TAC and Adjustments | | | | | | | |
| Site Hours | | | | | | | |
| Music Hours | | | REDACTED | | | | |
| Music Hours as % of Site Hours | | | | | | | |
| Revenues subject to fee | | | | | | | |
| Rate | | | | | | | |
| License Fees | $174,203.34 | $871,837.05 | $2,874,032.71 | $6,004,902.81 | $4,841,390.97 | $5,020,527.59 | $1,273,585.03 |