UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REALNETWORKS, INC., YAHOO! INC. | 09 Civ. 7760 (DLC) |
| Related to | |
| UNITED STATES OF AMERICA, Plaintiff, v. AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Defendant. | ASCAP'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REVIEW AND VACATE THE BILL OF COSTS 41 Civ. 1395 (DLC) |

The American Society of Composers, Authors and Publishers ("ASCAP") respectfully submits this reply memorandum of law in further support of its Motion to Review and Vacate the Bill of Costs.

### Preliminary Statement

As we demonstrated in our Motion to Review and Vacate the Bill of Costs, in *L-3 Commc'ns Corp.* v. *OSI Sys., Inc.*, 607 F.3d 24 (2d Cir. 2010), the Second Circuit held that, in this Circuit, Federal Rule of Appellate Procedure 39(a)(4) requires *"the appellate court* to make a determination about which party, if any, should bear costs *before costs may be taxed"* in either the Second Circuit or the district court. *Id.* at 29 (emphasis added). Only then, "whether pursuant to Rules 39(a)(1) through (3), *or by order of the appellate court under Rule 39(a)(4),"* is a party "entitled to seek costs in the district court pursuant to Rule 39(e)." *Id.* (emphasis added).

Remarkably, nowhere in its ten-page opposition does Yahoo mention – let alone attempt to distinguish – the Second Circuit's decision in *L-3 Communications*. Nor

does Yahoo cite any other authority to the contrary in this Circuit. As a result, there simply is no basis for Yahoo's request that this Court affirm an award of costs pursuant to Rule 39(e) prior to an order of the appellate court directing such cost. As a result, and consistent with the controlling authority in the Second Circuit, this Court should vacate the Clerk's judgment until after the Second Circuit has decided what – if any – costs should be awarded.

**Argument**

**I.**

**YAHOO IS NOT ENTITLED TO COSTS UNDER FED. R. APP. P. 39(E) UNTIL THE SECOND CIRCUIT SO ORDERS PURSUANT TO FED. R. APP. P. 39(A)(4)**

Yahoo does not dispute that the costs it seeks in this Court are governed by Fed. R. App. P. 39(e), which explicitly provides that the district court may only award costs on appeal taxable in the district court to "the party entitled to costs under this rule." Yahoo also does not dispute that the determination of which "party is entitled to costs under this rule" is governed by Rule 39(a), which provides that, where (as here) "a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders" Fed. R. App. P. 39(a)(4). And Yahoo does not dispute that the Second Circuit has specifically ruled that an order of costs under Rule 39(a)(4) must be made by *the appellate court*, not by the district court. *See L-3 Commc'ns Corp.* v. *OSI Sys., Inc.*, 607 F.3d 24, 29 (2d Cir. 2010). Nonetheless, Yahoo argues that this Court has the discretion to award such costs prior to the Second Circuit's determination of which party is entitled to such costs under Rule 39(a)(4). (Opp. 5.) That is not the law.

As our main brief established, the Second Circuit's decision in *L-3 Communications* is directly on point and dispositive of this motion. In that case, the

2

Second Circuit unequivocally held that under Rule 39(a)(4) *"the appellate court"* – not the district court – is "to make a determination about which party, if any, should bear costs *before costs may be taxed."* *Id.* at 29 (emphasis added). That ruling applies to all costs under Rule 39, including costs on appeal taxable in the district court pursuant to Rule 39(e). *See id.* (holding that only "pursuant to Rules 39(a)(1) through (3), *or by order of the appellate court under Rule 39(a)(4),*" is a party "entitled to seek costs in the district court pursuant to Rule 39(e)" (emphasis added)).

