UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12/19/2011

In the Matter of the Application for the
Determination of Interim License Fees for

THE CROMWELL GROUP, INC. AND
AFFILIATES, ET AL. (REIER
BROADCASTING COMPANY, INC.)

10 CV 0167 (DLC)(MHD)

In the matter of the Application of

HICKS BROADCASTING OF INDIANA, LLC.,
ET AL. (REIER BROADCASTING COMPANY, INC.)

09 CV 7759 (DLC)

Related to

UNITED STATES OF AMERICA,
                    Plaintiff,

v.

AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS,
                    Defendant.

41 CV 1395 (DLC)

## CONSENT JUDGMENT

WHEREAS, the parties to the above-captioned proceeding having consented to have this Court (Conner, J.) hear and determine the application of applicants *Hicks Broadcasting of Indiana, LLC, et al.*, for reasonable license fees for licenses from the American Society of Composers, Authors and Publishers ("ASCAP") for periods commencing January 1, 2001; and this Court (Conner, J.) having issued its Final Order in the *Hicks* proceeding on October 14, 2004, approving the ASCAP 2004 Radio Station License Agreement ("2004 License"), covering the period January 1, 2001 through December 31, 2009; and

WHEREAS, pursuant to Paragraph 7 of the Final Order this Court retained continuing jurisdiction for the purpose of enforcing the Final Order, as well as "the terms, conditions and obligations of the ASCAP License Agreement"; and

WHEREAS, Reier is the F.C.C. licensee of radio stations KOBB-AM, KOBB-FM, KBOZ-AM, and KBOZ-FM, all of which are located in Bozeman Montana; and KOZB-FM, located in Livingston, Montana (collectively "the Stations"); and

WHEREAS, the Stations are bound to the terms and conditions of the 2004 License by virtue of being on the list of "Bound Stations" attached to the Final Order; and

WHEREAS, Reier and ASCAP also executed 2004 Licenses for the Stations; and

WHEREAS, this Court's Interim Fee Order entered in the *Cromwell* proceeding on May 25, 2010, set interim fees to be paid by Bound Stations and further extends the 2004 License on an interim basis pending negotiated or court-determined final license fees for the *Cromwell* applicants; and

WHEREAS, Reier and ASCAP executed a letter agreement providing for interim licenses for the Stations, by which Reier agreed to be bound by license terms either agreed upon by ASCAP and the RMLC or ordered by the Court in a rate proceeding for periods beginning January 1, 2010; and

WHEREAS, Reier's Stations are "Bound Stations" within the meaning of both the Final Order and the Interim Fee Order; and

WHEREAS, Reier owes ASCAP a total of $129,041.31, representing unpaid license fees and late payment charges pursuant to the Stations' 2004 Licenses and interim licenses for periods through November 30, 2011; and

WHEREAS, ASCAP and Reier agree to the entry of this Consent Judgment;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Judgment is hereby entered in favor of ASCAP and against Reier in the amount of $129,041.31 (the "Judgment Amount"), representing license fees and late payment charges owed to ASCAP for the Stations through November 30, 2011, with interest to accrue on any balance of the Judgment Amount from the date of entry of this Consent Judgment at the rate of nine percent (9%) per annum simple interest.

2. Reier shall pay to ASCAP the Judgment Amount as follows:

a. A monthly installment of $4,500.00 ("Monthly Installment") on or before the fifth day of every month, beginning January 5, 2012 through June 5, 2012, from which the current monthly license fees owed to ASCAP, as determined pursuant to the Stations' ASCAP license agreements in effect at that time, whether final or interim licenses, will first be paid; the remainder of the Monthly Installment will be applied first to accrued interest on the unpaid Judgment Amount and then to the balance of the Judgment Amount;

b. The balance of the Judgment Amount plus accrued interest on or before July 5, 2012, provided, however, that if, on that date, Reier is in compliance with the terms and conditions of this Consent Judgment, ASCAP and Reier will negotiate in good faith the terms for payment in reasonable installments of the remainder of the Judgment Amount and any other remaining sums owed to ASCAP.

3. If Reier violates the terms and conditions of this Consent Judgment, ASCAP will give Reier written notice of such default. If Reier fails to cure such default within ten days from the date of ASCAP's notice, ASCAP shall be entitled to have execution issue immediately on this Consent Judgment, and without further notice, to collect any balance then due pursuant to

3

this Consent Judgment. Failure of a check made payable to ASCAP by Reier to clear for payment constitutes default pursuant to the terms and conditions of this Consent Judgment. Reier will be responsible for all costs incurred by ASCAP in bank fees and penalties that result from the failure of a check made payable to ASCAP by Reier to clear for payment. Notwithstanding the absence of any default by Reier, ASCAP shall be permitted at all times to take any reasonable and necessary measures to perfect and maintain its rights and security interests; provided, however, that so long as Reier complies with its payment obligations as set forth in Paragraph 2(a) above, ASCAP shall refrain from registering this Consent Judgment in the State of Montana.

4.  Reier will promptly give notice to ASCAP of any contract for the sale or transfer of any of the Stations or any ownership interest in the Stations, directly or indirectly. Said notice shall include furnishing ASCAP with a complete copy of the contract for sale or transfer, the name and address of the buyer(s), the terms of the sale or transfer, and the closing date of the sale or transfer. In advance of any such sale or transfer, Reier will cause arrangements to be made for the full payment to ASCAP of all amounts due and owing to ASCAP pursuant to this Consent Judgment and the Stations' ASCAP license agreements (the "Assignment Amount"), not later than the closing date of such sale or transfer. Such arrangements shall specifically include, and not be limited to, Reier notifying the prospective purchaser or transferor of Reier' obligations under this paragraph, and further, Reier, the buyer and ASCAP entering into and executing an Agreement for the Assignment of Proceeds from such sale or transfer pursuant to which ASCAP shall be paid the Assignment Amount from the first payment made by the buyer at or before the closing of the intended sale or transfer. If Reier fails to place the buyer on notice of its obligations to ASCAP pursuant to this Agreement, ASCAP may unilaterally place the

buyer on notice of Reier's obligation to execute the Assignment of Proceeds and/or take whatever steps ASCAP deems necessary to ensure payment of the balance of the Judgment Amount plus accrued interest at or before the closing of the intended sale or transfer.

5. The Clerk of Court shall not close this case.

Dated: November 19, 2011
New York, New York

_____
United States District Judge

We consent to the entry of the foregoing Consent Judgment:

Dated: 12/15/11
AMERICAN SOCIETY OF
COMPOSERS, AUTHORS AND
PUBLISHERS

By: _____
Richard H. Reimer
Christine A. Pepe
Attorneys for ASCAP
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6261
Fax: (212) 787-1381

Dated: 12/15/2011
REIER BROADCASTING COMPANY, INC.

By: _____
Mr. William Reier Sr., President
Reier Broadcasting Company, Inc.
5445 Johnson Road
Bozeman, MT 59718
Phone: (406)-587-9999

5