2/21/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application for the Determination of Interim License Fees for<br><br>THE CROMWELL GROUP, INC. AND AFFILIATES, ET AL. (WATERMARK COMMUNICATIONS LLC) | 10 CV 0167 (DLC)(MHD) |
| In the Matter of the Application of<br><br>HICKS BROADCASTING OF INDIANA, LLC., ET AL. (WATERMARK COMMUNICATIONS LLC) | 09 CV 7759 (DLC) |
| Related to<br><br>UNITED STATES OF AMERICA,<br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>　　　　　　　　　　　　　Defendant. | 41 CV 1395 (DLC) |

## STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

The American Society of Composers, Authors and Publishers ("ASCAP") and Watermark Communications LLC ("Watermark"), by their undersigned attorneys, hereby stipulate as follows:

WHEREAS, Watermark Communications LLC ("Watermark") is the F.C.C. licensee of radio stations WVOS-AM and WVOS-FM, which are located in Liberty, New York, and of radio station WSUL-FM, which is located in Monticello, New York (collectively referred to as "the Stations"); and

1

WHEREAS, on October 14, 2004, in the proceeding captioned *In the matter of the Application of Hicks Broadcasting of Indiana, LLC, et al.*, 09 CV 7759, related to *United States v. ASCAP*, 41 CV 1395 (S.D.N.Y.), the Court issued its Final Order approving the ASCAP 2004 Radio Station License Agreement (the "2004 License"), covering the period January 1, 2001 through December 31, 2009, and providing that "Bound Stations" as defined therein would pay license fees determined in accordance with the provisions of the Radio Music License Committee's ("RMLC") license fee allocation formula; and

WHEREAS, Watermark executed 2004 Licenses for the Stations; and

WHEREAS, on May 25, 2010, in the proceeding captioned *In the Matter of the Application for the Determination of Interim License Fees for the Cromwell Group, Inc. and Affiliates, et al.*, 10 CV 0167, related to *United States v. ASCAP*, 41 CV 1395 (S.D.N.Y.), the Court issued its Interim Fee Order setting interim fees to be paid by "Bound Stations" as defined therein and further extending the 2004 License on an interim basis pending negotiated or court-determined final license fees; and

WHEREAS, Watermark and ASCAP executed letter agreements providing for interim licenses for the Stations for periods beginning January 1, 2010, by which Watermark agreed to be bound by license terms either agreed upon by ASCAP and the RMLC or ordered by the court in a rate proceeding; and

WHEREAS, on January 30, 2012, in the proceeding captioned *In the Matter of the Application of the Cromwell Group, Inc. and Affiliates, et al.*, 10 CV 5210, related to *United States v. ASCAP*, 41 CV 1395, the Court issued its Final Order approving the ASCAP 2010 Radio Station License Agreement (the "2010 License"), covering the

2

period January 1, 2010 through December 31, 2016, and providing that "Bound Stations" as defined therein shall be deemed licensed and shall pay license fees in accordance with the provisions of the 2010 License; and

WHEREAS, the Stations are "Bound Stations" as that term is used in the 2004 Final Order, the 2010 Interim Fee Order, and the 2012 Final Order (referred to herein as the "Orders"); and

WHEREAS, Watermark having failed to pay license fees to ASCAP as required by its ASCAP license agreements for the Stations, on November 22, 2011, ASCAP filed a motion for an order enforcing the Orders and entering judgment against Watermark for all amounts due and owing to ASCAP; and

WHEREAS, Watermark owes ASCAP license fees and late payment charges totaling $56,867.78, representing all amounts due and owing to ASCAP through December 31, 2011; and

WHEREAS, the parties have agreed to resolve their differences;

NOW, THEREFORE, the parties stipulate and agree as follows:

1. Watermark agrees to pay to ASCAP the amount of $56,867.78 ("Settlement Amount"), plus interest calculated at the rate of 9% per annum (simple interest) as follows: (a) simultaneously with its execution of this Stipulation, Watermark will pay ASCAP $5,400.00 via certified, bank or cashier's check, or wire transfer; and (b) beginning on or before March 1, 2012, Watermark will pay ASCAP as provided in the payment schedule attached as Exhibit A to this Stipulation. Watermark will continue to pay the monthly installments as set forth in Exhibit A until the Settlement Amount is paid in full at which time the interest shall be due and payable, provided however, that the

3

balance of the Settlement Amount plus interest must be paid in full to ASCAP on or before June 1, 2013.

