UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Application<br><br>THE CROMWELL GROUP, INC. AND AFFILIATES, ET AL. (MEDIA ONE COMMUNICATIONS, INC.) | 10 CV 5210 (DLC) |
| In the matter of the Application of<br><br>HICKS BROADCASTING OF INDIANA, LLC., ET AL. (MEDIA ONE COMMUNICATIONS, INC.) | 09 CV 7759 (DLC) |
| Related to<br><br>UNITED STATES OF AMERICA,<br>                            Plaintiff,<br><br>        v.<br><br>AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS,<br>                            Defendant. | 41 CV 1395 (DLC) |

6/11/2012

## CONSENT JUDGMENT

WHEREAS, on October 14, 2004, in the proceeding captioned *In the matter of the Application of Hicks Broadcasting of Indiana, LLC, et al.*, 09 CV 7759, related to *United States v. ASCAP*, 41 CV 1395 (S.D.N.Y.), the Court issued its Final Order approving the ASCAP 2004 Radio Station License Agreement (the "2004 License"), covering the period January 1, 2001 through December 31, 2009, and providing that "Bound Stations" as defined therein would pay license fees determined in accordance with the provisions of the Radio Music License Committee's ("RMLC") license fee allocation formula; and

WHEREAS, on January 27, 2012, in the proceeding captioned *In the Matter of the Application of the Cromwell Group, Inc. and Affiliates, et al.,* 10 CV 5210, related to *United States v. ASCAP,* 41 CV 1395, the Court issued its Final Order approving the ASCAP 2010 Radio Station License Agreement (the "2010 License"), covering the period January 1, 2010 through December 31, 2016, and providing that "Bound Stations" as defined therein shall be deemed licensed and shall pay license fees in accordance with the provisions of the 2010 License; and

WHEREAS, Media One Communications, Inc. ("Media One") is the F.C.C. licensee of radio station WRNE-AM, located in Gulf Breeze, Florida (referred to as "the Station"); and

WHEREAS, the Station is a Bound Station as that term is used in the 2004 Final Order and the 2012 Final Order; and

WHEREAS, for periods through April 30, 2012, pursuant to the 2004 and 2010 Licenses for the Station, Media One owes ASCAP a total amount of $53,847.14;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Judgment is hereby entered in favor of ASCAP and against Media One Communications, Inc. in the amount of $53,847.14 ("Judgment Amount"), with interest to accrue on any balance of the Judgment Amount from the date of entry of this Consent Judgment at the rate of nine percent (9%) per annum.

2. Media One shall pay to ASCAP the Judgment Amount plus interest calculated at the rate of 9% per annum as follows:

a. Contemporaneously upon signing this Consent Judgment, Media One shall pay ASCAP $5,000.00 by certified, bank or cashier's check, or wire transfer, which will first be applied to May 2012 license fees for the Station, with the remainder applied to the Judgment Amount.

b. Thereafter, Media One shall pay ASCAP $2,500.00 on or before the first day of every month ("Monthly Installment"), beginning July 1, 2012 and continuing through May 1, 2013, out of which the current monthly license fees owed to ASCAP as determined pursuant to the Station's ASCAP license agreement will first be paid; and the remainder of each Monthly Installment will be applied to the balance of the Judgment Amount. By way of example, the July 1, 2012 Monthly Installment shall first be applied to June 2012 license fees for the Station, with the remainder of that Monthly Installment to be applied to the balance of the Judgment Amount.

c. Any balance of the Judgment Amount as of May 31, 2013, plus interest calculated at the rate of 9% per annum (simple interest) accruing from the date of entry of this Consent Judgment, shall be paid to ASCAP on or before June 10, 2013.

3. Contemporaneously upon execution of this Consent Judgment, Media One and ASCAP shall execute a 2010 License for the Station, effective as of January 1, 2010.

4. If Media One violates the terms and conditions of this Consent Judgment, ASCAP will give Media One written notice of such default. If Media One fails to cure such default within ten days from the date of ASCAP's notice, ASCAP shall be entitled to have execution issue immediately on this Consent Judgment, and without further

notice, to collect any balance then due pursuant to this Consent Judgment. If ASCAP is required to give Media One notice of default on more than three (3) occasions, regardless of whether each default is cured, ASCAP may have execution issue immediately on this Consent Judgment and without further notice, collect any balance then due pursuant to this Consent Judgment. Failure of a check made payable to ASCAP by Media One to clear for payment constitutes default pursuant to the terms and conditions of this Consent Judgment. Media One will be responsible for all costs incurred by ASCAP in bank fees and penalties that result from the failure of a check made payable to ASCAP by Media One to clear for payment. Notwithstanding the absence of any default by Media One, ASCAP shall be permitted at all times to take any reasonable and necessary measures to perfect and maintain its rights and security interests.

    5. Media One will promptly give notice to ASCAP of any contract for the sale or transfer of the Station or any ownership interest in the Station, directly or indirectly. Said notice shall include furnishing ASCAP with a complete copy of the contract for sale or transfer, the name and address of the buyers, the terms of the sale or transfer, and the closing date of the sale or transfer. In advance of any such sale or transfer, Media One will cause arrangements to be made for the full payment to ASCAP of all amounts due and owing to ASCAP pursuant to this Consent Judgment and the Station's ASCAP license agreement (the "Assignment Amount"), not later than the closing date of such sale or transfer. Such arrangements shall specifically include, and not be limited to, Media One notifying the prospective purchaser or transferor of Media One's obligations under this paragraph, and further, Media One, the buyer and ASCAP entering into and executing an Agreement for the Assignment of Proceeds from such sale or transfer

pursuant to which ASCAP shall be paid the Assignment Amount from the first payment made by the buyer at or before the closing of the intended sale or transfer. If Media One fails to place the buyer on notice of its obligations to ASCAP pursuant to this Agreement, ASCAP may unilaterally place the buyer on notice of Media One's obligation to execute the Assignment of Proceeds. Media One's failure to comply with this paragraph shall entitle ASCAP to have execution issue immediately on this Consent Judgment and without further notice, take any and all steps required to collect any balance then due pursuant to this Consent Judgment.

6. The Clerk of Court shall not close this case.

Dated: June 11, 2012
New York, New York

_____
United States District Judge

We consent to the entry of the foregoing Consent Judgment:

Dated: 6/7/12                                           Dated: 5.29.12

**AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS**

By: _____
Richard H. Reimer
Christine A. Pepe
Attorneys for ASCAP
One Lincoln Plaza
New York, New York 10023
Phone: (212) 621-6261
Fax: (212) 787-1381

**MEDIA ONE COMMUNICATIONS, INC.**

By: _____
Robert Hill, President
Media One Communications, Inc.
6475 Pensacola Boulevard
Pensacola, Florida 32514