

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF DUHAMEL BROADCASTING ENTERPRISES, *et al.* <br><br> Related to <br><br> UNITED STATES OF AMERICA, <br>            Plaintiff, <br>                    v. <br> AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, <br>            Defendant. | No. 11 CV 9311 (DLC) (MHD) <br><br> ~~[PROPOSED]~~ <br> **ORDER** <br><br><br> No. 41 CV 1395 (DLC)(MHD) |



1/14/2015

WHEREAS, on August 9, 2012, this Court entered a Final Order that, *inter alia*, acknowledged that Applicants Duhamel Broadcasting Enterprises, *et al.* ("Applicants") and the American Society of Composers, Authors and Publishers ("ASCAP") had negotiated and agreed upon forms of a Local Station Blanket Television License and a Local Station Per Program Television License (the "Licenses") to be offered to "Bound Stations" (as defined in the Final Order) covering the period January 1, 2010 – December 31, 2016, which Licenses were subsequently offered by ASCAP to Bound Stations; and

WHEREAS, this Court, by the terms of the Final Order, has retained continuing jurisdiction over the above-captioned proceeding for the purpose of enforcing the Final Order and the terms, conditions and obligations of the Licenses; and

WHEREAS, the Licenses incorporated by reference a letter agreement, dated July 27, 2012, executed between ASCAP and the Television Music License Committee

("Committee"), that, *inter alia*, required ASCAP to "offer to [local television stations] an adjustable-fee blanket license with a fee structure that accounts for performances otherwise licensed from ASCAP members . . . with a start date mutually agreed upon by the parties . . . " (Letter Agreement, ¶ 8 ("Letter Agreement")); and

WHEREAS, the Court has been advised by counsel for Applicants and ASCAP that the parties have negotiated and agreed upon the terms of an alternative form of blanket license that (i) is in lieu of the requirements of the Letter Agreement set forth above, and (ii) may be offered to, and entered into lawfully by, each party to the above-captioned proceeding (including any such party's successor-in-interest); and

WHEREAS, the Court has determined that the parties have demonstrated good cause for entry of this Order;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The form of Alternative Local Station Blanket Television License (and annexed exhibits), appended hereto as Exhibit 1 (the "Alternative Blanket License"), is the form of such alternative license agreed to by the parties covering the period January 1, 2015 – December 31, 2016.

2. ASCAP shall provide the Alternative Blanket License to each Bound Station, together with a copy of this order, so that this form of license shall be received by the Bound Stations no later than January 30, 2015, to be effective retroactive to January 1, 2015. Upon receipt, each Bound Station that is eligible to elect the Alternative Blanket License, and makes such election, pursuant to its terms, shall sign and return such Alternative Blanket License to ASCAP at its office at 1900 Broadway, New York, New York 10023. If any Bound Station fails to elect such Alternative Blanket License it

shall be deemed to have elected to continue to be licensed under the form of ASCAP license it operated under as of the date of this Order. Attached hereto as Exhibit 2 is a current list of the Bound Stations. ASCAP and Applicants may, by agreement, amend or supplement the list attached as Exhibit 2.

3. The license fees for each Bound Station that elects to operate under the Alternative Blanket License shall be determined in accordance with the provisions of that form of license, and each Bound Station that elects to be licensed under the Alternative Blanket License is directed to pay such fees pursuant to such terms.

4. The Court continues to retain jurisdiction over the above-captioned proceeding for the purpose of enforcing this Order and the terms, conditions and obligations of the Alternative Blanket License.

SO ORDERED.

Dated: January 14, 2015
New York, New York

_____
Hon. Denise Cote
United States District Judge