Yahoo does not even attempt to distinguish the Second Circuit's decision in *L-3 Communications*. To the contrary, Yahoo fails even to discuss that critical, dispositive decision. Instead, Yahoo relies on inapposite case law that simply stands for the unremarkable proposition that the district court has discretion to determine exactly which costs to award *after* the appellate court has determined against which party such costs must be assessed. *See, e.g., Scaduto v. Orlando*, 381 F.2d 587, 597 (2d Cir. 1967) (cited at Opp. 4) (district court taxed cost under Rule 39(e) only *after* appellate court awarded costs pursuant to Rule 39(a)(4)); *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 448-49 (7th Cir. 2007) (same) (cited at Opp. 5); *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 626-27 (8th Cir. 2003) (same) (cited at Opp. 6); *Guse v. J.C. Penny Co., Inc.*, 570 F.2d 679, 681 (7th Cir. 1978) (cited at Opp. 4) (no need for the appellate court to determine against which party Rule 39(e) costs must be assessed because the appellate court reversed and thus Rule 39(a)(3) – not Rule 39(a)(4) – applied); *Berner v. British Commonwealth Pac. Airlines, Ltd.*, 362 F.2d 799, 800-01 (2d Cir. 1996) (cited at Opp. 5) (same). None of those cases support Yahoo's request that

3

this Court affirm an award of costs pursuant to Rule 39(e) *prior* to an order of the appellate court directing such costs.

## II.

## YAHOO IS NOT THE PREVAILING PARTY

As established above and in our main brief, Rule 39(a)(4) requires that the appellate court – not this Court – determine which party is the prevailing party for the purpose of assessing costs under Rule 39(e). Thus, Yahoo's argument that it should be considered the prevailing party under Fed. R. Civ. P. 54(d)(1) is directed at the wrong court and based on the wrong rule.

By its express terms, Fed. R. Civ. P. 54(d)(1) does not apply where "a federal statute, these rules, or a court order provides otherwise." As noted above, Yahoo does not dispute that Fed. R. App. P. 39(e) governs the costs at issue here – namely, costs on appeal taxable in the district court. And, as noted above, Yahoo does not dispute that the determination of which party is entitled to costs under Fed. R. App. P. 39(e) is governed by Fed. R. App. P. 39(a), which provides in these circumstances that such costs are taxed only as the appellate court orders. Accordingly, it is Fed. R. App. P. 39(a), not Fed. R. Civ. P. 54(d)(1), that governs which party is the prevailing party for the purpose of awarding the costs at issue here. None of the cases cited by Yahoo hold otherwise. Indeed, those cases all involve the application of Fed. R. Civ. P. 54(d)(1), not Fed. R. App. P. 39(a), and thus are irrelevant here.

In any event, even if it were appropriate for this Court to determine which party prevailed on appeal, no costs should awarded because neither party prevailed on the cross-appeals. With respect to ASCAP's appeal on the download decision, the Second Circuit considered two main issues: (1) whether a download constitutes a public

performance of ASCAP music, and (2) whether download revenue should be included in the revenue base even if it is determined that downloads are not public performances. The Second Circuit affirmed the district court's determination that a download does not constitute a public performance. However, as to whether to include download revenue in the revenue base, the Second Circuit expressly left that question open for this Court to determine on remand. Thus, neither party fully prevailed on ASCAP's appeal.

With respect to Yahoo's cross-appeal on the fee decision, the Second Circuit did not reverse this Court's fee determination as Yahoo requested. Instead, the Second Circuit vacated the fee decision and, pursuant to an opinion that includes both approval and criticism for various positions of each party, remanded the case for further proceedings in this Court. Thus, neither party fully prevailed on Yahoo's appeal.

In any event, the issue as to whether any party is a prevailing party for the purpose of taxing costs is one that is before the Court of Appeals. If and only if the Second Circuit determines that Yahoo prevailed will it be entitled to seek costs in this court.

## Conclusion

For the foregoing reasons, ASCAP respectfully requests that this Court vacate the Clerk's judgment awarding Yahoo its Bill of Costs.

Dated: New York, New York
      February 16, 2011

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By_____
      Jay Cohen
      Lynn B. Bayard
      Darren W. Johnson
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3163
Email: jaycohen@paulweiss.com;
lbayard@paulweiss.com; jrubin@paulweiss.com;
djohnson@paulweiss.com

Richard H. Reimer
Sam Mosenkis
Christine A. Pepe
American Society of Composers, Authors and Publishers
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com; smosenkis@ascap.com;
cpepe@ascap.com

*Attorneys for the American Society of Composers, Authors and Publishers*

6