2. Watermark's payments pursuant to Paragraph 1 above will be applied first to the Stations' monthly license fees as determined in accordance with the terms of the Stations' ASCAP license agreements and then to the Settlement Amount. By way of example, the first payment of $5,400.00 will first be applied to the January 2012 license fees for the Stations totaling $1,276.00, with the remainder, $4,124.00 applied to the Settlement Amount.

3. If Watermark is in full compliance with its obligations as set forth herein and if Watermark has paid ASCAP the full Settlement Amount on or before January 1, 2013, ASCAP will waive all interest provided for in this Stipulation.

4. Simultaneously with the execution of this Stipulation, Watermark and ASCAP shall execute a Consent Judgment in the form attached as Exhibit B (the "Consent Judgment"), to be held in escrow and entered against Watermark under the conditions set forth herein.

5. Within two business days after its receipt of the $5,400.00 payment pursuant to Paragraph 1, this signed Stipulation, and the signed Consent Judgment, ASCAP will file this Stipulation (together with its exhibits) with the Court.

6. If Watermark defaults (as set forth below) on the payment terms of this Stipulation, ASCAP shall give written notice of such default to Watermark via email to Robert Wong at rwong@ciniumfinancial.com, to Helena Manzione at Helena@wsul.com, and to Robert Alan Berman at rberman@ciniumfinancial.com, with a copy to Michael L. Steger at msteger@steger-law.com. Watermark's failure to cure such

default within ten days from the date ASCAP's notice is sent shall entitle ASCAP to apply immediately, and without further notice, to the Judgment Clerk of the Court, upon presentation of an affidavit of the facts by counsel, for entry of the Consent Judgment for any remaining balance of the Settlement Amount plus interest, together with any other fees and costs as provided for herein. For the avoidance of doubt, Watermark agrees, as set forth above, to proceed by presentation to the Judgment Clerk for entry of the Consent Judgment and agrees to waive further briefing or hearing in connection therewith. A default under this paragraph means the failure by Watermark to make payment to ASCAP in accordance with the schedule set forth in Exhibit A and/or the failure of a check made payable to ASCAP by Watermark to clear for payment (and Watermark will be responsible for all bank fees and penalties that result from such default in addition to the Settlement Amount due and payable). If ASCAP is required to give Watermark notice of default on more than three (3) occasions, regardless of whether each default is cured, ASCAP may immediately and without further notice apply for entry of a Consent Judgment as provided for above. Should ASCAP seek entry of the Consent Judgment pursuant to this paragraph, Watermark agrees to pay to ASCAP all of ASCAP's reasonable attorneys' fees and costs incurred in connection with the entry (including without limitation fees and costs associated with any applications, briefing or hearing required by the Court notwithstanding the terms of this paragraph) and subsequent enforcement of the Consent Judgment.

      7.  Watermark will promptly give notice to ASCAP of any contract for the sale of the any of the Stations or for the transfer of any majority ownership interest in Watermark. Said notice shall include a complete copy of the contract, the name and

address of the purchaser/transferee, the terms of the sale or transfer, and the closing date of the sale or transfer. In advance of such sale or transfer, Watermark will cause arrangements to be made for the full payment to ASCAP of all amounts due and owing to ASCAP pursuant to this Stipulation and the Stations' ASCAP license agreements (the "Assignment Amount"), not later than the closing of such sale or transfer. Such arrangements shall specifically include, and not be limited to, Watermark notifying the purchaser/transferee apparent of Watermark's obligations under this paragraph; and further, Watermark, the purchaser/transferee and ASCAP entering into and executing an Agreement for the Assignment of Proceeds pursuant to which ASCAP shall be paid the Assignment Amount from the first payment made by the purchaser/transferee at the closing of the intended sale or transfer. If Watermark fails to place the purchaser/transferee on notice of its obligations to ASCAP pursuant to this Stipulation, ASCAP may unilaterally place the purchaser/transferee on notice of Watermark's obligations under this Stipulation. If ASCAP is not provided with such an Assignment of Proceeds, ASCAP may at its discretion take all steps necessary to secure full payment of any balance of the Settlement Amount owed to ASCAP as of the date ASCAP becomes aware of such sale or transfer, and any other amounts then due and owing to ASCAP, including, but not limited to applying to the Court for appropriate relief.

8. Watermark shall not willfully dissipate or encumber any of its assets in order to impair ASCAP's ability to collect the amounts due under this Stipulation.

9. ASCAP's motion is dismissed without prejudice, subject to the right of ASCAP to reopen this matter for the purposes of seeking entry of the Consent Judgment.

*So ordered.*

*/s/ Denise Cote*
Feb. 17, 2012

Dated: Feb 14, 2012

By _____
Jay Cohen
Lynn B. Bayard
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Phone: (212) 373-3054
Fax: (212) 492-0054
Email: jcohen@paulweiss.com;
lbayard@paulweiss.com

Richard H. Reimer
Christine A. Pepe
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com;
cpepe@ascap.com

**ATTORNEYS FOR THE AMERICAN
SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS**

Dated: Feb. 13, 2012

By _____
Michael Steger
Law Offices of Michael D. Steger P.C.
1325 Sixth Avenue, 27th Floor
New York, New York 10019
Phone: (212) 956-9393
Email: msteger@steger-law.com

**ATTORNEY FOR WATERMARK
COMMUNICATIONS LLC**


**SO ORDERED:**

Dated:   New York, New York

_____
DENISE COTE
United States District Judge

7

# EXHIBIT A

## WATERMARK COMMUNICATIONS LLC PAYMENT SCHEDULE

| Due Date of Payment | Amount of Payment* |
|---|---|
| 3/1/12 | $ 3,500.00 |
| 4/1/12 | $ 3,500.00 |
| 5/1/12 | $ 3,500.00 |
| 6/1/12 | $ 4,000.00 |
| 7/1/12 | $ 5,000.00 |
| 8/1/12 | $ 5,000.00 |
| 9/1/12 | $ 7,500.00 |
| 10/1/12 | $ 7,500.00 |
| 11/1/12 | $ 7,500.00 |
| 12/1/12 | $ 5,000.00 |
| 1/1/13 | $ 3,500.00 |
| 2/1/13 | $ 3,500.00 |
| 3/1/13 | $ 3,500.00 |
| 4/1/13 | $ 3,500.00 |
| 5/1/13 | $ 3,500.00 |

*Interest on the Settlement Amount shall be calculated on an on-going basis, and all interest shall be due and payable on the date the balance of the Settlement Amount is paid, subject to Paragraph 3 of the Stipulation.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application for the Determination of Interim License Fees for<br><br>THE CROMWELL GROUP, INC. AND AFFILIATES, ET AL. (WATERMARK COMMUNICATIONS LLC) | 10 CV 0167 (DLC)(MHD) |
| In the Matter of the Application of<br><br>HICKS BROADCASTING OF INDIANA, LLC., ET AL. (WATERMARK COMMUNICATIONS LLC) | 09 CV 7759 (DLC) |
| Related to<br><br>UNITED STATES OF AMERICA,<br>                              Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>                              Defendant. | 41 CV 1395 (DLC) |

## CONSENT JUDGMENT

WHEREAS, Watermark Communications LLC ("Watermark") is the F.C.C. licensee of radio stations WVOS-AM and WVOS-FM, which are located in Liberty, New York, and of radio station WSUL-FM, which is located in Monticello, New York (collectively referred to as "the Stations"); and

WHEREAS, on October 14, 2004, in the proceeding captioned *In the matter of the Application of Hicks Broadcasting of Indiana, LLC, et al.*, 09 CV 7759, related to *United States v. ASCAP*, 41 CV 1395 (S.D.N.Y.), the Court issued its Final Order approving the ASCAP 2004 Radio Station License Agreement (the "2004 License"),

1

covering the period January 1, 2001 through December 31, 2009, and providing that "Bound Stations" as defined therein would pay license fees determined in accordance with the provisions of the Radio Music License Committee's ("RMLC") license fee allocation formula; and

WHEREAS, Watermark executed 2004 Licenses for the Stations; and

WHEREAS, on May 25, 2010, in the proceeding captioned *In the Matter of the Application for the Determination of Interim License Fees for the Cromwell Group, Inc. and Affiliates, et al.*, 10 CV 0167, related to *United States v. ASCAP*, 41 CV 1395 (S.D.N.Y.), the Court issued its Interim Fee Order setting interim fees to be paid by "Bound Stations" as defined therein and further extending the 2004 License on an interim basis pending negotiated or court-determined final license fees; and

WHEREAS, Watermark and ASCAP executed letter agreements providing for interim licenses for the Stations for periods beginning January 1, 2010, by which Watermark agreed to be bound by license terms either agreed upon by ASCAP and the RMLC or ordered by the court in a rate proceeding; and

WHEREAS, on January 30, 2012, in the proceeding captioned *In the Matter of the Application of the Cromwell Group, Inc. and Affiliates, et al.*, 10 CV 5210, related to *United States v. ASCAP*, 41 CV 1395, the Court issued its Final Order approving the ASCAP 2010 Radio Station License Agreement (the "2010 License"), covering the period January 1, 2010 through December 31, 2016, and providing that "Bound Stations" as defined therein shall be deemed licensed and shall pay license fees in accordance with the provisions of the 2010 License; and

WHEREAS, the Stations are "Bound Stations" as that term is used in the 2004 Final Order, the 2010 Interim Fee Order, and the 2012 Final Order (referred to herein as the "Orders"); and

WHEREAS, Watermark having failed to pay license fees to ASCAP as required by its ASCAP license agreements for the Stations, on November 22, 2011, ASCAP filed a motion for an order enforcing the Orders and entering judgment against Watermark for all amounts due and owing to ASCAP; and

WHEREAS, ASCAP and Watermark previously entered into a Stipulation of Settlement filed with this Court providing, *inter alia,* that this Court may enter this Consent Judgment upon ASCAP's application to the Judgment Clerk of the Court, upon presentation of an affidavit of the facts by counsel, for entry of this Consent Judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

Judgment is entered against Watermark in the amount of $56,867.78 plus interest calculated as provided in the Stipulation, less any amounts paid pursuant to the Stipulation of Settlement as shown in an affidavit submitted by ASCAP, plus all reasonable attorneys' fees and costs incurred by ASCAP in connection with the entry of this Consent Judgment, also shown in ASCAP's affidavit, for a total of $_____, with interest on this judgment amount to be calculated from the date of entry of this Consent Judgment at the rate of 9% (simple annual interest) pursuant to N.Y. C.P.L.R. §5004.

3

Dated: _____  
      New York, New York                                Denise Cote  
                                                 United States District Judge

We consent to the foregoing:

Dated: _____      **WATERMARK COMMUNICATIONS, LLC, by Avon Road Partners, LP, its Managing Member**

By: _____  
Robert A. Berman, General Partner  
4446 State Route 42  
Suite B  
Monticello, NY 12701

Dated: _____      **AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS**

By: _____  
Ray Schwind  
Vice President and Director of Broadcast Licensing  
One Lincoln Plaza  
New York, NY 10023

APPROVED AS TO FORM AND CONTENT:

Dated:_____                Dated:_____

By_____                    By:_____
Jay Cohen
Lynn B. Bayard                               Michael Steger
PAUL, WEISS, RIFKIND, WHARTON &              Law Offices of Michael D. Steger P.C.
GARRISON LLP                                 1325 Sixth Avenue, 27th Floor
1285 Avenue of the Americas                  New York, New York 10019
New York, New York 10019-6064                Phone: (212) 956-9393
Phone: (212) 373-3054                        Email: msteger@steger-law.com
Fax: (212) 492-0054
Email: jcohen@paulweiss.com;
lbayard@paulweiss.com                        **ATTORNEY FOR WATERMARK
                                             COMMUNICATIONS LLC**

Richard H. Reimer
Christine A. Pepe
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6200
Fax: (212) 787-1381
Email: rreimer@ascap.com;
cpepe@ascap.com

**ATTORNEYS FOR THE AMERICAN
SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS**

5